UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



CASE NO. 06-21265-CIV-JORDAN

------------------------------------------------------------------ x
LEAGUE OF WOMEN VOTERS OF FLORIDA, :
PEOPLE ACTING FOR COMMUNITY TOGETHER :
(PACT), FLORIDA AFL-CIO, AMERICAN :
FEDERATION OF STATE, COUNTY AND :
MUNICIPAL EMPLOYEES, COUNCIL 79 :
(AFSCME), SEIU FLORIDA HEALTHCARE UNION, : **PLAINTIFFS'**
as organizations and as representatives of their : **MOTION FOR**
members; MARILYNN WILLS; and JOHN and JANE : **EXPEDITED ORAL**
DOES 1-100, : **ARGUMENT**
  :
             Plaintiffs, :
  :
       v. :
  :
SUE M. COBB, individually and in her official capacity :
as Secretary of State for the State of Florida, and :
DAWN ROBERTS, individually and in her official :
capacity as Director of the Division of Elections within :
the Department of State for the State of Florida, :
  :
             Defendants. :
------------------------------------------------------------------ x

Pursuant to S.D. Fla. L.R. 7.1.B.1 and 7.1.E, plaintiffs League of Women Voters of Florida, People Acting for Community Together (PACT), Florida AFL-CIO, American Federation of State, County and Municipal Employees, Council 79 (AFSCME), SEIU Florida Healthcare Union, as organizations and as representatives of their members; Marilynn Wills; and John and Jane Does 1-100 (collectively "Plaintiffs"), respectfully move this Court to enter an Order scheduling oral argument on Plaintiffs' motion for a preliminary injunction within five days from when plaintiffs serve their reply memorandum in support of their motion.

Plaintiffs respectfully request expedited oral argument because Plaintiffs' First Amendment rights are being irreparably harmed by Defendants' enforcement of the severely burdensome and discriminatory state laws challenged in this action, and each day that passes without an injunction further suppresses Plaintiffs' exercise of their rights to engage in core political speech and association. The Supreme Court has held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976). *See also Dow Jones & Co., Inc. v. Kaye*, 90 F. Supp. 2d 1347, 1361 (S.D. Fla. 2000).

Plaintiffs wish to immediately resume registering citizens to vote in the upcoming elections. Certain Plaintiffs have set goals for the number of citizens, including members of their own organizations, that they would like to register to vote in 2006 and prior to the upcoming elections. Each day that Plaintiffs are prevented from registering others is a lost opportunity to engage in constitutionally protected speech and activity. For example, Plaintiff Florida AFL-CIO would like to register an additional 10% of its members—or 50,000 citizens—in 2006. However, the challenged law has forced the Florida AFL-CIO to cease registering its members and, with each passing day, this goal becomes increasingly difficult, if not impossible, to achieve. The voter registration deadline for the upcoming primary elections is August 7, 2006, and for the upcoming general elections it is October 10, 2006.

In addition, each day that Plaintiffs are not registering voters, Florida's citizens are denied access to a significant amount of core political speech, as well as opportunities to associate with Plaintiffs to participate in the political process.

Plaintiffs have initiated this action and filed this motion as soon as practicable. Plaintiffs had earlier anticipated that the Secretary of State would have issued a final rule interpreting the law closer to January 1, 2006, when the law went into effect, and that the rule would have clarified some of the legal issues. Unfortunately, even though the Secretary held a public hearing on a proposed rule on March 13, 2006, she has still not issued a final rule.

For these reasons, Plaintiffs respectfully request that the Court enter an Order scheduling oral arguments on Plaintiffs' motion for a preliminary injunction within five days from when Plaintiffs serve their reply memorandum in support of their motion.

Dated: June 6th, 2006

Gary C. Rosen
BECKER & POLIAKOFF, P.A.
3111 Stirling Road
Ft. Lauderdale, Florida 33312
Tel: (954) 985-4133

By: _____
Gary C. Rosen
Florida Bar No. 310107

Elizabeth S. Westfall*
ADVANCEMENT PROJECT
1730 M. Street, N.W., Suite 910
Washington, D.C. 20036
Tel: (202) 728-9557

Wendy R. Weiser*
BRENNAN CENTER FOR JUSTICE AT
  NYU SCHOOL OF LAW
161 Avenue of the Americas, 12th Floor
New York, N.Y. 10013
Tel: (212) 998-6730

Eric A. Tirschwell*
Craig L. Siegel*
KRAMER LEVIN NAFTALIS &
  FRANKEL LLP
1177 Avenue of the Americas
New York, N.Y. 10036
Tel: (212) 715-9100

*Attorneys for Plaintiffs*

*Applying to appear pro hac vice

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served by regular United States mail, postage prepaid, on the ___ day of June, 2006, upon the following:

Peter Antonacci, Esq.
GrayRobinson, P.A.
301 S. Bronough Street, Suite 600
Post Office Box 11189
Tallahassee, FL 32302-3189

_____
Gary C. Rosen

FTL_DB: 987241_1