UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-21265-CIV-SEITZ-MCALILEY

LEAGUE OF WOMEN VOTERS OF FLORIDA;
PEOPLE ACTING FOR COMMUNITY TOGETHER
(PACT); *et al.*,

        Plaintiffs,

v.

SUE M. COBB, individually and in her official capacity as
Secretary of State for the State of Florida; and DAWN
ROBERTS, individually and in her official capacity as
Director of the Division of Elections within the Department
of State for the State of Florida,

        Defendants.

___

### NOTICE OF FILING AFFIDAVITS IN OPPOSITION TO
### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Defendants, Sue M. Cobb, Secretary of State of the State of Florida, and Dawn Roberts, Director of the Division of Elections, pursuant to the Court's order dated July 17, 2006, give notice of their filing the following affidavits in opposition to the Plaintiffs' Motion for Preliminary Injunction:

    1.    Affidavit of Donna Miller, NVRA Coordinator, Florida Division of Elections;

    2.    Affidavit of Ivy Korman, Deputy Supervisor of Elections, Miami-Dade County.[1]

___

[1] Ms. Korman's father passed away this week and she was unable to sign the affidavit before leaving her office for an out-of-state funeral. She will return to her duties on Monday, July 24, and will testify at the hearing on July 25. A signed copy of her affidavit will be filed upon her return.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been served by electronic transmission this 20th day of July, 2006, to the following:

Gary C. Rosen
Becker & Poliakoff, P.A.
3111 Stirling Road
Fort Lauderdale, FL 33312
  Phone: (954) 985–4133

Elizabeth S. Westfall
Jennifer Maranzano
Estelle H. Rogers
Advancement Project
1730 M. Street, NW, Suite 910
Washington, DC 20036
  Phone: (202) 728-9557
  Fax: (202) 728-9558
email: ewestfall@advancementproject.org

Wendy R. Weiser
Renee Paradis
Brennan Center for Justice at NYU School of Law
161 Avenue of the Americas, 12th Floor
New York, NY 10013
  Phone: (212) 998–6730

Eric A. Tirschwell
Craig L. Siegel
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
  Phone: (212) 715–9100

_____
PETER ANTONACCI
Florida Bar No. 280690
ALLEN C. WINSOR
Florida Bar No. 016295
GEORGE N. MEROS, JR.
Florida Bar No. 263321
GRAYROBINSON, P.A.
Post Office Box 11189
Tallahassee, Florida 32302-3189
  Phone: (850) 577-9090
  Fax: (850) 577-3311
  email: pva@gray-robinson.com
          awinsor@gray-robinson.com
          gmeros@gray-robinson.com

*Attorneys for Secretary of State and Dawn Roberts*

# 34562 v1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-21265-CIV-SEITZ-MCALILEY

LEAGUE OF WOMEN VOTERS OF FLORIDA;
PEOPLE ACTING FOR COMMUNITY TOGETHER
(PACT); FLORIDA ALF–CIO; AMERICAN
FEDERATION OF STATE, COUNTY AND LOCAL
EMPLOYEES, COUNCIL 79 (AFSCME); SEIU
FLORIDA HEALTHCARE UNION, as organizations
and as representatives of their members; MARILYN
WILLS; and JOHN and JANE DOES 1–100,

       Plaintiffs,

v.

SUE M. COBB, individually and in her official capacity as
Secretary of State for the State of Florida; and DAWN
ROBERTS, individually and in her official capacity as
Director of the Division of Elections within the Department
of State for the State of Florida,

       Defendants.

## AFFIDAVIT OF DONNA MILLER

STATE OF FLORIDA

COUNTY OF LEON

    1.    My name is Donna Miller. I am a resident of Tallahassee, Florida, and I am competent to make this affidavit.

    2.    For the last five years, I have been the NVRA (National Voter Registration Act) Coordinator for the Florida Division of Elections.

    3.    In that role my duties are to serve as a resource and clearinghouse to individuals as well as public and private organizations with regard to issues presented by the NVRA and the Florida Voter Registration Act.

# 34515 v1

4.  In the course of my employment I have become very familiar with the operation of Florida's voter registration process as it has evolved both from a statewide and a local perspective. I obtained local perspective by frequent routine contacts with my counterparts in most, if not all, of the 67 Supervisors of Elections offices as well as other persons interested in voter registration.

5.  Over the past five years I have attended more than 25 meetings, seminars and conventions with individuals around Florida regarding voter registration issues in preparation of each election cycle.

6.  Since 2001, I have become very familiar with the recent history of voter registration activities in Florida, including the activities of third party voter registration organizations.

7.  After the 2000 Presidential elections, severe management issues began to arise with respect to third party voter registrations, particularly in advance of the 2004 Presidential election.

8.  Florida law requires that the voter registration books be closed 29 days before an election. Accordingly, in 2004 the books closed on August 2, 2004 (primary), and October 4, 2004 (general). The problems created by third parties were significant during the primary cycle; however, in advance of October 4, 2004, certain abuses by third parties became overwhelming, and they were as follows:

   a.  Third party voter registration organizations, including one known as ACORN, gathered large numbers of voter registration applications and simply dumped them on the doorsteps of the Supervisors of Elections and Secretary of State just prior to or even after book closing, particularly in the populous counties.

