FILED by DCD D.C.
ELECTRONIC

Jul 23 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:06cv21265– SEITZ-MCALILEY

LEAGUE OF WOMEN VOTERS OF FLORIDA, PEOPLE
ACTING FOR COMMUNITY TOGETHER, *et al.*,

        Plaintiffs,

v.

SUE M. COBB, individually and in her official capacity as
Secretary of State for the State of Florida, and DAWN
ROBERTS, individually and in her official capacity as
Director of the Division of Elections,

        Defendants.

_____/

### DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' ADDITIONAL DECLARATIONS

Defendants Sue M. Cobb, Secretary of State for the State of Florida, and Dawn Roberts, Director of the Division of Elections, move to strike Plaintiffs' additional declarations in support of their motion for a preliminary injunction. The Defendants respectfully show the Court as follows:

    1.    This Court has scheduled a hearing on the Plaintiffs' Motion for a Preliminary Injunction for Tuesday, July 25, 2006.

    2.    On July 17, 2006, the Court entered an order directing all parties to "file all affidavits regarding the Preliminary Injunction hearing as soon as possible, but no later than **Thursday, July 20, 2006, 11:00 a.m.**" (Order Rescheduling Preliminary Injunction Hearing) (emphasis in original).

3. Defendants complied with the Court's order by timely filing and serving their affidavits. In fact, Defendants served their affidavits on Plaintiffs just past noon on Wednesday, July 19, 2006, consistent with an agreement between counsel predating the July 17, 2006 Order Rescheduling Preliminary Injunction Hearing.

4. Late Saturday, July 22, 2006, Defendants first noted that the Court's docket, as reflected by PACER, included "Notice of Filing Plaintiffs' Declarations." The notice includes a representation that it was served on Defendants' counsel by electronic mail. The filing was a notice only; it did not include the affidavits.

5. Counsel for Defendants have diligently searched their emails, and they have not received the additional affidavits by email.

6. Counsel for Defendants do not have access to their post office box after 5:00 p.m. However, on Sunday, July 23, 2006, at approximately 11:45 a.m., counsel for defendants was able to retrieve the mail copy from its post office box.

7. Before the Court set the hearing on the preliminary injunction, the Court had scheduled the preliminary injunction hearing and trial on the merits, which was to begin on July 24. In preparation for the trial, the parties were unable to agree on a satisfactory course of discovery. When the case was still set for trial, the parties exchanged discovery requests. *See* July 14 letter from C. Siegel to A. Winsor, attached as Exhibit "A", and July 14 letter from A. Winsor to C. Siegel, attached as Exhibit "B." After the letter exchange, the parties agreed to jointly ask the Court to schedule a hearing on the preliminary injunction only. Under the agreement, Plaintiffs' counsel agreed to limit additional affidavits to those specifically rebutting Defendants' affidavits. The affidavits submitted to the Court on Thursday (and received by Defendants' counsel today) are not so limited. Accordingly, the Plaintiffs have failed to comply

with not only this Court's order, but also their agreement with Defendants' counsel which led to the joint request for rescheduling.

8.  Defendants have been prejudiced by the noncompliance with the July 17, 2006 Order and the agreement of counsel. They have been hindered in preparing to address the affidavits at the Tuesday hearing by the failure of Plaintiffs' counsel to serve the affidavits by email as represented in their certificate of service.

**WHEREFORE**, Defendants respectfully ask this Court to strike Plaintiffs' use of the additional affidavits and bar these witnesses at the preliminary injunction hearing.

Respectfully submitted, this 23rd day of July, 2006.

Peter Antonacci
Florida Bar No.: 280690
Allen Winsor
Florida Bar No.: 016295
George N. Meros, Jr.
Florida Bar No.: 263321
GRAYROBINSON, PA
Post Office Box 11189
Tallahassee, Florida 32302-3189
   Phone:  850-577-9090
   Fax:  850-577-3311
email:  pva@gray-robinson.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been served by electronic mail and United States mail this 23rd day of July, 2006, to the following:

Gary C. Rosen
Becker & Poliakoff, P.A.
3111 Stirling Road
Fort Lauderdale, FL 33312
  Phone: (954) 985-4133
  Email: grosen@becker-poliakoff.com

Wendy R. Weiser
Renee Paradis
Brennan Center for Justice
at NYU School of Law
161 Avenue of the Americas, 12th Floor
New York, NY 10013
  Phone: (212) 998-6730
  Email: wendy.weiser@nyu.edu

Elizabeth S. Westfall
Jennifer Maranzano
Estelle H. Rogers
Advancement Project
1730 M. Street, NW, Suite 910
Washington, DC 20036
  Phone: (202) 728-9557
  Fax: (202) 728-9558
  Email: ewestfall@advancementproject.org

Eric A. Tirschwell
Craig L. Siegel
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
  Phone: (212) 715-9100
  Email: csiegel@KRAMERLEVIN.com

