UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21265-CIV-SEITZ/MCALILEY

LEAGUE OF WOMEN VOTERS OF FLORIDA;
PEOPLE ACTING FOR COMMUNITY TOGETHER
(PACT); *et al.*,

      Plaintiffs,

v.

KURT S. BROWNING, individually and in his official
capacity as Secretary of State for the State of Florida; and
Donald Palmer, individually and in his official capacity
as Director of the Division of Elections within the
Department of State for the State of Florida,

      Defendants.
_____

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendants Kurt S. Browning, in his official capacity as Secretary of State for the State of Florida, and Donald Palmer, in his official capacity as Director of the Florida Division of Elections,[1] respectfully move for dismissal of this action on the ground of mootness.

### *Introduction*

In this case, Plaintiffs challenged the constitutionality of a Florida statute enacted in 2005. On August 28, 2006, this Court entered a preliminary injunction prohibiting enforcement of the statute, and Defendants appealed. During the pendency of the appeal, the Florida Legislature substantially amended the enjoined statute, repealing the challenged provisions, and

---

[1] When this action commenced, the defendants were Sue M. Cobb and Dawn K. Roberts, who were then the Secretary of State and the Director of the Division of Elections, respectively. During appellate proceedings, Secretary Browning succeeded Sue Cobb, and Donald Palmer succeeded Dawn Roberts. Pursuant to Fed. R. Civ. P. 25(d)(1), Defendants Browning and Palmer are substituted automatically as parties.

the United States Department of Justice precleared the amendments pursuant to Section 5 of the Voting Rights Act.  Accordingly, on February 19, 2008, the Eleventh Circuit concluded that "the law preliminarily enjoined no longer exists in its challenged form" and dismissed Defendants' appeal as moot.  For the same reason, this Court should dismiss the case.

### *The Challenged Statute and Preliminary Injunction Order*

This Court's order preliminarily enjoined enforcement of Section 97.0575(3)(a-c), Florida Statutes (2006), which sanctioned organizations that failed timely to submit voter registration applications.  That statute regulated third-party voter registration organizations, including Plaintiffs, but it expressly excluded political parties from regulation.  The statute authorized fines ranging from $250 to $5,000 per application, and it extended joint and several liability for those fines on "the individual collecting the voter registration application, the registered agent, and those individuals responsible for the day-to-day operation of the third-party voter registration organization, including, if applicable, the entity's board of directors, president, vice president, managing partner, or such other individuals engaged in similar duties or functions."  § 97.0575(3), Fla. Stat. (2006).  It included no aggregate limit on the fines.  *Id*.

Based on the perceived severity of the fines, the theoretical potential for substantial aggregate fines, and the exception related to political parties, this Court enjoined the statute's enforcement.  The Defendants appealed this Court's preliminary injunction order, and this Court stayed the proceedings pending disposition of the appeal.

### *The 2007 Legislative Amendments*

On May 21, 2007, Governor Crist signed into law Chapter 2007-30, Laws of Florida (the "2007 Act"), a copy of which is attached to this Motion as Exhibit A.  The 2007 Act is a comprehensive elections bill which includes changes regarding voting machines, elections

audits, candidate eligibility, elections canvassing, voter registration, selection of minor-party candidates, voter initiative petitions, and campaign finance. The 2007 Act also included the highly publicized move of the 2008 presidential preference primary to January 29, 2008. 2007 Act, § 3. Most importantly for purposes of this case, the 2007 Act eliminated the concerns on which Plaintiffs challenged the prior statute and on which this Court enjoined its enforcement. The relevant provisions of the 2007 Act took effect on January 1, 2008. *Id*. § 57.

The challenged features of the enjoined statute have been repealed. The system of fines that remains after the 2007 Act is radically different than the system of fines enjoined by this Court. The fines for applications submitted more than 10 days after collection were reduced from $250 to $50. The fine for applications collected before but submitted after the book-closing deadline were reduced from $500 to $100, and the fine for applications never submitted fell from $5,000 to $500. *Id*. Still more significantly, the 2007 Act provides that the aggregate fine imposed on any third-party organization and its affiliates during a calendar year may not exceed $1,000. No annual limit existed in the old law, and the Plaintiffs and this Court both cited fears of exorbitant aggregate fines. (Preliminary Injunction Order (doc. 57) at 19 ("For example, if 20 applications were accidentally lost or destroyed in a hurricane, flood or fire, the resulting fine [of $100,000] would wipe out the League's entire annual budget.")). The 2007 Act's aggregate cap alone eliminates those fears and renders the new statutory framework fundamentally different.

This Court further relied on the "strict liability" imposed by the statute. Prior to the 2007 Act, the law imposed fines on the "individual collecting the voter registration application, the registered agent, and those individuals responsible for the day-to-day operation of the third-party voter registration organization, including, if applicable, the entity's board of directors, president, vice president, managing partner, or such other individuals engaged in similar duties or

functions." § 97.0575(3), Fla. Stat. (2006).  The 2007 Act repealed any basis for liability against any party other than the third-party organization itself, and, *a fortiori*, the provision for joint and several liability.  2007 Act, § 2.  Any purported strict liability feature of the challenged law, therefore, no longer remains.  In addition, the 2007 Act repealed the political party exemption, thereby resolving this Court's concern that the law discriminated against Plaintiffs based on their non-association with political parties.

