# CHAPTER 2007-30

## Council Substitute for House Bill No. 537

An act relating to elections; amending s. 97.021, F.S.; redefining the term "third-party registration organization"; amending s. 97.0575, F.S.; revising fines applicable to violations of requirements relating to third-party voter registrations; amending s. 103.121, F.S.; revising the dates relating to the presidential preference primary; amending s. 101.75, F.S.; authorizing municipalities to move their election date by ordinance to coincide with the presidential preference primary; amending s. 101.151, F.S.; authorizing the use of ballot-on-demand technology to produce certain marksense ballots; creating s. 101.56075, F.S.; requiring all voting to be by marksense ballot; providing an exemption for voters with disabilities; requiring voter interface devices for individuals with disabilities by a specified date; amending s. 101.5612, F.S.; requiring the use of certain marksense ballots for pre-election testing; amending s. 101.591, F.S.; requiring post-election, random audits of voting systems; providing general audit procedures; mandating that audit results be reported to the Department of State; prescribing requirements for audit reports; granting rulemaking authority to the department to adopt detailed, uniform audit procedures and a standard audit reporting form; providing procedures for the purchase of new voting systems and ballot equipment and the disposition of existing touchscreen voting systems for certain counties; authorizing the Department of State to purchase optical scan voting equipment and ballot-on-demand equipment for certain counties; appropriating funds for such purpose; amending s. 97.041, F.S.; authorizing qualified persons to preregister to vote on or after receipt of a valid driver's license; amending s. 97.053, F.S.; requiring an applicant for voter registration to be notified when the application cannot be verified; providing for registration upon presentation of evidence of a driver's license number, identification card number, or the last four digits of the applicant's social security number; changing the time within which a person casting a provisional ballot may present evidence of eligibility to vote; changing the time for voter registrations to be entered into the statewide voter registration system; amending s. 99.012, F.S.; exempting persons seeking federal office from the resign-to-run law; amending s. 99.021, F.S.; prescribing form of oath for candidates for federal office; amending s. 99.061, F.S.; prescribing times for qualifying for nomination or election; prescribing specific procedures for qualifying for special district office; providing that the filing fee of a candidate for a special district election need not be drawn on a campaign account; amending s. 99.095, F.S.; prescribing the number of signatures required for a candidate for special district office to qualify by petition; prescribing the time for certification to the Division of Elections of certain candidates qualifying by petition; amending s. 99.096, F.S.; changing manner of candidate selection by minor political parties; repealing s. 99.0965, F.S., relating to the selection of minor party candidates; amending s. 100.041, F.S.; prescribing the time when a county commissioner

**1**

CODING: Words stricken are deletions; words underlined are additions.

is deemed elected; amending s. 100.051, F.S.; revising requirements relating to candidates' whose names must be printed on general election ballots; amending s. 100.061, F.S.; changing the date of the primary election; amending s. 100.111, F.S.; revising provisions relating to choosing political party nominees for a special election; amending s. 100.191, F.S.; revising the time for canvassing special election returns; amending s. 100.371, F.S.; requiring initiative petition forms to be signed by the constitutionally required distribution of electors; amending timeframes for verifying petition signatures; prescribing information that must be on a petition initiative form, and conditions with which the elector signing it must comply, before the form may be verified; providing procedures for revocation of a signature on a petition form; amending s. 101.043, F.S.; revising forms of identification accepted at the polls; amending s. 101.048, F.S.; changing the time within which a person casting a provisional ballot may present evidence of eligibility to vote; amending s. 101.573, F.S.; changing the time for filing precinct-level election results; requiring such results to be filed with respect to special elections; prescribing requirements for such data; amending s. 101.6103, F.S.; changing the time to begin canvassing mail ballots; amending s. 101.62, F.S.; revising the period of effectiveness of a request for an absentee ballot; revising the time for sending an absentee ballot to an overseas elector; revising time period for providing absentee ballots; amending s. 101.68, F.S.; changing the time to begin canvassing absentee ballots; amending s. 102.112, F.S.; changing the deadline for submitting county returns to the Department of State; amending s. 102.141, F.S.; requiring submission of preliminary returns in certain format by election night to the Department of State; changing the time to submit unofficial returns; amending s. 102.166, F.S.; conforming a cross-reference; amending s. 103.081, F.S.; allowing political parties to file with the Department of State names of groups associated with a party; prescribing conditions on the use of those filed names; amending s. 103.091, F.S.; revising the number of and the qualifications for state committeemen and committeewomen; changing the times for qualifying for election to a political party executive committee; amending s. 103.141, F.S.; providing that officers and members of a county executive committee may be removed from office pursuant to s. 103.161; repealing s. 103.151, F.S., relating to the removal of a state executive committee member for violation of the member's oath of office; creating s. 103.161, F.S.; providing for the removal or suspension of officers and members of a state or county executive committee for violation of the officer's or member's oath of office; prescribing procedures for such removal and restrictions after removal; amending s. 105.031, F.S.; changing the times for qualifying for school board candidates; amending s. 106.021, F.S.; revising qualifications for a campaign treasurer and deputy treasurer for a candidate or political committee; amending s. 106.04, F.S.; authorizing certain entities to collect and forward membership dues to committees of continuous existence; amending s. 106.055, F.S.; prescribing valuation method for travel on a private aircraft; amending s. 106.08, F.S.; prescribing

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

procedures for receiving and transferring contributions made to political committees and committees of continuous existence; amending s. 106.09, F.S.; revising prohibition on making or accepting a cash contribution; amending s. 106.143, F.S.; providing disclosure requirements for political advertisements made pursuant to s. 106.021(3)(d), F.S.; amending s. 106.17, F.S.; revising who may authorize or conduct polls or surveys relating to candidates; amending s. 106.25, F.S.; revising requirements for complaints filed alleging violations of chapters 106 and 104, F.S.; revising procedures after certain complaints are filed; providing for the withdrawal of certain complaints; providing for the Florida Elections Commission to maintain a searchable database of all final orders and agency actions and providing requirements for such database; amending s. 106.35, F.S.; revising the time for the Division of Elections to distribute funds to candidates; amending s. 112.51, F.S.; providing for filling vacancies created when a municipal officer has been removed from office; repealing s. 106.37, F.S., relating to willful violations of campaign finance laws; amending s. 189.405, F.S.; revising qualification procedures for candidates for special district office; amending s. 191.005, F.S.; revising qualification procedures for candidates for independent special fire control district boards of commissioners; amending s. 582.18, F.S.; revising qualification procedures for candidates for soil and water conservation district supervisors; amending s. 876.05, F.S.; exempting candidates for federal office from taking the public employees' oath; requiring that all write-in candidates reside within the district of the office sought at the time of qualification; providing effective dates.

Be It Enacted by the Legislature of the State of Florida:

Section 1.  Subsection (36) of section 97.021, Florida Statutes, is amended to read:

97.021  Definitions.—For the purposes of this code, except where the context clearly indicates otherwise, the term:

(36)  "Third-party registration organization" means any person, entity, or organization soliciting or collecting voter registration applications. A third-party voter registration organization does not include:

(a)  A political party;

(a)(b)  A person who seeks only to register to vote or collect voter registration applications from that person's spouse, child, or parent; or

(b)(c)  A person engaged in registering to vote or collecting voter registration applications as an employee or agent of the division, supervisor of elections, Department of Highway Safety and Motor Vehicles, or a voter registration agency.

Section 2.  Subsection (3) of section 97.0575, Florida Statutes, is amended to read:

CODING:  Words stricken are deletions; words underlined are additions.

97.0575   Third-party voter registrations.—

(3)   A third-party voter registration organization that collects voter registration applications serves as a fiduciary to the applicant, ensuring that any voter registration application entrusted to the third-party voter registration organization, irrespective of party affiliation, race, ethnicity, or gender shall be promptly delivered to the division or the supervisor of elections. If a voter registration application collected by any third-party voter registration organization is not <u>promptly</u> delivered to the division or supervisor of elections, the ~~individual collecting the voter registration application, the registered agent, and those individuals responsible for the day-to-day operation of~~ the third-party voter registration organization~~, including, if applicable, the entity's board of directors, president, vice president, managing partner, or such other individuals engaged in similar duties or functions,~~ shall be ~~personally and jointly and severally~~ liable for the following fines:

(a)   A fine in the amount of <u>$50</u> ~~$250~~ for each application received by the division or the supervisor of elections more than 10 days after the applicant delivered the completed voter registration application to the third-party voter registration organization or any person, entity, or agent acting on its behalf. <u>A fine in the amount of $250 for each application received if the third-party registration organization or person, entity, or agency acting on its behalf acted willfully.</u>

(b)   A fine in the amount of <u>$100</u> ~~$500~~ for each application collected by a third-party voter registration organization or any person, entity, or agent acting on its behalf, prior to book closing for any given election for federal or state office and received by the division or the supervisor of elections after the book closing deadline for such election. <u>A fine in the amount of $500 for each application received if the third-party registration organization or person, entity, or agency acting on its behalf acted willfully.</u>

(c)   A fine in the amount of <u>$500</u> ~~$5,000~~ for each application collected by a third-party voter registration organization or any person, entity, or agent acting on its behalf, which is not submitted to the division or supervisor of elections. <u>A fine in the amount of $1,000 for any application not submitted if the third-party registration organization or person, entity, or agency acting on its behalf acted willfully.</u>

<u>The aggregate fine pursuant to this subsection which may be assessed against a third-party voter registration organization, including affiliate organizations, for violations committed in a calendar year shall be $1,000.</u> The fines provided in this subsection shall be reduced by three-fourths in cases in which the third-party voter registration organization has complied with subsection (1). <u>The secretary shall waive the fines described in this subsection upon a showing that the failure to deliver the voter registration application promptly is based upon force majeure or impossibility of performance.</u>

Section 3.   Effective July 1, 2007, subsections (1), (2), (3), and (6) of section 103.101, Florida Statutes, are amended to read:

103.101   Presidential preference primary.—

CODING:  Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

(1)   Each political party other than a minor political party shall, on the last ~~second~~ Tuesday in January ~~March~~ in each year the number of which is a multiple of 4, elect one person to be the candidate for nomination of such party for President of the United States or select delegates to the national nominating convention, as provided by party rule.

(2)   There shall be a Presidential Candidate Selection Committee composed of the Secretary of State, who shall be a nonvoting chair; the Speaker of the House of Representatives; the President of the Senate; the minority leader of each house of the Legislature; and the chair of each political party required to have a presidential preference primary under this section.

(a)   By October ~~December~~ 31 of the year preceding the ~~Florida~~ presidential preference primary, each political party shall submit to the Secretary of State a list of its presidential candidates to be placed on the presidential preference primary ballot or candidates entitled to have delegates appear on the presidential preference primary ballot. The Secretary of State shall prepare and publish a list of the names of the presidential candidates submitted. The Secretary of State shall submit such list of names of presidential candidates to the selection committee on the first Tuesday after the first Monday in November of the ~~January each~~ year preceding the ~~a~~ presidential preference primary ~~election is held~~. Each person designated as a presidential candidate shall have his or her name appear, or have his or her delegates' names appear, on the presidential preference primary ballot unless all committee members of the same political party as the candidate agree to delete such candidate's name from the ballot. The selection committee shall meet in Tallahassee on the first Tuesday after the first Monday in November of the ~~January each~~ year preceding the ~~a~~ presidential preference primary ~~is held~~. The selection committee shall publicly announce and submit to the Department of State no later than 5 p.m. on the following day the names of presidential candidates who shall have their names appear, or who are entitled to have their delegates' names appear, on the presidential preference primary ballot. The Department of State shall immediately notify each presidential candidate designated by the committee. Such notification shall be in writing, by registered mail, with return receipt requested.