# 34515 v1

2

   b. The Secretary of State was required to accept in Tallahassee voter registration applications for any county in Florida.  Accordingly, in August, September and October 2004, thousands of voter registration applications appeared in boxes, large mailing envelopes, and Post Office containers at our offices in Tallahassee, many of them submitted by third parties, and the Secretary of State's office was required to hurriedly sort them by county and immediately mail or FedEx those applications out to the Supervisors in the hope that the applicants could become timely registered.

   c. One significant challenge created by late delivery of applications is that the Supervisors are required under Florida law to review each application for completeness, seek out additional information for completeness purposes, and then input that data and mail a voter information card to each voter so that the voter knows where to go in order to cast a ballot.  All of this activity takes time and should be done carefully and meticulously in order to avoid mistakes, *e.g.*, incorrect precinct registers, assignment of the wrong polling place to a voter, etc.

   d. When voter applications arrive in large numbers close to book closing, mistakes occur in large numbers, and my office was the recipient of many complaints, both directly from voters as well as from Supervisors' offices during the 2004 cycle. Late arrival of voter registration applications creates chaotic conditions in each of the Supervisors' offices.  These chaotic conditions can be diminished and even avoided if voter registration applications are received in a steady stream, by contrast to the huge waves of voter registration applications that overwhelmed the Division and many Supervisors in 2004.

  9. Since January 1, 2006, eleven organizations have registered as third party voter registration organizations with the Division of Elections as required by Florida law.  (Exhibit A)

# 34515 v1          3

Dated this 19th day of July, 2006.

_____
DONNA MILLER

SWORN TO OR AFFIRMED AND SUBSCRIBED BEFORE ME this 19th day of July, 2006, by DONNA MILLER, who is personally known to me.

_____
Notary Public, State of Florida

JOEL MYNARD
MY COMMISSION # DD 546663
EXPIRES: May 16, 2010
Bonded Thru Notary Public Underwriters

# 34515 v1

4

## EXHIBIT A

1. Alachua County Democratic Black Caucus
2. National Coalition on Black Civic Participation, Inc. – Black Youth Vote! Florida
3. Indian River County Branch NAACP
4. Farmworker Ministry, Inc.
5. Teamsters Union Local No. 385
6. People for the American Way Foundation, Mi Familia Vota
7. City of Gainesville
8. ACORN
9. Santa Fe College Student Government
10. Roy Allen, Highlands County school teacher
11. LPJ Worship and Praise Ministries

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-21265-CIV-SEITZ-MCALILEY

LEAGUE OF WOMEN VOTERS OF FLORIDA;
PEOPLE ACTING FOR COMMUNITY TOGETHER
(PACT); FLORIDA ALF-CIO; AMERICAN
FEDERATION OF STATE, COUNTY AND LOCAL
EMPLOYEES, COUNCIL 79 (AFSCME); SEIU
FLORIDA HEALTHCARE UNION, as organizations
and as representatives of their members; MARILYN
WILLS; and JOHN and JANE DOES 1–100,

      Plaintiffs,

v.

SUE M. COBB, individually and in her official capacity as
Secretary of State for the State of Florida; and DAWN
ROBERTS, individually and in her official capacity as
Director of the Division of Elections within the Department
of State for the State of Florida,

      Defendants.

---

## AFFIDAVIT OF IVY KORMAN

1.    My name is Ivy Korman. I am the Deputy Supervisor of Elections, Miami-Dade Supervisor of Elections Office. I have been employed in the Office since 1981.

2.    My responsibilities include coordinating with private and public entities in the community related to voter registration, the National Voter Registration Act and the Florida Voter Registration Act, as well as vote fraud prevention generally.

3.    During the 2004 elections cycle this office experienced a great many management and administrative problems connected to third party registration organizations, particularly ACORN.

4.     ACORN had several ongoing voter registration drives in Miami-Dade County, and the office received many complaints about their activities throughout the 2004 elections cycle. Amongst these complaints were:

  a.  the office received forms attributable to ACORN that were incomplete;

  b.  the office received a significant number of registrations attributable to ACORN directed at voters who were already registered without the knowledge of those voters;

  c.  ACORN representatives obtained names and addresses from phone books and falsely submitted applications in the name of voters already registered or not registered at all.

5.     I had several phone calls with ACORN representatives where I registered the office's strong objection to late and incomplete applications.

6.     In August 2004, my office received large numbers of voter registration applications from ACORN beyond book closing. With respect to applications that were received before book closing, the office had serious problems in processing those applications correctly so that voters could vote on election day. Voters associated with applications submitted by ACORN after Primary Election book closing could not vote in the primary.

7.     Between the August and October 2004 book closings, my office received numerous voter registration applications submitted by third party organizations that had been signed by the applicant more than 10 days prior to the signature appearing on the application. Such hoarding of applications by third party organizations had an extremely negative effect on our elections preparation. More importantly, many voters could not vote on election day because of this practice.

# 34500 v1          2

8. The office received numerous complaints from voters who had registered through third parties who were unable to vote on election day. I personally handled many calls from angry voters unable to vote on election day that were related to the collection of voter registration applications by ACORN and other third party registration organizations. Many of these callers reported that they had submitted applications to third party groups.

Dated this \_\_\_\_ day of July, 2006.

_____
IVY KORMAN

SWORN TO OR AFFIRMED AND SUBSCRIBED BEFORE ME this \_\_\_\_ day of July, 2006, by IVY KORMAN, who is personally known to me.

_____
Notary Public, State of Florida

# 34500 v1                                     3