PETER ANTONACCI
Florida Bar No. 280690
ALLEN C. WINSOR
Florida Bar No. 016295
GRAYROBINSON, P.A.
Post Office Box 11189
Tallahassee, Florida 32302-3189
  Phone: (850) 577-9090
  Fax: (850) 577-3311
  email: pva@gray-robinson.com
         awinsor@gray-robinson.com

*Attorneys for Secretary of State and Dawn Roberts*

# 34604 v1

# KRAMER LEVIN NAFTALIS & FRANKEL LLP

CRAIG L. SIEGEL
ASSOCIATE
PHONE 212-715-9432
FAX 212-715-8255
CSIEGEL@KRAMERLEVIN.COM

July 14, 2006

BY EMAIL

Allen C. Winsor, Esq.
GrayRobinson, P.A.
301 S. Bronough Street, Suite 600
Post Office Box 11189
Tallahassee, Florida 32301

Re: League of Women Voters of Florida v. Cobb,
No. 06-21265-CIV-SEITZ/MCALILEY

Dear Allen:

I write to memorialize our telephone conversation of late yesterday afternoon, July 13, 2006. During the conversation, you provided us for the first time with the names of some of your expected witnesses. You identified the following three witnesses (stating as well that the defendants expect to call additional witnesses):

- Donna Miller, the National Voter Registration Act ("NVRA") coordinator for the state Division of Elections;

- Ivy Koreman, a deputy supervisor in the office of the Miami Dade County Supervisor of Elections; and

- Evan Kolodny, the NVRA supervisor in the office of the Broward County Supervisor of Elections.

You indicated generally that each of these witnesses will testify about voter registration applications that they received from third party groups during the 2004 elections and, maybe, during other times. You also indicated that you would confirm the availability of the witnesses for depositions during the middle of next week.

In addition, I requested production of certain documents that we need immediately if there is to be any chance that we will have adequate time to depose and cross-examine your witnesses. You requested that I provide a written list of the requested documents. The list of documents that I identified during our conversation, as well as a few additional documents that we believe are essential to preparing our case and to meet your case (without in any way waiving plaintiffs' rights to demand additional discovery), is:

EXHIBIT A

1177 AVENUE OF THE AMERICAS   NEW YORK NY 10036-2714   PHONE 212.715.9100   FAX 212.715.8000   WWW.KRAMERL
ALSO AT 47 AVENUE HOCHE   75008 PARIS FRANCE

KL3:2530827.1

5 of 10

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

Allen C. Winsor, Esq.
July 14, 2006
Page 2

1. A log created by Ms. Miller of applications she received from individuals and third party groups during the 2004 elections. Your colleague, Peter Antonacci, specifically referred to this log during a telephone conversation with plaintiffs on July 12, 2006.

2. All documents within the possession, custody or control of the defendants, the witnesses listed above (as well as any other witnesses you may identify), the Office of the Miami Dade County Supervisor of Elections, and the Office of the Broward County Supervisor of Elections:

    a. concerning or relating to any voter registration application that a third party voter registration group, including a political party, purportedly collected before a book-closing deadline, and submitted to an election official after the book-closing deadline, including communications involving the group or party;

    b. sufficient to show the number of applications that have been submitted by third party voter registration groups, including political parties; the dates they were submitted; and the identity of the group or party that submitted them;

    c. concerning or relating to eligible voter registration applicants not being added to the voter rolls despite their submission of complete and correct voter registration applications;

    d. concerning or relating to complaints, concerns or inquiries regarding the handling of voter registration applications by the witnesses;

    e. concerning or relating to investigations, prosecutions, lawsuits, or threatened lawsuits relating to the submission, late submission or non-submission of voter registration applications;

    f. concerning or relating to policies and procedures related to the challenged laws, including but not limited to the creation of the challenged laws, the promulgation of a rule interpreting the challenged laws, and policies and procedures concerning enforcement of the challenged laws; and

    g. concerning or relating to any third party voter registration organization that has registered under the challenged law.

The word "documents" is used in its customarily broad sense and refers to, without limitation: papers, books, accounts, correspondence, reports, memoranda, notes,

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

Allen C. Winsor, Esq.
July 14, 2006
Page 3

computer discs, other means of saving electronic data, audiotapes, videotapes, emails, diaries, desk calendars, meeting minutes, and anything similar to any of the foregoing.

In addition, plaintiffs request a copy of the investigative reports and the names of the law enforcement witnesses that Mr. Antonacci stated, during the July 10, 2006 conference with the Court, that he expected to provide plaintiffs on July 11, 2006.

I look forward to hearing from you as soon as possible.

Very truly yours,

Craig L. Siegel

cc:   Peter Antonacci, Esq.
      Eric T. Tirschwell, Esq.
      Wendy Weiser, Esq.