Finally, in its Preliminary Injunction Order, this Court objected to what it considered the statute's inflexibility to address exigent circumstances.  In addition to the example cited above regarding applications lost in a hurricane, the Court highlighted "the fact that many of [Plaintiffs'] volunteers are elderly and are at higher risk, if you will, for serious illness, and even death [and the accompanying fines from failure to timely submit applications]."  Doc. 57 at 19 (quoting testimony).  Although Defendants dispute this characterization of the old law's rigidity, the law now expressly removes this concern:  "The secretary shall waive the fines described in this subsection upon a showing that the failure to deliver the voter registration application promptly is based upon *force majeure* or impossibility of performance."  2007 Act, § 2.  Thus, the 2007 Act mitigated the potential severity of the fines, narrowly limited the parties subject to liability, abolished joint and several liability for fines, placed political parties and non-party associations on the same footing, and enhanced flexibility by mandating the waiver of fines in exceptional circumstances.

### *The Dismissal of the Appeal*

On July 11, 2007, shortly after Governor Crist signed the 2007 Act into law, and while Defendants' appeal from the preliminary injunction order was pending, Defendants filed a Suggestion of Impending Mootness with the Eleventh Circuit.  Defendants argued that the

challenged features of the enjoined statute had been repealed and that the appeal was or would imminently be moot. The Eleventh Circuit agreed. *See* CA11 Order (Doc. 79). On February 19, 2008, the Court dismissed the appeal, noting that "the Florida Legislature substantially amended" the enjoined statute. The Eleventh Circuit concluded that the law challenged by Plaintiffs and enjoined by this Court no longer existed as such: "Because the legislative amendments are now in effect, and the law preliminarily enjoined no longer exists in its challenged form, it is appropriate for us to dismiss this appeal as moot." *See id*.

### The Mootness of this Case

"[T]he Supreme Court has many times held that amendments or revocation of challenged legislation renders the lawsuit moot and deprives the court of jurisdiction." *National Advertising Co. v. City of Miami*, 402 F.3d 1329, 1332-33 (11th Cir. 2005), cert. denied, 546 U.S. 1170 (2006); *accord Tanner Adver. Group v. Fayette County*, 451 F.3d 777, 789-790 (11th Cir. 2006) ("This Court and the Supreme Court have repeatedly held that the repeal or amendment of an allegedly unconstitutional statute moots legal challenges to the legitimacy of the repealed legislation."); *Coral Springs St. Sys. v. City of Sunrise*, 371 F.3d 1320, 1329 (11th Cir. 2004) ("[O]n numerous occasions, the Supreme Court has held that the repeal of or amendment to challenged legislation rendered moot a plaintiff's request for injunctive relief."). Thus, to the extent that it "removes challenged features of the prior law," a "superseding statute or regulation moots a case." *Coalition for the Abolition on Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1310 (11th Cir. 2000) (quoting *Naturist Soc'y, Inc. v. Fillyaw*, 958 F.2d 1515, 1520 (11th Cir. 1992)).[2]

---

[2] An exception to this general rule applies when there is a reasonable likelihood that the repealed statute would be reinstated after the determination of mootness. *See Coral Springs*, 371 F.3d at 1328; *Christian Coalition of Ala. v. Cole*, 355 F.3d 1288, 1291 (11th Cir. 2004); *Jews for*

As the Eleventh Circuit recognized, the substantial legislative amendments to the statute challenged in this case fundamentally altered the framework of the prior statute, therefore mooting the constitutional challenge and depriving the Court of jurisdiction. *See Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (dismissing as moot challenge to regulation that had been substantially amended); *Coral Springs St. Sys.*, 371 F.3d at 1329 (collecting cases in which the United States Supreme Court held that repeal of or amendment to challenged legislation rendered moot requests for injunctive relief). Here, effective January 1, 2008, the Legislature mitigated the potential severity of the fines, limited liability to the third-party organization itself, abolished the exception for political parties, and mandated the waiver of fines in exceptional circumstances. Its substantial amendment of the challenged law ameliorated each of this Court's concerns. Because the enjoined statute no longer exists in its challenged form, and this Court's preliminary injunction order is no longer operative, Plaintiffs' claims are moot. As the Eleventh Circuit did, this Court must dismiss. "[T]he issue of the validity of the old regulation is moot, for this case has lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law." *Princeton Univ.*, 455 U.S. at 103 (internal marks omitted).

### *Conclusion*

For the foregoing reasons, Defendants respectfully request the entry of an order dismissing this case as moot.

### **CERTIFICATE OF ATTORNEY CONFERENCE**

Undersigned counsel certifies that they have conferred with Plaintiffs' counsel in a good-faith effort to resolve the issues raised in this motion and has been unable to do so at this time.

---

*Jesus, Inc. v. Hillsborough County Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998). There is no indication here that the Florida Legislature might reinstate the provisions it recently repealed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Gary C. Rosen
Becker & Poliakoff, P.A.
3111 Stirling Road
Fort Lauderdale, FL 33312
  Phone: (954) 985–4133
  Email: grosen@becker-poliakoff.com

Wendy R. Weiser
Renee Paradis
Brennan Center for Justice/NYU School of Law
161 Avenue of the Americas, 12th Floor
New York, NY 10013
  Phone: (212) 998–6730
  Email: wendy.weiser@nyu.edu

Elizabeth S. Westfall
Jennifer Maranzano
Estelle H. Rogers
Advancement Project
1730 M. Street, NW, Suite 910
Washington, DC 20036
  Phone: (202) 728-9557
  Email: ewestfall@advancementproject.org

Eric A. Tirschwell
Craig L. Siegel
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
  Phone: (212) 715–9100
  Email: csiegel@KRAMERLEVIN.com

/s/ *Allen Winsor*
PETER ANTONACCI
Florida Bar No. 280690
ALLEN C. WINSOR
Florida Bar No. 016295
GRAYROBINSON, P.A.
Post Office Box 11189
Tallahassee, Florida 32302-3189
  Phone: (850) 577-9090
  Fax: (850) 577-3311
  Email: pva@gray-robinson.com
         awinsor@gray-robinson.com
*Attorneys for Defendants, Kurt S. Browning and Donald Palmer*