(b)   Any presidential candidate whose name does not appear on the list submitted to the Secretary of State may request that the selection committee place his or her name on the ballot. Such request shall be made in writing to the Secretary of State no later than the second Tuesday after the first Monday in November of the year preceding the presidential preference primary ~~January~~.

(c)   If a presidential candidate makes a request that the selection committee reconsider placing the candidate's name on the ballot, the selection committee will reconvene no later than the second Thursday after the first Monday in November of the year preceding the presidential preference primary ~~January~~ to reconsider placing the candidate's name on the ballot. The Department of State shall immediately notify such candidate of the selection committee's decision.

(3)   A candidate's name shall be printed on the presidential preference primary ballot unless the candidate submits to the Department of State,

CODING:  Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

prior to the second Tuesday after the first Monday in <u>November of the year preceding the presidential preference primary</u> <s>January</s>, an affidavit stating that he or she is not now, and does not presently intend to become, a candidate for President at the upcoming nominating convention. If a candidate withdraws pursuant to this subsection, the Department of State shall notify the state executive committee that the candidate's name will not be placed on the ballot. The Department of State shall, no later than the third Tuesday after the first Monday in <u>November of the year preceding the presidential preference primary</u> <s>January</s>, certify to each supervisor of elections the name of each candidate for political party nomination to be printed on the ballot.

(6) Delegates must qualify no later than the second Friday in <u>November of the year preceding the presidential preference primary</u> <s>January</s> in the manner provided by party rule.

Section 4. Effective July 1, 2007, subsection (3) is added to section 101.75, Florida Statutes, to read:

101.75 Municipal elections; change of dates for cause.—

<u>(3) Notwithstanding any provision of local law, for any municipality whose election is scheduled to be held in March 2008, the governing body of the municipality, notwithstanding any municipal charter provision, may, by ordinance, move the date of the general municipal election in 2008 and in each subsequent year that is a multiple of 4 to the date concurrent with the presidential preference primary. The dates for qualifying for the general municipal election moved by the passage of such an ordinance shall be specifically provided for in the ordinance and shall run for no less than 14 days. The term of office for any elected municipal official shall commence as provided by the relevant municipal charter or ordinance, and the term of office for any elected municipal official whose term was due to expire in March 2008 shall expire as provided by the relevant municipal charter or ordinance.</u>

Section 5. Effective July 1, 2008, subsection (1) of section 101.151, Florida Statutes, is amended to read:

101.151 Specifications for ballots.—

(1)<u>(a)</u> Marksense ballots shall be printed on paper of such thickness that the printing cannot be distinguished from the back and shall meet the specifications of the voting system that will be used to tabulate the ballots.

<u>(b) Early voting sites may employ a ballot-on-demand production system to print individual marksense ballots, including provisional ballots, for eligible electors pursuant to s. 101.657. Ballot-on-demand technology may be used to produce marksense absentee ballots. Not later than 30 days before an election, the Secretary of State may also authorize in writing the use of ballot-on-demand technology for the production of election-day ballots.</u>

Section 6. Effective July 1, 2008, section 101.56075, Florida Statutes, is created to read:

CODING: Words <s>stricken</s> are deletions; words <u>underlined</u> are additions.

101.56075   Voting methods.—

(1)   Except as provided in subsection (2), all voting shall be by marksense ballot utilizing a marking device for the purpose of designating ballot selections.

(2)   Persons with disabilities may vote on a voter interface device that meets the voting system accessibility requirements for individuals with disabilities pursuant to section 301 of the federal Help America Vote Act of 2002 and s. 101.56062.

(3)   By 2012, persons with disabilities shall vote on a voter interface device that meets the voter accessibility requirements for individuals with disabilities under section 301 of the federal Help America Vote Act of 2002 and s. 101.56062, which are consistent with subsection (1) of this section.

Section 7.   Effective July 1, 2008, subsection (5) is added to section 101.5612, Florida Statutes, to read:

101.5612   Testing of tabulating equipment.—

(5)   Any tests involving marksense ballots pursuant to this section shall employ pre-printed ballots, if pre-printed ballots will be used in the election, and ballot-on-demand ballots, if ballot-on-demand technology will be used to produce ballots in the election, or both.

Section 8.   Effective July 1, 2008, section 101.591, Florida Statutes, is amended to read:

(Substantial rewording of section. See s. 101.591, F.S., for present text.)

101.591   Voting system audit.—

(1)   Immediately following the certification of each election, the county canvassing board or the local board responsible for certifying the election shall conduct a manual audit of the voting systems used in randomly selected precincts.

(2)   The audit shall consist of a public manual tally of the votes cast in one randomly selected race that appears on the ballot. The tally sheet shall include election-day, absentee, early voting, provisional, and overseas ballots, in at least 1 percent but no more than 2 percent of the precincts chosen at random by the county canvassing board or the local board responsible for certifying the election. If 1 percent of the precincts is less than one entire precinct, the audit shall be conducted using at least one precinct chosen at random by the county canvassing board or the local board responsible for certifying the election. Such precincts shall be selected at a publicly-noticed canvassing board meeting.

(3)   The canvassing board shall post a notice of the audit, including the date, time, and place, in four conspicuous places in the county and on the home page of the county supervisor of elections web site.

CODING:  Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

(4)   The audit must be completed and the results made public no later than 11:59 p.m. on the 7th day following certification of the election by the county canvassing board or the local board responsible for certifying the election.

(5)   Within 15 days after completion of the audit, the county canvassing board or the board responsible for certifying the election shall provide a report with the results of the audit to the Department of State in a standard format as prescribed by the department. The report shall contain, but is not limited to, the following items:

(a)   The overall accuracy of audit.

(b)   A description of any problems or discrepancies encountered.

(c)   The likely cause of such problems or discrepancies.

(d)   Recommended corrective action with respect to avoiding or mitigating such circumstances in future elections.

Section 9.   Effective upon this act becoming a law, the Department of State shall adopt rules to implement the provisions of s. 101.591, Florida Statutes, as amended by section 8 which prescribe detailed audit procedures for each voting system, which shall be uniform to the extent practicable, along with the standard form for audit reports.

Section 10.   Effective upon this act becoming a law:

(1)   Notwithstanding ss. 101.292-101.295 and s. 101.5604, Florida Statutes, as a condition of the state purchasing optical scan voting equipment and ballot-on-demand equipment to replace touchscreen equipment as provided in section 11, each recipient county hereby authorizes the Secretary of State to act as its agent to negotiate the purchase of new equipment and the sale, exchange, or other disposition of existing touchscreen voting equipment that is not necessary to conduct voting for individuals with disabilities. Further, each such county hereby designates the Secretary of State as the authorized recipient of all proceeds realized from the sale, exchange, or other disposition of the voting equipment, after satisfying obligations or indebtedness associated with the voting equipment, up to and including the state's cost to fund the county's new equipment. The secretary shall deposit the proceeds in the Grants and Donations Trust Fund within 60 days after the sale, exchange, or other disposition.

(2)   A county commission may choose to opt out of this state funding scheme by filing a notice to that effect with the Department of State no later than June 30, 2007. Any county choosing to opt out shall continue to be governed by the provisions of ss. 101.292-101.295 and s. 101.5604, Florida Statutes, with respect to the purchase of new voting systems and equipment.

Section 11.   Effective July 1, 2007:

(1)   The Department of State is authorized to purchase:

CODING:  Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

(a) Election-day optical scan voting equipment, for the following counties: Broward, Charlotte, Collier, Hillsborough, Indian River, Lake, Lee, Martin, Miami-Dade, Nassau, Palm Beach, Pasco, Pinellas, Sarasota, and Sumter.

(b) Ballot-on-demand equipment for use at early voting sites, including optical scan tabulators, for the following counties: Bay, Brevard, Broward, Charlotte, Clay, Collier, Escambia, Hillsborough, Indian River, Jackson, Lake, Lee, Levy, Marion, Martin, Miami-Dade, Nassau, Okaloosa, Orange, Osceola, Palm Beach, Pasco, Pinellas, Santa Rosa, Sarasota, St. Johns, Sumter, Taylor, and Washington.

(2) The sum of $27,861,850 is appropriated from the Grants and Donations Trust Fund to the Division of Elections within the Department of State for the purpose of implementing this section.

Section 12. Paragraph (b) of subsection (1) of section 97.041, Florida Statutes, is amended to read:

97.041 Qualifications to register or vote.—

(1)

(b) A person who is otherwise qualified may preregister on or after that person's 17th birthday or receipt of a valid Florida driver's license, whichever occurs earlier, and may vote in any election occurring on or after that person's 18th birthday.

Section 13. Subsections (6) and (7) of section 97.053, Florida Statutes, are amended to read:

97.053 Acceptance of voter registration applications.—

(6) A voter registration application may be accepted as valid only after the department has verified the authenticity or nonexistence of the driver's license number, the Florida identification card number, or the last four digits of the social security number provided by the applicant. If a completed voter registration application has been received by the book-closing deadline but the driver's license number, the Florida identification card number, or the last four digits of the social security number provided by the applicant cannot be verified, the applicant shall be notified that the application is incomplete and that the voter must provide evidence to the supervisor sufficient to verify the authenticity of the number provided on the application. If the voter provides the necessary evidence, the supervisor shall place the voter's name on the registration rolls as an active voter. If the voter has not provided the necessary evidence or the number has not otherwise been verified prior to the applicant presenting himself or herself to vote, the applicant shall be provided a provisional ballot. The provisional ballot shall be counted only if the application is verified by the end of the canvassing period or if the applicant presents evidence to the supervisor of elections sufficient to verify the authenticity of the driver's license number, Florida identification card number, or last four digits of the social security number provided on the application no later than 5 p.m. of the second third day following the election.

CODING: Words stricken are deletions; words underlined are additions.

(7) All voter registration applications received by a voter registration official shall be entered into the statewide voter registration system within 13 ~~15~~ days after receipt. Once entered, the application shall be immediately forwarded to the appropriate supervisor of elections.

Section 14. Section 99.012, Florida Statutes, is amended to read:

99.012 Restrictions on individuals qualifying for public office.—

(1) As used in this section:

(a) "Officer" means a person, whether elected or appointed, who has the authority to exercise the sovereign power of the state pertaining to an office recognized under the State Constitution or laws of the state. With respect to a municipality, the term "officer" means a person, whether elected or appointed, who has the authority to exercise municipal power as provided by the State Constitution, state laws, or municipal charter.

(b) "Subordinate officer" means a person who has been delegated the authority to exercise the sovereign power of the state by an officer. With respect to a municipality, subordinate officer means a person who has been delegated the authority to exercise municipal power by an officer.

(2) No person may qualify as a candidate for more than one public office, whether ~~federal,~~ state, district, county, or municipal, if the terms or any part thereof run concurrently with each other.

(3)(a) No officer may qualify as a candidate for another public office, whether state, district, county, or municipal, if the terms or any part thereof run concurrently with each other, without resigning from the office he or she presently holds.

(b) The resignation is irrevocable.

(c) The written resignation must be submitted at least 10 days prior to the first day of qualifying for the office he or she intends to seek.

(d) The resignation must be effective no later than the earlier of the following dates:

1. The date the officer would take office, if elected; or

2. The date the officer's successor is required to take office.

(e)1. An elected district, county, or municipal officer must submit his or her resignation to the officer before whom he or she qualified for the office he or she holds, with a copy to the Governor and the Department of State.

2. An appointed district, county, or municipal officer must submit his or her resignation to the officer or authority which appointed him or her to the office he or she holds, with a copy to the Governor and the Department of State.

3. All other officers must submit their resignations to the Governor with a copy to the Department of State.

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

(f)1. With regard to an elective office, the resignation creates a vacancy in office to be filled by election. Persons may qualify as candidates for nomination and election as if the public officer's term were otherwise scheduled to expire.