**GRAY|ROBINSON**
ATTORNEYS AT LAW

SUITE 600
301 SOUTH BRONOUGH ST. (32301)
POST OFFICE BOX 11189
TALLAHASSEE, FL 33302-3189
TEL 850-222-7717
TEL 850-577-9090
FAX 850-222-3494
FAX 850-577-3311
gray-robinson.com

CLERMONT
FORT LAUDERDALE
JACKSONVILLE
KEY WEST
LAKELAND
MELBOURNE
NAPLES
ORLANDO
TALLAHASSEE
TAMPA

AWINSOR@GRAY-ROBINSON.COM

July 14, 2006

**VIA EMAIL (CSIEGEL@KRAMERLEVIN.COM)**

Craig Siegel
Kramer Levin
1177 Avenue of the Americas
New York, New York 10036

Re:   *League of Women Voters v. Cobb* (S.D. Fla.)

Dear Craig:

I have received the letter you sent today summarizing our telephone conversation of yesterday afternoon and requesting a broad range of documents. You indicated on that call that you had already prepared a letter requesting documents that you would send to us following the call. On the call, you and Erin Walter generally described some document requests, but we did not have an opportunity to see the ten detailed paragraphs of document requests until today.

In light of the time limitations, we were surprised to learn the breadth of your request. Our earlier understanding (based in part on the representations made on the Wednesday telephone conference with Judge Seitz) was that you would request only some limited documents from the Defendants' witnesses on which those witnesses would base their testimony. Instead, your requests are substantially broader and would require the review and production of a tremendous volume of records.

The Defendants maintain their position that this case—a facial challenge to the constitutionality of a new state statute—is a legal one and that its resolution does not turn on disputed facts. Nevertheless, because the Plaintiffs appear insistent on requesting, evaluating, presenting, and arguing a substantial body of evidence, the Defendants are prepared to do the same in the interests of presenting a full record. Accordingly, the Defendants request the following documents:

1. All documents in the possession or control of any (i) organizational Plaintiff, (ii) witness Plaintiffs intend to call, or (iii) witness for whom Plaintiffs intend to introduce declaration testimony, relating to or concerning:

   a. Any Plaintiff's decision to conduct or not conduct voter registration drives or to restrict any voter registration drive during the 2004 or 2006 election cycles;

   b. Any Plaintiff's collection of voter registration applications, including without limitation the methods of collection, the copying of applications, the use of application data, the routing, storage, and submission of applications during the 2004 or 2006 election cycles;



EXHIBIT B

**GRAYROBINSON**
PROFESSIONAL ASSOCIATION

Craig Siegel
July 14, 2006
Page 2

  c. Any Plaintiff's agreements or contracts, written or otherwise, with any individual or organization relating to voter registration activities, including without limitation the distribution and collection of voter registration applications;

2. All correspondence, including without limitation memoranda, emails, letters, notes, etc., in the possession or control of any organizational Plaintiff that relates to voter registration activities, to this litigation, or the challenged legislation, since the enactment of the challenged legislation;

3. All documents relating to or concerning the Union Plaintiffs' political activities, political policy goals, advocacy of policy goals, or plans or strategies for implementing such policy goals in Florida;

4. All documents supporting the Plaintiffs' claim that the challenged legislation "severely burdens their efforts to encourage civic engagement by registering citizens to vote." (Compl. ¶ 1);

5. All documents supporting the Plaintiffs' claim that the challenged legislation will cause "the amount of constitutionally protected political speech and activity that will occur in Florida [to be] dramatically reduced." (Compl. ¶ 5);

6. All documents supporting the Plaintiffs' claim that the challenged legislation will "deter[ individuals] from registering to vote." (Compl. ¶ 100); and

7. All documents supporting the Plaintiffs' claim that "Plaintiffs will be forced to communicate fewer political messages" because of the challenged legislation, (Compl. ¶ 148) and the identity of those political messages.

  For purposes of these requests, the terms "documents" and "relating to" are to be construed broadly. Documents should include, without limitation, emails, memoranda, notes, papers, electronic files, etc.

  Furthermore, the Defendants would like to depose witnesses who can testify about all Florida-related political activities, including without limitation voter registration activities, of the Florida AFL-CIO, AFSCME, and SEIU Florida Healthcare Union (the "Union Plaintiffs"). Each of these witnesses should be familiar with all methods by which these Plaintiffs advocate their policy goals and attempt to effectuate their policy goals. We ask that you identify the political director of each Union Plaintiff so that they may be deposed in advance of July 24. Last, you indicated that you are pursuing a witness who is either a prospective or actual voter. As I indicated on the telephone yesterday, if you are able to locate such a witness, we would be interested in deposing him or her.

**GRAYROBINSON**
PROFESSIONAL ASSOCIATION

Craig Siegel
July 14, 2006
Page 3

    Defendants continue to evaluate their discovery needs, so they reserve the right to add to this list. Please call either Pete or me at your earliest opportunity to discuss this request.

Sincerely,

*[signature]*

Allen Winsor
Peter Antonacci

# 34472 v1