2. With regard to an elective charter county office or elective municipal office, the vacancy created by the officer's resignation may be filled for that portion of the officer's unexpired term in a manner provided by the respective charter. The office is deemed vacant upon the effective date of the resignation submitted by the official in his or her letter of resignation.

(g) Any officer who submits his or her resignation, effective immediately or effective on a date prior to the date of his or her qualifying for office, may then qualify for office as a nonofficeholder, and the provisions of this subsection do not apply.

(4)(a) Any officer who qualifies for federal public office must resign from the office he or she presently holds if the terms or any part thereof run concurrently with each other.

(b) The resignation is irrevocable.

(c) The resignation must be submitted no later than the date upon which the officer qualifies for office.

(d) The written resignation must be effective no later than the earlier of the following dates:

1. The date the officer would take office, if elected; or

2. The date the officer's successor is required to take office.

(e)1. An elected district, county, or municipal officer must submit his or her resignation to the officer before whom he or she qualified for the office he or she holds, with a copy to the Governor and the Department of State.

2. An appointed district, county, or municipal officer must submit his or her resignation to the officer or authority which appointed him or her to the office he or she holds, with a copy to the Governor and the Department of State.

3. All other officers must submit their resignations to the Governor with a copy to the Department of State.

(f)1. The failure of an officer who qualifies for federal public office to submit a resignation pursuant to this subsection constitutes an automatic irrevocable resignation, effective immediately, from the office he or she presently holds.

2. The Department of State shall send a notice of the automatic resignation to the Governor, and in the case of a district, county, or municipal officer, a copy to:

a. The officer before whom he or she qualified if the officer held an elective office; or

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

b.   The person or authority who appointed the officer if the officer held an appointive office.

(g)   The provisions of any special act to the contrary notwithstanding, with regard to an elective office, the resignation creates a vacancy in office to be filled by election, thereby permitting persons to qualify as candidates for nomination and election as if the officer's term were otherwise scheduled to expire. With regard to an elective charter county office or elective municipal office, the vacancy created by the officer's resignation may be filled for that portion of the officer's unexpired term in a manner provided by the respective charter. The office is deemed vacant upon the effective date of the resignation submitted by the official in his or her letter of resignation.

(4)(5)   A person who is a subordinate officer, deputy sheriff, or police officer must resign effective upon qualifying pursuant to this chapter if the person is seeking to qualify for a public office that is currently held by an officer who has authority to appoint, employ, promote, or otherwise supervise that person and who has qualified as a candidate for reelection to that office.

(5)(6)   The name of any person who does not comply with this section may be removed from every ballot on which it appears when ordered by a circuit court upon the petition of an elector or the Department of State.

(6)(7)   This section does not apply to:

(a)   Political party offices.

(b)   Persons serving without salary as members of an appointive board or authority.

(c)   Persons seeking any federal public office.

(7)(8)   Nothing contained in subsections (3) and (4) relates to persons holding any federal office.

Section 15.   Paragraph (a) of subsection (1) of section 99.021, Florida Statutes, is amended to read:

99.021   Form of candidate oath.—

(1)(a)1.   Each candidate, whether a party candidate, a candidate with no party affiliation, or a write-in candidate, in order to qualify for nomination or election to any office other than a judicial office as defined in chapter 105 or a federal office, shall take and subscribe to an oath or affirmation in writing. A printed copy of the oath or affirmation shall be furnished to the candidate by the officer before whom such candidate seeks to qualify and shall be substantially in the following form:

State of Florida
County of ....

Before me, an officer authorized to administer oaths, personally appeared ...please print name as you wish it to appear on the ballot)..., to me well

known, who, being sworn, says that he or she is a candidate for the office of ....; that he or she is a qualified elector of ....County, Florida; that he or she is qualified under the Constitution and the laws of Florida to hold the office to which he or she desires to be nominated or elected; that he or she has taken the oath required by ss. 876.05-876.10, Florida Statutes; that he or she has qualified for no other public office in the state, the term of which office or any part thereof runs concurrent with that of the office he or she seeks; and that he or she has resigned from any office from which he or she is required to resign pursuant to s. 99.012, Florida Statutes.

...(Signature of candidate)...
...(Address)...

Sworn to and subscribed before me this .... day of ...., ...(year)..., at .... County, Florida.

...(Signature and title of officer administering oath)...

2. Each candidate for federal office, whether a party candidate, a candidate with no party affiliation, or a write-in candidate, in order to qualify for nomination or election to office shall take and subscribe to an oath or affirmation in writing. A printed copy of the oath or affirmation shall be furnished to the candidate by the officer before whom such candidate seeks to qualify and shall be substantially in the following form:

State of Florida
County of ....

Before me, an officer authorized to administer oaths, personally appeared (please print name as you wish it to appear on the ballot), to me well known, who, being sworn, says that he or she is a candidate for the office of ....; that he or she is qualified under the Constitution and laws of the United States to hold the office to which he or she desires to be nominated or elected; that he or she has qualified for no other public office in the state, the term of which office or any part thereof runs concurrent with that of the office he or she seeks; and that he or she has resigned from any office from which he or she is required to resign pursuant to s. 99.012, Florida Statutes.

...(Signature of candidate)...
...(Address)...

Sworn to and subscribed before me this .... day of ...(year)..., at .... County, Florida.

...(Signature and title of officer administering oath)...

Section 16. Section 99.061, Florida Statutes, is amended to read:

99.061 Method of qualifying for nomination or election to federal, state, county, or district office.—

(1) The provisions of any special act to the contrary notwithstanding, each person seeking to qualify for nomination or election to a federal, state, or multicounty district office, other than election to a judicial office as defined in chapter 105 or the office of school board member, shall file his or her qualification papers with, and pay the qualifying fee, which shall consist of

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

the filing fee and election assessment, and party assessment, if any has been levied, to, the Department of State, or qualify by the petition process pursuant to s. 99.095 with the Department of State, at any time after noon of the 1st day for qualifying, which shall be as follows: the 120th day prior to the primary election, but not later than noon of the 116th day prior to the date of the primary election, for persons seeking to qualify for nomination or election to federal office or to the office of the state attorney or the public defender; and noon of the 71st 50th day prior to the primary election, but not later than noon of the 67th 46th day prior to the date of the primary election, for persons seeking to qualify for nomination or election to a state or multicounty district office, other than the office of the state attorney or the public defender.

(2) The provisions of any special act to the contrary notwithstanding, each person seeking to qualify for nomination or election to a county office, or district or special district office not covered by subsection (1), shall file his or her qualification papers with, and pay the qualifying fee, which shall consist of the filing fee and election assessment, and party assessment, if any has been levied, to, the supervisor of elections of the county, or shall qualify by the petition process pursuant to s. 99.095 with the supervisor of elections, at any time after noon of the 1st day for qualifying, which shall be the 71st 50th day prior to the primary election or special district election, but not later than noon of the 67th 46th day prior to the date of the primary election or special district election. However, if a special district election is held at the same time as the general election, qualifying shall be the 50th day prior to the primary election, but not later than noon of the 46th day prior to the date of the primary election. Within 30 days after the closing of qualifying time, the supervisor of elections shall remit to the secretary of the state executive committee of the political party to which the candidate belongs the amount of the filing fee, two-thirds of which shall be used to promote the candidacy of candidates for county offices and the candidacy of members of the Legislature.

(3) Notwithstanding the provisions of any special act to the contrary, each person seeking to qualify for election to a special district office shall qualify between noon of the 71st day prior to the primary election and noon of the 67th day prior to the date of the primary election. Candidates for single county special districts shall qualify with the supervisor of elections in the county in which the district is located. If the district is a multicounty district, candidates shall qualify with the Department of State. All special district candidates shall qualify by paying a filing fee of $25 or qualify by the petition process pursuant to s. 99.095. Notwithstanding s. 106.021, a candidate who does not collect contributions and whose only expense is the filing fee or signature verification fee is not required to appoint a campaign treasurer or designate a primary campaign depository.

(4)(3)(a) Each person seeking to qualify for election to office as a write-in candidate shall file his or her qualification papers with the respective qualifying officer at any time after noon of the 1st day for qualifying, but not later than noon of the last day of the qualifying period for the office sought.

(b) Any person who is seeking election as a write-in candidate shall not be required to pay a filing fee, election assessment, or party assessment. A

CODING: Words stricken are deletions; words underlined are additions.

write-in candidate is shall not be entitled to have his or her name printed on any ballot; however, space for the write-in candidate's name to be written in must shall be provided on the general election ballot. A No person may not qualify as a write-in candidate if the person has also otherwise qualified for nomination or election to such office.

(5)(4)  At the time of qualifying for office, each candidate for a constitutional office shall file a full and public disclosure of financial interests pursuant to s. 8, Art. II of the State Constitution, and a candidate for any other office, including local elective office, shall file a statement of financial interests pursuant to s. 112.3145.

(6)(5)  The Department of State shall certify to the supervisor of elections, within 7 days after the closing date for qualifying, the names of all duly qualified candidates for nomination or election who have qualified with the Department of State.

(6)  Notwithstanding the qualifying period prescribed in this section, if a candidate has submitted the necessary petitions by the required deadline in order to qualify by the petition process pursuant to s. 99.095 as a candidate for nomination or election and the candidate is notified after the 5th day prior to the last day for qualifying that the required number of signatures has been obtained, the candidate is entitled to subscribe to the candidate's oath and file the qualifying papers at any time within 5 days from the date the candidate is notified that the necessary number of signatures has been obtained. Any candidate who qualifies within the time prescribed in this subsection is entitled to have his or her name printed on the ballot.

(7)(a)  In order for a candidate to be qualified, the following items must be received by the filing officer by the end of the qualifying period:

1.  A properly executed check drawn upon the candidate's campaign account in an amount not less than the fee required by s. 99.092 or, in lieu thereof, as applicable, the copy of the notice of obtaining ballot position pursuant to s. 99.095. The filing fee for a special district candidate is not required to be drawn upon the candidate's campaign account. If a candidate's check is returned by the bank for any reason, the filing officer shall immediately notify the candidate and the candidate shall, the end of qualifying notwithstanding, have 48 hours from the time such notification is received, excluding Saturdays, Sundays, and legal holidays, to pay the fee with a cashier's check purchased from funds of the campaign account. Failure to pay the fee as provided in this subparagraph shall disqualify the candidate.

2.  The candidate's oath required by s. 99.021, which must contain the name of the candidate as it is to appear on the ballot; the office sought, including the district or group number if applicable; and the signature of the candidate, duly acknowledged.

3.  The loyalty oath required by s. 876.05, signed by the candidate and duly acknowledged.

4.  If the office sought is partisan, the written statement of political party affiliation required by s. 99.021(1)(b).

CODING: Words stricken are deletions; words underlined are additions.

5. The completed form for the appointment of campaign treasurer and designation of campaign depository, as required by s. 106.021.

6. The full and public disclosure or statement of financial interests required by subsection (5) (4). A public officer who has filed the full and public disclosure or statement of financial interests with the Commission on Ethics or the supervisor of elections prior to qualifying for office may file a copy of that disclosure at the time of qualifying.

(b) If the filing officer receives qualifying papers that do not include all items as required by paragraph (a) prior to the last day of qualifying, the filing officer shall make a reasonable effort to notify the candidate of the missing or incomplete items and shall inform the candidate that all required items must be received by the close of qualifying. A candidate's name as it is to appear on the ballot may not be changed after the end of qualifying.

(8) Notwithstanding the qualifying period prescribed in this section, a qualifying office may accept and hold qualifying papers submitted not earlier than 14 days prior to the beginning of the qualifying period, to be processed and filed during the qualifying period.

(9) Notwithstanding the qualifying period prescribed by this section, in each year in which the Legislature apportions the state, the qualifying period for persons seeking to qualify for nomination or election to federal office shall be between noon of the 71st 57th day prior to the primary election, but not later than noon of the 67th 53rd day prior to the primary election.

(10) The Department of State may prescribe by rule requirements for filing papers to qualify as a candidate under this section.

Section 17. Subsections (2) and (4) of section 99.095, Florida Statutes, are amended to read:

99.095 Petition process in lieu of a qualifying fee and party assessment.—

(2)(a) Except as provided in paragraph (b), a candidate must shall obtain the number of signatures of voters in the geographical area represented by the office sought equal to at least 1 percent of the total number of registered voters of that geographical area, as shown by the compilation by the department for the immediately last preceding general election. Signatures may not be obtained until the candidate has filed the appointment of campaign treasurer and designation of campaign depository pursuant to s. 106.021.

(b) A candidate for a special district office shall obtain 25 signatures of voters in the geographical area represented by the office sought.

(c)(b) The format of the petition shall be prescribed by the division and shall be used by candidates to reproduce petitions for circulation. If the candidate is running for an office that requires a group or district designation, the petition must indicate that designation and, if it does not, the signatures are not valid. A separate petition is required for each candidate.

CODING: Words stricken are deletions; words underlined are additions.

(4)(a)   Certifications for candidates for federal, state, ~~or~~ multicounty district, or multicounty special district office shall be submitted to the division no later than the 7th day before the first day of the qualifying period for the office sought. The division shall determine whether the required number of signatures has been obtained and shall notify the candidate.

(b)   For candidates for county, ~~or~~ district, or special district office not covered by paragraph (a), the supervisor shall determine whether the required number of signatures has been obtained and shall notify the candidate.

Section 18.   Effective upon this act becoming a law, section 99.096, Florida Statutes, is amended to read:

99.096   Minor political party candidates; names on ballot.—

~~(1)   No later than noon of the third day prior to the first day of the qualifying period prescribed for federal candidates, the executive committee of a minor political party shall submit to the Department of State a list of federal candidates nominated by the party to be on the general election ballot. No later than noon of the third day prior to the first day of the qualifying period for state candidates, the executive committee of a minor political party shall submit to the filing officer for each of the candidates the official list of the state, multicounty, and county candidates nominated by that party to be on the ballot in the general election. The official list of nominated candidates may not be changed by the party after having been filed with the filing officers, except that vacancies in nominations may be filled pursuant to s. 100.111.~~

~~(2)~~   Each person seeking to qualify for election as a candidate of a minor political party shall file his or her qualifying papers with, and pay the qualifying fee and, if one has been levied, the party assessment, or qualify by the petition process pursuant to s. 99.095, with the officer and at the times and under the circumstances provided in s. 99.061.

Section 19.   Effective upon this act becoming a law, section 99.0965, Florida Statutes, is repealed.

Section 20.   Paragraph (a) of subsection (2) of section 100.041, Florida Statutes, is amended to read:

100.041   Officers chosen at general election.—

(2)(a)   Each county commissioner from an odd-numbered district shall be elected at the general election in each year the number of which is a multiple of 4, for a 4-year term commencing on the second Tuesday following such election, and each county commissioner from an even-numbered district shall be elected at the general election in each even-numbered year the number of which is not a multiple of 4, for a 4-year term commencing on the second Tuesday following such election. A county commissioner is "elected" for purposes of this paragraph on the date that the county canvassing board certifies the results of the election pursuant to s. 102.151.

CODING:  Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

Section 21.  Effective upon this act becoming a law, section 100.051, Florida Statutes, is amended to read:

100.051  Candidate's name on general election ballot.—The supervisor of elections of each county shall print on ballots to be used in the county at the next general election the names of candidates who have been nominated by a political party, other than a minor political party, and the candidates who have otherwise obtained a position on the general election ballot in compliance with the requirements of this code.

Section 22.  Section 100.061, Florida Statutes, is amended to read:

100.061  Primary election.—In each year in which a general election is held, a primary election for nomination of candidates of political parties shall be held on the Tuesday 10 9 weeks prior to the general election. The candidate receiving the highest number of votes cast in each contest in the primary election shall be declared nominated for such office. If two or more candidates receive an equal and highest number of votes for the same office, such candidates shall draw lots to determine which candidate is nominated.

Section 23.  Effective upon this act becoming a law, subsection (3) of section 100.111, Florida Statutes, is amended to read:

100.111  Filling vacancy.—

(3)  Whenever there is a vacancy for which a special election is required pursuant to s. 100.101, the Governor, after consultation with the Secretary of State, shall fix the dates of a special primary election and a special election. Nominees of political parties other than minor political parties shall be chosen under the primary laws of this state in the special primary election to become candidates in the special election. Prior to setting the special election dates, the Governor shall consider any upcoming elections in the jurisdiction where the special election will be held. The dates fixed by the Governor shall be specific days certain and shall not be established by the happening of a condition or stated in the alternative. The dates fixed shall provide a minimum of 2 weeks between each election. In the event a vacancy occurs in the office of state senator or member of the House of Representatives when the Legislature is in regular legislative session, the minimum times prescribed by this subsection may be waived upon concurrence of the Governor, the Speaker of the House of Representatives, and the President of the Senate. If a vacancy occurs in the office of state senator and no session of the Legislature is scheduled to be held prior to the next general election, the Governor may fix the dates for the special primary election and for the special election to coincide with the dates of the primary election and general election. If a vacancy in office occurs in any district in the state Senate or House of Representatives or in any congressional district, and no session of the Legislature, or session of Congress if the vacancy is in a congressional district, is scheduled to be held during the unexpired portion of the term, the Governor is not required to call a special election to fill such vacancy.

(a)  The dates for candidates to qualify in such special election or special primary election shall be fixed by the Department of State, and candidates

CODING:  Words stricken are deletions; words underlined are additions.

shall qualify not later than noon of the last day so fixed. The dates fixed for qualifying shall allow a minimum of 14 days between the last day of qualifying and the special primary election.

(b) The filing of campaign expense statements by candidates in such special elections or special primaries and by committees making contributions or expenditures to influence the results of such special primaries or special elections shall be not later than such dates as shall be fixed by the Department of State, and in fixing such dates the Department of State shall take into consideration and be governed by the practical time limitations.

(c) The dates for a candidate to qualify by the petition process pursuant to s. 99.095 in such special primary or special election shall be fixed by the Department of State. In fixing such dates the Department of State shall take into consideration and be governed by the practical time limitations. Any candidate seeking to qualify by the petition process in a special primary election shall obtain 25 percent of the signatures required by s. 99.095.

(d) The qualifying fees and party assessments of such candidates as may qualify shall be the same as collected for the same office at the last previous primary for that office. The party assessment shall be paid to the appropriate executive committee of the political party to which the candidate belongs.

(e) Each county canvassing board shall make as speedy a return of the result of such special primary elections and special elections as time will permit, and the Elections Canvassing Commission likewise shall make as speedy a canvass and declaration of the nominees as time will permit.

Section 24. Section 100.191, Florida Statutes, is amended to read:

100.191 General election laws applicable to special elections; returns.— All laws that are applicable to general elections are applicable to special elections or special primary elections to fill a vacancy in office or nomination, except that the canvass of returns by the county canvassing board of each county in which a special election is held shall be made on the day following the election, and the certificate of the result of the canvass shall be immediately forwarded to the Department of State. The Elections Canvassing Commission shall immediately, upon receipt of returns from the county in which a special election is held, proceed to canvass the returns and determine and declare the result thereof.

Section 25. Effective August 1, 2007, subsections (1) and (3) of section 100.371, Florida Statutes, are amended, present subsection (6) of that section is renumbered as subsection (7) and amended, and a new subsection (6) is added to that section, to read:

100.371 Initiatives; procedure for placement on ballot.—

(1) Constitutional amendments proposed by initiative shall be placed on the ballot for the general election, provided the initiative <u>petition</u> has been filed with the Secretary of State no later than February 1 of the year the general election is held. A petition shall be deemed to be filed with the

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

Secretary of State upon the date the secretary determines that <u>valid and verified</u> <s>the</s> petition <u>forms have</u> <s>has</s> been signed by the constitutionally required number <u>and distribution</u> of electors <u>under this code, subject to the right of revocation established in this section</u>.

(3)   Each signature shall be dated when made and shall be valid for a period of 4 years following such date, provided all other requirements of law are met. The sponsor shall submit signed and dated forms to the appropriate supervisor of elections for verification as to the number of registered electors whose valid signatures appear thereon. The supervisor shall promptly verify the signatures <u>within 30 days of receipt of the petition forms and</u> <s>upon</s> payment of the fee required by s. 99.097. The supervisor shall promptly record <s>each valid signature</s> in the statewide voter registration system<u>, in the manner prescribed by the Secretary of State<u>, the date each form is received by the supervisor and the date the signature on the form is verified as valid. The supervisor may verify that the signature on a form is valid only if:</u>

(a)   <u>The form contains the original signature of the purported elector.</u>

(b)   <u>The purported elector has accurately recorded on the form the date on which he or she signed the form.</u>

(c)   <u>The form accurately sets forth the purported elector's name, street address, county, and voter registration number or date of birth.</u>

(d)   <u>The purported elector is, at the time he or she signs the form, a duly qualified and registered elector authorized to vote in the county in which his or her signature is submitted.</u>

The supervisor shall retain the signature forms for at least 1 year following the election in which the issue appeared on the ballot or until the Division of Elections notifies the supervisors of elections that the committee which circulated the petition is no longer seeking to obtain ballot position.

(6)(a)   <u>An elector's signature on a petition form may be revoked within 150 days of the date on which he or she signed the petition form by submitting to the appropriate supervisor of elections a signed petition-revocation form adopted by rule for this purpose by the division.</u>

(b)   <u>The petition-revocation form and the manner in which signatures are obtained, submitted, and verified shall be subject to the same relevant requirements and timeframes as the corresponding petition form and processes under this code and shall be approved by the Secretary of State before any signature on a petition-revocation form is obtained.</u>

(c)   <u>Supervisors of elections shall provide petition-revocation forms to the public at all main and branch offices.</u>

(d)   <u>The petition-revocation form shall be filed with the supervisor of elections by February 1 preceding the next general election or, if the initiative amendment is not certified for ballot position in that election, by February 1 preceding the next successive general election. The supervisor of elections shall promptly verify the signature on the petition-revocation form and</u>

CODING:  Words <s>stricken</s> are deletions; words <u>underlined</u> are additions.

process such revocation upon payment, in advance, of a fee of 10 cents or the actual cost of verifying such signature, whichever is less. The supervisor shall promptly record each valid and verified petition-revocation form in the statewide voter registration system in the manner prescribed by the Secretary of State.

(7)(6)   The Department of State may adopt rules in accordance with s. 120.54 to carry out the provisions of subsections (1)-(6) (1)-(5).

Section 26.   Subsection (1) of section 101.043, Florida Statutes, is amended to read:

101.043   Identification required at polls.—

(1)   The precinct register, as prescribed in s. 98.461, shall be used at the polls for the purpose of identifying the elector at the polls prior to allowing him or her to vote. The clerk or inspector shall require each elector, upon entering the polling place, to present one of the following current and valid picture identifications:

(a)   Florida driver's license.

(b)   Florida identification card issued by the Department of Highway Safety and Motor Vehicles.

(c)   United States passport.

(d)   Employee badge or identification.

(e)   Buyer's club identification.

(d)(f)   Debit or credit card.

(e)(g)   Military identification.

(f)(h)   Student identification.

(g)(i)   Retirement center identification.

(h)(j)   Neighborhood association identification.

(i)(k)   Public assistance identification.

If the picture identification does not contain the signature of the voter, an additional identification that provides the voter's signature shall be required. The elector shall sign his or her name in the space provided on the precinct register or on an electronic device provided for recording the voter's signature. The clerk or inspector shall compare the signature with that on the identification provided by the elector and enter his or her initials in the space provided on the precinct register or on an electronic device provided for that purpose and allow the elector to vote if the clerk or inspector is satisfied as to the identity of the elector.

Section 27.   Subsection (1) of section 101.048, Florida Statutes, is amended to read:

CODING: Words stricken are deletions; words underlined are additions.

101.048   Provisional ballots.—

(1)   At all elections, a voter claiming to be properly registered in the state and eligible to vote at the precinct in the election but whose eligibility cannot be determined, a person whom an election official asserts is not eligible, and other persons specified in the code shall be entitled to vote a provisional ballot. Once voted, the provisional ballot shall be placed in a secrecy envelope and thereafter sealed in a provisional ballot envelope. The provisional ballot shall be deposited in a ballot box. All provisional ballots shall remain sealed in their envelopes for return to the supervisor of elections. The department shall prescribe the form of the provisional ballot envelope. A person casting a provisional ballot shall have the right to present written evidence supporting his or her eligibility to vote to the supervisor of elections by not later than 5 p.m. on the <u>second</u> <s>third</s> day following the election.

Section 28.   Subsection (1) of section 101.573, Florida Statutes, is amended to read:

101.573   Record of votes by precinct.—

(1)   Within <u>35</u> <s>75</s> days after the date of a municipal election or runoff, whichever occurs later, a presidential preference primary, <u>a primary election, a special election,</u> or a general election, the supervisor of elections shall file with the Department of State precinct-level election results, <u>in an electronic format specified by the Department of State,</u> for that election cycle<s>,</s> <s>including any primary elections</s>. Precinct-level election results shall <u>separately</u> record for each precinct <u>all demographic data associated with each precinct at book close for each election, individual vote history,</u> the returns of ballots cast at the precinct location, <s>to which have been added</s> the returns of absentee <u>ballots cast by voters registered in the precinct,</u> and <u>the returns of</u> early ballots cast by voters registered in the precinct. <u>The data are required to be cross referenced by political party and other demographic information as defined by the Department of State. The Department of State shall create a uniform system for the collection and reporting of such precinct-level election results and vote history.</u>

Section 29.   Subsections (6) and (8) of section 101.6103, Florida Statutes, are amended to read:

101.6103   Mail ballot election procedure.—

(6)   The canvassing board may begin the canvassing of mail ballots at 7 a.m. on the <u>sixth</u> <s>fourth</s> day before the election, including processing the ballots through the tabulating equipment. However, results may not be released until after 7 p.m. on election day. Any canvassing board member or election employee who releases any result before 7 p.m. on election day commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(8)   <s>Effective July 1, 2005,</s> A ballot that otherwise satisfies the requirements of subsection (5) shall be counted even if the elector dies after mailing the ballot but before election day, as long as, prior to the death of the voter, the ballot was:

CODING:  Words <s>stricken</s> are deletions; words <u>underlined</u> are additions.

(a)  Postmarked by the United States Postal Service;

(b)  Date-stamped with a verifiable tracking number by common carrier; or

(c)  Already in the possession of the supervisor of elections.

Section 30.  Effective July 1, 2007, subsections (1) and (4) of section 101.62, Florida Statutes, are amended to read:

101.62  Request for absentee ballots.—

(1)(a)  The supervisor may accept a request for an absentee ballot from an elector in person or in writing. Except as provided in s. 101.694, one request shall be deemed sufficient to receive an absentee ballot for all elections <u>through the next two regularly scheduled general elections</u> ~~which are held within a calendar year~~, unless the elector or the elector's designee indicates at the time the request is made the elections for which the elector desires to receive an absentee ballot. Such request may be considered canceled when any first-class mail sent by the supervisor to the elector is returned as undeliverable.

(b)  The supervisor may accept a written or telephonic request for an absentee ballot from the elector, or, if directly instructed by the elector, a member of the elector's immediate family, or the elector's legal guardian. For purposes of this section, the term "immediate family" has the same meaning as specified in paragraph (4)(b). The person making the request must disclose:

1.  The name of the elector for whom the ballot is requested;

2.  The elector's address;

3.  The elector's date of birth;

4.  The requester's name;

5.  The requester's address;

6.  The requester's driver's license number, if available;

7.  The requester's relationship to the elector; and

8.  The requester's signature (written requests only).

(4)(a)  To each absent qualified elector overseas who has requested an absentee ballot, the supervisor of elections shall mail an absentee ballot not <u>less</u> ~~fewer~~ than 35 days before the primary <u>election and not less than 45 days before the</u> ~~or~~ general election.

(b)  The supervisor shall provide an absentee ballot to each elector by whom a request for that ballot has been made by one of the following means:

1.  By nonforwardable, return-if-undeliverable mail to the elector's current mailing address on file with the supervisor, unless the elector specifies in the request that:

CODING:  Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

a.   The elector is absent from the county and does not plan to return before the day of the election;

b.   The elector is temporarily unable to occupy the residence because of hurricane, tornado, flood, fire, or other emergency or natural disaster; or

c.   The elector is in a hospital, assisted-living facility, nursing home, short-term medical or rehabilitation facility, or correctional facility,

in which case the supervisor shall mail the ballot by nonforwardable, return-if-undeliverable mail to any other address the elector specifies in the request.

2.   By forwardable mail to voters who are entitled to vote by absentee ballot under the Uniformed and Overseas Citizens Absentee Voting Act.

3.   By personal delivery before 7 p.m. on election day to the elector, upon presentation of the identification required in s. 101.043 s. 101.657.

4.   By delivery to a designee on election day or up to 5 4 days prior to the day of an election. Any elector may designate in writing a person to pick up the ballot for the elector; however, the person designated may not pick up more than two absentee ballots per election, other than the designee's own ballot, except that additional ballots may be picked up for members of the designee's immediate family. For purposes of this section, "immediate family" means the designee's spouse or the parent, child, grandparent, or sibling of the designee or of the designee's spouse. The designee shall provide to the supervisor the written authorization by the elector and a picture identification of the designee and must complete an affidavit. The designee shall state in the affidavit that the designee is authorized by the elector to pick up that ballot and shall indicate if the elector is a member of the designee's immediate family and, if so, the relationship. The department shall prescribe the form of the affidavit. If the supervisor is satisfied that the designee is authorized to pick up the ballot and that the signature of the elector on the written authorization matches the signature of the elector on file, the supervisor shall give the ballot to that designee for delivery to the elector.

Section 31.   Subsection (2) of section 101.68, Florida Statutes, is amended to read:

101.68   Canvassing of absentee ballot.—

(2)(a)   The county canvassing board may begin the canvassing of absentee ballots at 7 a.m. on the sixth fourth day before the election, but not later than noon on the day following the election. In addition, for any county using electronic tabulating equipment, the processing of absentee ballots through such tabulating equipment may begin at 7 a.m. on the sixth fourth day before the election. However, notwithstanding any such authorization to begin canvassing or otherwise processing absentee ballots early, no result shall be released until after the closing of the polls in that county on election day. Any supervisor of elections, deputy supervisor of elections, canvassing board member, election board member, or election employee who releases the results of a canvassing or processing of absentee ballots prior to the

CODING:  Words stricken are deletions; words underlined are additions.

closing of the polls in that county on election day commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(b) To ensure that all absentee ballots to be counted by the canvassing board are accounted for, the canvassing board shall compare the number of ballots in its possession with the number of requests for ballots received to be counted according to the supervisor's file or list.

(c)1. The canvassing board shall, if the supervisor has not already done so, compare the signature of the elector on the voter's certificate with the signature of the elector in the registration books to see that the elector is duly registered in the county and to determine the legality of that absentee ballot. Effective July 1, 2005, The ballot of an elector who casts an absentee ballot shall be counted even if the elector dies on or before election day, as long as, prior to the death of the voter, the ballot was postmarked by the United States Postal Service, date-stamped with a verifiable tracking number by common carrier, or already in the possession of the supervisor of elections. An absentee ballot shall be considered illegal if it does not include the signature of the elector, as shown by the registration records. However, an absentee ballot shall not be considered illegal if the signature of the elector does not cross the seal of the mailing envelope. If the canvassing board determines that any ballot is illegal, a member of the board shall, without opening the envelope, mark across the face of the envelope: "rejected as illegal." The envelope and the ballot contained therein shall be preserved in the manner that official ballots voted are preserved.

2. If any elector or candidate present believes that an absentee ballot is illegal due to a defect apparent on the voter's certificate, he or she may, at any time before the ballot is removed from the envelope, file with the canvassing board a protest against the canvass of that ballot, specifying the precinct, the ballot, and the reason he or she believes the ballot to be illegal. A challenge based upon a defect in the voter's certificate may not be accepted after the ballot has been removed from the mailing envelope.

(d) The canvassing board shall record the ballot upon the proper record, unless the ballot has been previously recorded by the supervisor. The mailing envelopes shall be opened and the secrecy envelopes shall be mixed so as to make it impossible to determine which secrecy envelope came out of which signed mailing envelope; however, in any county in which an electronic or electromechanical voting system is used, the ballots may be sorted by ballot styles and the mailing envelopes may be opened and the secrecy envelopes mixed separately for each ballot style. The votes on absentee ballots shall be included in the total vote of the county.

Section 32. Subsection (2) of section 102.112, Florida Statutes, is amended to read:

102.112 Deadline for submission of county returns to the Department of State.—

(2) Returns must be filed by 5 p.m. on the 7th day following a primary election and by noon 5 p.m. on the 12th 11th day following the general

CODING: Words stricken are deletions; words underlined are additions.

election. However, the Department of State may correct typographical errors, including the transposition of numbers, in any returns submitted to the Department of State pursuant to s. 102.111(1).

Section 33.  Present subsections (4) through (9) of section 102.141, Florida Statutes, are renumbered as subsections (5) through (10), respectively, present subsections (4) and (6) of that section are amended, and a new subsection (4) is added to that section, to read:

102.141   County canvassing board; duties.—

(4)   The canvassing board shall submit by 11:59 p.m. on election night the preliminary returns it has received to the Department of State in a format provided by the department.

(5)(4)   The canvassing board shall submit on forms or in formats provided by the division unofficial returns to the Department of State for each federal, statewide, state, or multicounty office or ballot measure no later than noon on the third day after any primary election and no later than noon on the fourth fifth day after any general or other election. Such returns shall include the canvass of all ballots as required by subsection (2), except for provisional ballots, which returns shall be reported at the time required for official returns pursuant to s. 102.112(2).

(7)(6)   If the unofficial returns reflect that a candidate for any office was defeated or eliminated by one-half of a percent or less of the votes cast for such office, that a candidate for retention to a judicial office was retained or not retained by one-half of a percent or less of the votes cast on the question of retention, or that a measure appearing on the ballot was approved or rejected by one-half of a percent or less of the votes cast on such measure, the board responsible for certifying the results of the vote on such race or measure shall order a recount of the votes cast with respect to such office or measure. The Elections Canvassing Commission is the board responsible for ordering federal, state, and multicounty recounts. A recount need not be ordered with respect to the returns for any office, however, if the candidate or candidates defeated or eliminated from contention for such office by one-half of a percent or less of the votes cast for such office request in writing that a recount not be made.

(a)   Each canvassing board responsible for conducting a recount shall put each marksense ballot through automatic tabulating equipment and determine whether the returns correctly reflect the votes cast. If any marksense ballot is physically damaged so that it cannot be properly counted by the automatic tabulating equipment during the recount, a true duplicate shall be made of the damaged ballot pursuant to the procedures in s. 101.5614(5). Immediately before the start of the recount, a test of the tabulating equipment shall be conducted as provided in s. 101.5612. If the test indicates no error, the recount tabulation of the ballots cast shall be presumed correct and such votes shall be canvassed accordingly. If an error is detected, the cause therefor shall be ascertained and corrected and the recount repeated, as necessary. The canvassing board shall immediately report the error, along with the cause of the error and the corrective measures being taken, to the Department of State. No later than 11 days after the election, the

CODING:  Words stricken are deletions; words underlined are additions.

canvassing board shall file a separate incident report with the Department of State, detailing the resolution of the matter and identifying any measures that will avoid a future recurrence of the error.

(b)  Each canvassing board responsible for conducting a recount where touchscreen ballots were used shall examine the counters on the precinct tabulators to ensure that the total of the returns on the precinct tabulators equals the overall election return. If there is a discrepancy between the overall election return and the counters of the precinct tabulators, the counters of the precinct tabulators shall be presumed correct and such votes shall be canvassed accordingly.

(c)  The canvassing board shall submit on forms or in formats provided by the division a second set of unofficial returns to the Department of State for each federal, statewide, state, or multicounty office or ballot measure no later than 3 p.m. on the fifth day after any primary election and no later than 3 p.m. on the ninth eighth day after any general election in which a recount was conducted pursuant to this subsection. If the canvassing board is unable to complete the recount prescribed in this subsection by the deadline, the second set of unofficial returns submitted by the canvassing board shall be identical to the initial unofficial returns and the submission shall also include a detailed explanation of why it was unable to timely complete the recount. However, the canvassing board shall complete the recount prescribed in this subsection, along with any manual recount prescribed in s. 102.166, and certify election returns in accordance with the requirements of this chapter.

(d)  The Department of State shall adopt detailed rules prescribing additional recount procedures for each certified voting system, which shall be uniform to the extent practicable.

Section 34.  Paragraph (b) of subsection (5) of section 102.166, Florida Statutes, is amended to read:

102.166  Manual recounts.—

(5)  Procedures for a manual recount are as follows:

(b)  Each duplicate ballot prepared pursuant to s. 101.5614(5) or s. 102.141(7) s. 102.141(6) shall be compared with the original ballot to ensure the correctness of the duplicate.

Section 35.  Subsection (3) is added to section 103.081, Florida Statutes, to read:

103.081  Use of party name; political advertising.—

(3)  A political party may file with the Department of State names of groups or committees associated with the political party. Such filed names may not be used without first obtaining the written permission of the chair of the state executive committee of the party.

Section 36.  Subsections (1) and (4) and paragraph (b) of subsection (6) of section 103.091, Florida Statutes, are amended to read:

CODING:  Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

103.091    Political parties.—

(1)    Each political party of the state shall be represented by a state executive committee. County executive committees and other committees may be established in accordance with the rules of the state executive committee. A political party may provide for the selection of its national committee and its state and county executive committees in such manner as it deems proper. Unless otherwise provided by party rule, the county executive committee of each political party shall consist of at least two members, a man and a woman, from each precinct, who shall be called the precinct committeeman and committeewoman. For counties divided into 40 or more precincts, the state executive committee may adopt a district unit of representation for such county executive committees. Upon adoption of a district unit of representation, the state executive committee shall request the supervisor of elections of that county, with approval of the board of county commissioners, to provide for election districts as nearly equal in number of registered voters as possible. Each county committeeman or committeewoman shall be a resident of the precinct from which he or she is elected. <u>Each state committeeman or committeewoman must be a member in good standing of the county executive committee for the county in which the state committeeman or committeewoman is a registered voter.</u>

(4)    Any political party other than a minor political party may by rule provide for the membership of its state or county executive committee to be elected for 4-year terms at the primary election in each year a presidential election is held. The terms shall commence on the first day of the month following each presidential general election; but the names of candidates for political party offices shall not be placed on the ballot at any other election. The results of such election shall be determined by a plurality of the votes cast. In such event, electors seeking to qualify for such office shall do so with the Department of State or supervisor of elections not earlier than noon of the <u>71st</u> ~~57th~~ day, or later than noon of the <u>67th</u> ~~53rd~~ day, preceding the primary election. The outgoing chair of each county executive committee shall, within 30 days after the committee members take office, hold an organizational meeting of all newly elected members for the purpose of electing officers. The chair of each state executive committee shall, within 60 days after the committee members take office, hold an organizational meeting of all newly elected members for the purpose of electing officers.

(6)

(b)    Each state executive committee shall include, as at-large committeemen and committeewomen, all members of the United States Congress representing the State of Florida who are members of the political party, all statewide elected officials who are members of the party, <u>10 Florida registered voters who are members of the party as appointed by the Governor if the Governor is a member of the party,</u> and the President of the Senate or the Minority Leader in the Senate, and the Speaker of the House of Representatives or the Minority Leader in the House of Representatives, whichever is a member of the political party, and 20 members of the Legislature who are members of the political party. Ten of the legislators shall be appointed with the concurrence of the state chair of the respective party, as

CODING:   Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

follows: five to be appointed by the President of the Senate; five by the Minority Leader in the Senate; five by the Speaker of the House of Representatives; and five by the Minority Leader in the House.

Section 37.  Section 103.141, Florida Statutes, is amended to read:

103.141  Removal of county executive committee member for violation of oath.—

(1)  Where the county executive committee by at least a two-thirds majority vote of the members of the committee, attending a meeting held after due notice has been given and at which meeting a quorum is present, determines an incumbent county executive committee member to be guilty of an offense involving a violation of the member's oath of office, said member so violating his or her oath shall be removed from office and the office shall be deemed vacant. Provided, however, if the county committee wrongfully removes a county committee member and the committee member so wrongfully removed files suit in the circuit court alleging his or her removal was wrongful and wins said suit, the committee member shall be restored to office and the county committee shall pay the costs incurred by the wrongfully removed committee member in bringing the suit, including reasonable attorney's fees.

(2)  Any officer, county committeeman, county committeewoman, precinct committeeman, precinct committeewoman, or member of a county executive committee may be removed from office pursuant to s. 103.161. ~~Either the county or state executive committee is empowered to take judicial action in chancery against a county committee member for alleged violation of the member's oath of office in the circuit court of the county in which that committee member is an elector; provided, however, that the state committee may take such judicial action only when a county committee refuses to take such judicial action within 10 days after a charge is made. Procedure shall be as in other cases in chancery, and if the court shall find as fact that the defendant did violate his or her oath of office, it shall enter a decree removing the defendant from the county committee. If either such executive committee brings suit in the circuit court for the removal of a county committee member and loses said suit, such committee shall pay the court costs incurred in such suit by the committee member, including reasonable attorney's fees.~~

Section 38.  Section 103.151, Florida Statutes, is repealed.

Section 39.  Section 103.161, Florida Statutes, is created to read:

103.161  Removal or suspension of officers or members of state executive committee or county executive committee.—

(1)  The chairman of the state executive committee is empowered to remove or suspend from an office within the chairman's political party any officer, state committeeman, state committeewoman, county committeeman, county committeewoman, precinct committeeman, precinct committeewoman, or other member of a state executive committee, county executive committee, political party club, or other organization using the political

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

party name as provided in s. 103.081 for a violation of the oath of office taken by such individual or for engaging in other activities described in this section.

(2)   Such violation may include engaging in activities that have or could have injured the name or status of the political party or interfered with the activities of the political party. The chairman has sole discretion to determine if a violation occurred.

(3)   Upon the chairman's determination that a violation of the oath of office occurred or that an individual engaged in other activities described in this section, the chairman may remove or suspend the individual from his or her office. If the chairman removes the individual from office, the office shall be deemed vacant upon the delivery of the chairman's written order of removal to the individual. When a vacancy in office is created, the chairman shall appoint an individual to serve through the end of the term of the office. If the chairman suspends the individual, the chairman shall determine the length of the suspension.

(4)   An individual removed from office by the chairman shall not be eligible to serve on the state executive committee or any county executive committee of the political party for a period of no less than 4 years from the effective date of the removal.

Section 40. Subsection (1) of section 105.031, Florida Statutes, is amended to read:

105.031   Qualification; filing fee; candidate's oath; items required to be filed.—

(1)   TIME OF QUALIFYING.—Except for candidates for judicial office, nonpartisan candidates for multicounty office shall qualify with the Division of Elections of the Department of State and nonpartisan candidates for countywide or less than countywide office shall qualify with the supervisor of elections. Candidates for judicial office other than the office of county court judge shall qualify with the Division of Elections of the Department of State, and candidates for the office of county court judge shall qualify with the supervisor of elections of the county. Candidates for judicial office shall qualify no earlier than noon of the 120th day, and no later than noon of the 116th day, before the primary election. Candidates for the office of school board member shall qualify no earlier than noon of the 71st 50th day, and no later than noon of the 67th 46th day, before the primary election. Filing shall be on forms provided for that purpose by the Division of Elections and furnished by the appropriate qualifying officer. ~~Any person seeking to qualify by the petition process, as set forth in s. 105.035, who has submitted the necessary petitions by the required deadline and is notified after the fifth day prior to the last day for qualifying that the required number of signatures has been obtained, shall be entitled to subscribe to the candidate's oath and file the qualifying papers at any time within 5 days from the date he or she is notified that the necessary number of signatures has been obtained.~~ Any person other than a write-in candidate who qualifies within the time prescribed in this subsection shall be entitled to have his or her name printed on the ballot.

CODING:  Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

Section 41.   Paragraph (c) of subsection (1) of section 106.021, Florida Statutes, is amended to read:

106.021   Campaign treasurers; deputies; primary and secondary depositories.—

(1)

(c)   Any campaign treasurer or deputy treasurer appointed pursuant to this section ~~shall be a registered voter in this state and~~ shall, before such appointment may become effective, have accepted appointment to such position in writing and filed such acceptance with the officer before whom the candidate is required to qualify or with the officer with whom the political committee is required to file reports. An individual may be appointed and serve as campaign treasurer of a candidate and a political committee or two or more candidates and political committees. A candidate may appoint herself or himself as campaign treasurer.

Section 42.   Subsection (1) of section 106.04, Florida Statutes, is amended to read:

106.04   Committees of continuous existence.—

(1)   In order to qualify as a committee of continuous existence for the purposes of this chapter, a group, organization, association, or other such entity which is involved in making contributions to candidates, political committees, or political parties, shall meet the following criteria:

(a)   It shall be organized and operated in accordance with a written charter or set of bylaws which contains procedures for the election of officers and directors and which clearly defines membership in the organization; and

(b)   At least 25 percent of the income of such organization, excluding interest, must be derived from dues or assessments payable on a regular basis by its membership pursuant to provisions contained in the charter or bylaws. <u>Dues may be collected by a group, organization, association, or other such entity from its members and forwarded to the committee of continuous existence. The committee of continuous existence shall report such dues as if it had received the dues directly from its members, in the manner prescribed in subsection (4).</u>

Section 43.   Section 106.055, Florida Statutes, is amended to read:

106.055   Valuation of in-kind contributions.—Any person who makes an in-kind contribution shall, at the time of making such contribution, place a value on such contribution, which valuation shall be the fair market value of such contribution. <u>Travel conveyed upon private aircraft shall be valued at the actual cost of per person commercial air travel for the same or a substantially similar route.</u>

Section 44.   Subsection (10) is added to section 106.08, Florida Statutes, to read:

CODING:  Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

106.08　　Contributions; limitations on.—

(10)　Contributions to a political committee or committee of continuous existence may be received by an affiliated organization and transferred to the bank account of the political committee or committee of continuous existence via check written from the affiliated organization if such contributions are specifically identified as intended to be contributed to the political committee or committee of continuous existence. All contributions received in this manner shall be reported pursuant to s. 106.07 by the political committee or committee of continuous existence as having been made by the original contributor.

Section 45.　Section 106.09, Florida Statutes, is amended to read:

106.09　　Cash contributions and contribution by cashier's checks.—

(1)　A person may not make or accept a cash contribution or contribution by means of a cashier's check in excess of $50 $100.

(2)(a)　Any person who makes or accepts a contribution in excess of $50 $100 in violation of this section commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(b)　Any person who knowingly and willfully makes or accepts a contribution in excess of $5,000 in violation of this section commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Section 46.　Subsection (1) of section 106.143, Florida Statutes, is amended to read:

106.143　　Political advertisements circulated prior to election; requirements.—

(1)(a)　Any political advertisement that is paid for by a candidate and that is published, displayed, or circulated prior to, or on the day of, any election must prominently state: "Political advertisement paid for and approved by ...name of candidate)..., ...party affiliation)..., for ...(office sought)..."

(b)　Any other political advertisement published, displayed, or circulated prior to, or on the day of, any election must prominently:

1.　Be marked "paid political advertisement" or with the abbreviation "pd. pol. adv."

2.　State the name and address of the persons sponsoring the advertisement.

3.a.(I)　State whether the advertisement and the cost of production is paid for or provided in kind by or at the expense of the entity publishing, displaying, broadcasting, or circulating the political advertisement; or

(II)　State who provided or paid for the advertisement and cost of production, if different from the source of sponsorship.

CODING:  Words stricken are deletions; words underlined are additions.

b.  This subparagraph does not apply if the source of the sponsorship is patently clear from the content or format of the political advertisement.

(c)  Any political advertisement made pursuant to s. 106.021(3)(d) must be marked "paid political advertisement" or with the abbreviation "pd. pol. adv." and must prominently state, "Paid for and sponsored by ...(name of person paying for political advertisement).... Approved by ...(names of persons, party affiliation, and offices sought in the political advertisement)."...

This subsection does not apply to campaign messages used by a candidate and the candidate's supporters if those messages are designed to be worn by a person.

Section 47.  Section 106.17, Florida Statutes, is amended to read:

106.17  Polls and surveys relating to candidacies.—Any candidate, political committee, committee of continuous existence, electioneering communication organization, or state or county executive committee of a political party may authorize or conduct a political poll, survey, index, or measurement of any kind relating to candidacy for public office so long as the candidate, political committee, committee of continuous existence, electioneering communication organization, or political party maintains complete jurisdiction over the poll in all its aspects.

Section 48.  Section 106.25, Florida Statutes, is amended to read:

106.25  Reports of alleged violations to Florida Elections Commission; disposition of findings.—

(1)  Jurisdiction to investigate and determine violations of this chapter and chapter 104 is vested in the Florida Elections Commission; however, nothing in this section limits the jurisdiction of any other officers or agencies of government empowered by law to investigate, act upon, or dispose of alleged violations of this code.

(2)  The commission shall investigate all violations of this chapter and chapter 104, but only after having received either a sworn complaint or information reported to it under this subsection by the Division of Elections. Such sworn complaint must be based upon personal information or information other than hearsay. Any person, other than the division, having information of any violation of this chapter or chapter 104 shall file a sworn complaint with the commission. The commission shall investigate only those alleged violations specifically contained within the sworn complaint. If any complainant fails to allege all violations that arise from the facts or allegations alleged in a complaint, the commission shall be barred from investigating a subsequent complaint from such complainant that is based upon such facts or allegations that were raised or could have been raised in the first complaint. If the complaint includes allegations of violations relating to expense items reimbursed by a candidate, committee, or organization to the campaign account before a sworn complaint is filed, the commission shall be barred from investigating such allegations. Such sworn complaint shall state whether a complaint of the same violation has been made to any state

CODING:  Words stricken are deletions; words underlined are additions.

attorney. Within 5 days after receipt of a sworn complaint, the commission shall transmit a copy of the complaint to the alleged violator. If the executive director finds that the complaint is legally sufficient, the respondent shall be notified of such finding by letter, which sets forth the statutory provisions alleged to have been violated and the alleged factual basis that supports the finding. All sworn complaints alleging violations of the Florida Election Code over which the commission has jurisdiction shall be filed with the commission within 2 years after the alleged violations. The period of limitations is tolled on the day a sworn complaint is filed with the commission. The complainant may withdraw the sworn complaint at any time prior to a probable cause hearing if good cause is shown. Withdrawal shall be requested in writing, signed by the complainant, and witnessed by a notary public, stating the facts and circumstances constituting good cause. The executive director shall prepare a written recommendation regarding disposition of the request which shall be given to the commission together with the request. "Good cause" shall be determined based upon the legal sufficiency or insufficiency of the complaint to allege a violation and the reasons given by the complainant for wishing to withdraw the complaint. If withdrawal is permitted, the commission must close the investigation and the case. No further action may be taken. The complaint will become a public record at the time of withdrawal.

(3) For the purposes of commission jurisdiction, a violation shall mean the willful performance of an act prohibited by this chapter or chapter 104 or the willful failure to perform an act required by this chapter or chapter 104. Willfulness is a determination of fact; however, at the request of the respondent, willfulness may be considered and determined in an informal hearing before the commission.

(4) The commission shall undertake a preliminary investigation to determine if the facts alleged in a sworn complaint or a matter initiated by the division constitute probable cause to believe that a violation has occurred. The respondent, the complainant, and their respective counsel shall be permitted to attend the hearing at which the probable cause determination is made. Notice of the hearing shall be sent to the respondent and the complainant at least 14 days prior to the date of the hearing. The respondent and his or her counsel shall be permitted to make a brief oral statement in the nature of oral argument to the commission before the probable cause determination. The commission's determination shall be based upon the investigator's report, the complaint, and staff recommendations, as well as any written statements submitted by the respondent and any oral statements made at the hearing. No testimony or other evidence shall be accepted at the hearing. Upon completion of the preliminary investigation, the commission shall, by written report, find probable cause or no probable cause to believe that this chapter or chapter 104 has been violated.

(a) When the investigator's report is completed, the executive director shall notify the respondent that the report is completed and shall send to the respondent a copy of the investigator's report. The investigatory file and main complaint file shall be open for inspection by the respondent and the respondent's counsel at that time, and copies may be obtained at no more than cost.

CODING: Words stricken are deletions; words underlined are additions.

(b)   The respondent shall be given not less than 14 days from the date of mailing of the investigator's report to file with the commission a written response to the investigator's report. This time period may be shortened with the consent of the respondent, or without the consent of the respondent when the passage of time could reasonably be expected to render moot the ultimate disposition of the matter by the commission so long as reasonable notice under the circumstances is given.

(c)   Counsel for the commission shall review the investigator's report and shall make a written recommendation to the commission for the disposition of the complaint. If the counsel for the commission recommends that the commission find probable cause, the recommendation shall include a statement of what charges shall be at issue. A copy of the recommendation shall be furnished to the respondent. The respondent shall be given not less than 14 days from the date of mailing of the recommendation of counsel for the commission to file with the commission a written response to the recommendation. This time period may be shortened with the consent of the respondent, or without the consent of the respondent when the passage of time could reasonably be expected to render moot the ultimate disposition of the matter by the commission, so long as the recommendation is furnished to the respondent within a reasonable period of time under the circumstances.

(d)   The respondent and each complainant, their counsel, and the counsel for the commission shall be permitted to attend the hearing at which the probable cause determination is made. Notice of the hearing shall be sent to the respondent, each complainant, and counsel for the commission at least 14 days before the hearing. This time period may be shortened with the consent of the respondent, or without the consent of the respondent when the passage of time could reasonably be expected to render moot the ultimate disposition of the matter by the commission, so long as the notice is furnished within a reasonable period of time under the circumstances.

(e)   The probable cause determination is the conclusion of the preliminary investigation. The respondent and the counsel for the commission shall be permitted to make brief oral statements in the nature of oral argument to the commission, based on the investigator's report, before the probable cause determination. The commission's determination shall be based upon the investigator's report, the recommendation of counsel for the commission, the complaint, and staff recommendations, as well as any written statements submitted by the respondent and any oral statements made at the hearing. No testimony or other evidence will be accepted at the hearing.

(f)   At its meeting to determine probable cause, the commission may continue its determination to allow further investigation; may order the issuance of a public report of its investigation if it finds no probable cause to believe that there has been a violation of this chapter or chapter 104, concluding the matter before it; may order a final, public hearing of the complaint if it finds probable cause to believe that there has been a violation of this chapter or chapter 104; or may take such other action as it deems necessary to resolve the complaint, consistent with due process of law. In making its determination, the commission may consider:

CODING:  Words stricken are deletions; words underlined are additions.

1.   The sufficiency of the evidence against the respondent, as contained in the investigator's report;

2.   The admissions and other stipulations of the respondent, if any;

3.   The nature and circumstances of the respondent's actions;

4.   The expense of further proceedings; and

5.   Such other factors as it deems material to its decision.

If the commission finds probable cause, the commission shall determine what charges shall be at issue.

(g)(a)   If no probable cause is found, the commission shall dismiss the case and the case shall become a matter of public record, except as otherwise provided in this section, together with a written statement of the findings of the preliminary investigation and a summary of the facts which the commission shall send to the complainant and the alleged violator. A finding of no probable cause by the commission is a full adjudication of all such matters. The commission may not charge a respondent in a subsequent complaint alleging violations based upon the same actions, nonactions, or circumstances wherein the commission found no probable cause.

(h)(b)   If probable cause is found, the commission shall so notify the complainant and the alleged violator in writing. All documents made or received in the disposition of the complaint shall become public records upon a finding by the commission.

(i)1.   Upon a commission finding of probable cause, the counsel for the commission shall attempt to reach a consent agreement with the respondent.

2.   A consent agreement is not binding upon either party unless and until it is signed by the respondent and by counsel for the commission upon approval by the commission.

3.   Nothing herein shall be construed to prevent the commission from entering into a consent agreement with a respondent prior to a commission finding of probable cause if a respondent indicates in writing a desire to enter into negotiations directed towards reaching such a consent agreement. Any consent agreement reached under this subparagraph is subject to the provisions of subparagraph 2. and shall have the same force and effect as a consent agreement reached after the commission finding of probable cause.

(j)   If a consent agreement is reached between the commission and the respondent, counsel for the commission shall send a copy of the signed agreement to both complainant and respondent.

In a case where probable cause is found, the commission shall make a preliminary determination to consider the matter or to refer the matter to the state attorney for the judicial circuit in which the alleged violation

CODING:  Words stricken are deletions; words underlined are additions.

occurred. <u>Notwithstanding any other provisions of this section, the commission may, at its discretion, dismiss any complaint at any stage of disposition if it determines that the public interest would not be served by proceeding further, in which case the commission shall issue a public report stating with particularity its reasons for the dismissal.</u>

(5) <u>Unless</u> <s>When there are disputed issues of material fact in a proceeding conducted under ss. 120.569 and 120.57,</s> a person alleged by the Elections Commission to have committed a violation of this chapter or chapter 104 <u>elects</u> <s>may elect</s>, within 30 days after the date of the filing of the commission's allegations, to have a <u>formal or informal hearing conducted before the commission, or elects to resolve the complaint by consent order, such person shall be entitled to a formal administrative</u> hearing conducted by an administrative law judge in the Division of Administrative Hearings. <u>The administrative law judge in such proceedings shall enter a final order subject to appeal as provided in s. 120.68.</u>

(6) It is the duty of a state attorney receiving a complaint referred by the commission to investigate the complaint promptly and thoroughly; to undertake such criminal or civil actions as are justified by law; and to report to the commission the results of such investigation, the action taken, and the disposition thereof. The failure or refusal of a state attorney to prosecute or to initiate action upon a complaint or a referral by the commission shall not bar further action by the commission under this chapter.

(7) Every sworn complaint filed pursuant to this chapter with the commission, every investigation and investigative report or other paper of the commission with respect to a violation of this chapter or chapter 104, and every proceeding of the commission with respect to a violation of this chapter or chapter 104 is confidential, is exempt from the provisions of ss. 119.07(1) and 286.011, and is exempt from publication in the Florida Administrative Weekly of any notice or agenda with respect to any proceeding relating to such violation, except under the following circumstances:

(a) As provided in subsection (6);

(b) Upon a determination of probable cause or no probable cause by the commission; or

(c) For proceedings conducted with respect to appeals of fines levied by filing officers for the late filing of reports required by this chapter.

However, a complainant is not bound by the confidentiality provisions of this section. In addition, confidentiality may be waived in writing by the person against whom the complaint has been filed or the investigation has been initiated. If a finding of probable cause in a case is entered within 30 days prior to the date of the election with respect to which the alleged violation occurred, such finding and the proceedings and records relating to such case shall not become public until noon of the day following such election. When two or more persons are being investigated by the commission with respect to an alleged violation of this chapter or chapter 104, the commission may not publicly enter a finding of probable cause or no probable cause in the

37

CODING: Words <s>stricken</s> are deletions; words <u>underlined</u> are additions.

case until a finding of probable cause or no probable cause for the entire case has been determined. However, once the confidentiality of any case has been breached, the person or persons under investigation have the right to waive the confidentiality of the case, thereby opening up the proceedings and records to the public. Any person who discloses any information or matter made confidential by the provisions of this subsection commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(8)  Any person who files a complaint pursuant to this section while knowing that the allegations contained in such complaint are false or without merit commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(9)  The commission shall maintain a database of all final orders and agency actions. Such database shall be available to the public and shall be maintained in such a manner as to be searchable, at a minimum, by issue, statutes, individuals, or entities referenced.

Section 49.  Subsection (4) of section 106.35, Florida Statutes, is amended to read:

106.35  Distribution of funds.—

(4)  Distribution of funds shall be made beginning on the 32nd day prior to the primary within 7 days after the close of qualifying and every 7 days thereafter.

Section 50.  Section 112.51, Florida Statutes, is amended to read:

112.51  Municipal officers; suspension; removal from office.—

(1)  By executive order stating the grounds for the suspension and filed with the Secretary of State, the Governor may suspend from office any elected or appointed municipal official for malfeasance, misfeasance, neglect of duty, habitual drunkenness, incompetence, or permanent inability to perform official duties.

(2)  Whenever any elected or appointed municipal official is arrested for a felony or for a misdemeanor related to the duties of office or is indicted or informed against for the commission of a federal felony or misdemeanor or state felony or misdemeanor, the Governor has the power to suspend such municipal official from office.

(3)  The suspension of such official by the Governor creates a temporary vacancy in such office during the suspension. Any temporary vacancy in office created by suspension of an official under the provisions of this section shall be filled by a temporary appointment to such office for the period of the suspension. Such temporary appointment shall be made in the same manner and by the same authority by which a permanent vacancy in such office is filled as provided by law. If no provision for filling a permanent vacancy in such office is provided by law, the temporary appointment shall be made by the Governor.

CODING:  Words stricken are deletions; words underlined are additions.

(4)  No municipal official who has been suspended from office under this section may perform any official act, duty, or function during his or her suspension; receive any pay or allowance during his or her suspension; or be entitled to any of the emoluments or privileges of his or her office during suspension.

(5)  If the municipal official is convicted of any of the charges contained in the indictment or information by reason of which he or she was suspended under the provisions of this section, the Governor shall remove such municipal official from office. <u>If a person was selected to fill the temporary vacancy pursuant to subsection (3), that person shall serve the remaining balance, if any, of the removed official's term of office. Otherwise, any vacancy created by the removal shall be filled as provided by law.</u> For the purposes of this section, any person who pleads guilty or nolo contendere or who is found guilty shall be deemed to have been convicted, notwithstanding a suspension of sentence or a withholding of adjudication.

(6)  If the municipal official is acquitted or found not guilty or is otherwise cleared of the charges which were the basis of the arrest, indictment, or information by reason of which he or she was suspended under the provisions of this section, then the Governor shall forthwith revoke the suspension and restore such municipal official to office; and the official shall be entitled to and be paid full back pay and such other emoluments or allowances to which he or she would have been entitled for the full period of time of the suspension. If, during the suspension, the term of office of the municipal official expires and a successor is either appointed or elected, such back pay, emoluments, or allowances shall only be paid for the duration of the term of office during which the municipal official was suspended under the provisions of this section, and he or she shall not be reinstated.

Section 51.   <u>Section 106.37, Florida Statutes, is repealed.</u>

Section 52.   Subsections (2) and (3) of section 189.405, Florida Statutes, are amended to read:

189.405   Elections; general requirements and procedures; education programs.—

(2)(a)  Any independent special district located entirely in a single county may provide for the conduct of district elections by the supervisor of elections for that county. Any independent special district that conducts its elections through the office of the supervisor shall make election procedures consistent with the Florida Election Code.

(b)  Any independent special district not conducting district elections through the supervisor of elections shall report to the supervisor in a timely manner the purpose, date, authorization, procedures, and results of each election conducted by the district.

(c)  A candidate for a position on a governing board of a single-county special district that has its elections conducted by the supervisor of elections shall qualify for the office with the county supervisor of elections in whose jurisdiction the district is located. Elections for governing board members

CODING:  Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

elected by registered electors shall be nonpartisan, except when partisan elections are specified by a district's charter. Candidates shall qualify <u>as directed by chapter 99.</u> ~~by paying a filing fee equal to 3 percent of the salary or honorarium paid for the office, or a filing fee of $25, whichever is more. Alternatively, candidates may qualify by submitting a petition that contains the signatures of at least 3 percent of the district's registered electors, or any lesser amount of signatures directed by chapter 99, chapter 582, or other general or special law. No election or party assessment shall be levied if the election is nonpartisan.~~ The qualifying fee shall be remitted to the general revenue fund of the qualifying officer to help defray the cost of the election. ~~The petition form shall be submitted and checked in the same manner as those for nonpartisan judicial candidates pursuant to s. 105.035.~~

(3)(a) If a multicounty special district has a popularly elected governing board, elections for the purpose of electing members to such board shall conform to the Florida Election Code, chapters 97-106.

(b) With the exception of those districts conducting elections on a one-acre/one-vote basis, qualifying for multicounty special district governing board positions shall be coordinated by the Department of State. Elections for governing board members elected by registered electors shall be nonpartisan, except when partisan elections are specified by a district's charter. Candidates shall qualify <u>as directed by chapter 99.</u> ~~by paying a filing fee equal to 3 percent of the salary or honorarium paid for the office, or a filing fee of $25, whichever is more. Alternatively, candidates may qualify by submitting a petition that contains the signatures of at least 3 percent of the district's registered electors, or any lesser amount of signatures directed by chapter 99, chapter 582, or other general or special law. No election or party assessment shall be levied if the election is nonpartisan.~~ The qualifying fee shall be remitted to the Department of State. ~~The petition form shall be submitted and checked in the same manner as those for nonpartisan judicial candidates pursuant to s. 105.035.~~

Section 53. Paragraph (a) of subsection (1) of section 191.005, Florida Statutes, is amended to read:

191.005 District boards of commissioners; membership, officers, meetings.—

(1)(a) With the exception of districts whose governing boards are appointed collectively by the Governor, the county commission, and any cooperating city within the county, the business affairs of each district shall be conducted and administered by a five-member board. All three-member boards existing on the effective date of this act shall be converted to five-member boards, except those permitted to continue as a three-member board by special act adopted in 1997 or thereafter. The board shall be elected in nonpartisan elections by the electors of the district. Except as provided in this act, such elections shall be held at the time and in the manner prescribed by law for holding general elections in accordance with s. 189.405(2)(a) and (3), and each member shall be elected for a term of 4 years and serve until the member's successor assumes office. Candidates for the board of a district shall qualify <u>as directed by chapter 99.</u> ~~with the county~~

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

~~supervisor of elections in whose jurisdiction the district is located. If the district is a multicounty district, candidates shall qualify with the Department of State. All candidates may qualify by paying a filing fee of $25 or by obtaining the signatures of at least 25 registered electors of the district on petition forms provided by the supervisor of elections which petitions shall be submitted and checked in the same manner as petitions filed by nonpartisan judicial candidates pursuant to s. 105.035. Notwithstanding s. 106.021, a candidate who does not collect contributions and whose only expense is the filing fee is not required to appoint a campaign treasurer or designate a primary campaign depository.~~

Section 54. Paragraph (a) of subsection (1) of section 582.18, Florida Statutes, is amended to read:

582.18 Election of supervisors of each district.—

(1) The election of supervisors for each soil and water conservation district shall be held every 2 years. The elections shall be held at the time of the general election provided for by s. 100.041. The office of the supervisor of a soil and water conservation district is a nonpartisan office, and candidates for such office are prohibited from campaigning or qualifying for election based on party affiliation.

(a) Each candidate for supervisor for such district shall <u>qualify as directed by chapter 99.</u> ~~be nominated by nominating petition subscribed by 25 or more qualified electors of such district. Candidates shall obtain signatures on petition forms prescribed by the Department of State and furnished by the appropriate qualifying officer. In multicounty districts, the appropriate qualifying officer is the Secretary of State; in single-county districts, the appropriate qualifying officer is the supervisor of elections. Such forms may be obtained at any time after the first Tuesday after the first Monday in January preceding the election, but prior to the 21st day preceding the first day of the qualifying period for state office. Each petition shall be submitted, prior to noon of the 21st day preceding the first day of the qualifying period for state office, to the supervisor of elections of the county for which such petition was circulated. The supervisor of elections shall check the signatures on the petition to verify their status as electors in the district. Prior to the first date for qualifying, the supervisor of elections shall determine whether the required single-county signatures have been obtained; and she or he shall so notify the candidate. In the case of a multicounty candidate, the supervisor of elections shall check the signatures on petitions and shall, prior to the first date for qualifying for office, certify to the Department of State the number shown as registered electors of the district. The Department of State shall determine if the required number of signatures has been obtained for multicounty candidates and shall so notify the candidate. If the required number of signatures has been obtained for the name of the candidate to be placed on the ballot, the candidate shall, during the time prescribed for qualifying for office in s. 99.061, submit a copy of the notice to, and file her or his qualification papers with, the qualifying officer and take the oath prescribed in s. 99.021.~~

Section 55. Subsection (1) of section 876.05, Florida Statutes, is amended to read:

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

876.05 Public employees; oath.—

(1) All persons who now or hereafter are employed by or who now or hereafter are on the payroll of the state, or any of its departments and agencies, subdivisions, counties, cities, school boards and districts of the free public school system of the state or counties, or institutions of higher learning, and all candidates for public office, <u>except candidates for federal office,</u> are required to take an oath before any person duly authorized to take acknowledgments of instruments for public record in the state in the following form:

I, ...., a citizen of the State of Florida and of the United States of America, and being employed by or an officer of ....and a recipient of public funds as such employee or officer, do hereby solemnly swear or affirm that I will support the Constitution of the United States and of the State of Florida.

Section 56. <u>At the time of qualification, all write-in candidates must reside within the district represented by the office sought.</u>

Section 57. Except as otherwise expressly provided in this act and except for this section, which shall take effect upon becoming a law, this act shall take effect January 1, 2008.

Approved by the Governor May 21, 2007.

Filed in Office Secretary of State May 21, 2007.

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.