UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21265-CIV-SEITZ/MCALILEY

------------------------------------------------------------------------
LEAGUE OF WOMEN VOTERS OF FLORIDA, PEOPLE
ACTING FOR COMMUNITY TOGETHER (PACT),
FLORIDA AFL-CIO, AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES,
COUNCIL 79 (AFSCME), SEIU FLORIDA
HEALTHCARE UNION, as organizations and as
representatives of their members; MARILYNN WILLS;
and JOHN and JANE DOES 1-100,

           Plaintiffs,

              v.

KURT S. BROWNING, individually and in his official
capacity as Secretary of State for the State of Florida, and
DONALD PALMER, individually and in his official
capacity as Director of the Division of Elections within the
Department of State for the State of Florida,

           Defendants.
------------------------------------------------------------------------

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO DISMISS FOR LACK OF JURISDICTION**

Plaintiffs respectfully submit this response to Defendants' Motion to Dismiss for Lack of

Jurisdiction.  Plaintiffs do not object to the dismissal of their First Amended Complaint as moot.

**Background**

Plaintiffs commenced this action on May 18, 2006, to challenge Fla. Stat. §§ 97.021(36),

97.0585 (2005), a new and unprecedented Florida law restricting third-party voter registration

drives.  Plaintiffs complained that the law unconstitutionally burdened the speech and association

intrinsic to their voter registration drives and thus violated the First Amendment.  Because the

law had forced them to shut down or dramatically scale back their voter registration drives,

1

plaintiffs moved for a preliminary injunction enjoining its enforcement.  After three days of testimony and argument on the motion, this Court granted plaintiffs' motion for a preliminary injunction and denied defendants' motion to dismiss in part in an opinion dated August 28, 2006.

This Court rejected defendants' argument that a law that regulates the collection and submission of voter registration forms in a manner that reduces accompanying speech and association does not implicate the First Amendment.  This Court found that the law burdened plaintiffs' First Amendment activity, which was intertwined with their voter registration drives, and caused them to reduce their speech and association.  Several features of the law were responsible for this effect, including its onerous fines, its arbitrary deadlines, and its strict and joint and several liability.  Taken as a whole, the law made it extremely risky to engage in voter registration because it threatened expensive fines for both groups and individuals that do so.  This Court also found that the law unconstitutionally discriminated in favor of political parties by exempting them from its reach.  Finally, this Court found that the burdens the law imposed were not justified by the state's alleged interests.  In doing so, the Court found that there was no significant problem in Florida of nonpartisan voter registration groups submitting voter registration forms in an untimely fashion, and that the defendants had not shown that the existing criminal penalties were insufficient to address concerns about misconduct or fraud, among other things.

On August 28, 2006, defendants appealed the grant of the preliminary injunction under 12 U.S.C. § 1292(a)(1).  Although that appeal did not deprive this Court of continuing jurisdiction over this action, the parties agreed to a stay of further proceedings in this Court until August 12, 2007, or the date of a decision by the Eleventh Circuit, whichever came sooner.

After the appeal was briefed, on May 21, 2007, Florida enacted amendments to the challenged law.  The law as amended leaves in place the essential features of the prior version of the law that interfered with plaintiffs' voter registration drives—escalating fines for failing to meet arbitrary deadlines,[1] nearly strict liability for those fines (with exceptions only for "impossibility" and "force majeure"), and the risk of significant fines for individual volunteers and employees of plaintiffs' voter registration drives.  Although the amended law purports to impose a $1000 annual limit on fines for each "voter registration organization" and its "affiliate organizations," the vague and ambiguous statutory language creates a serious risk that each individual and related entity working with plaintiffs on a voter registration drive will each be liable for up to $1000 in fines each year for their First Amendment activity.[2]  In amending the law, the legislature articulated no additional state interest that would justify its restriction of plaintiffs' First Amendment activity.  Absent further relief, the amended law will penalize groups and individuals who engage in voter registration drives and will curtail their core political speech and association in a way similar to the prior version of the law enjoined by this Court.

After the parties agreed that the amendment to the challenged law would moot defendants' appeal once the law went into effect (on January 1, 2008 or after preclearance of the law by the Department of Justice, whichever came later), the Eleventh Circuit cancelled oral argument.  While awaiting the likely dismissal of the appeal, plaintiffs and defendants entered into a standstill agreement on November 29, 2007 under which defendants agreed not to enforce the amended version of the law and plaintiffs agreed not to press forward with their litigation in

---

[1] The amended law reduces the fines to $50 per form submitted more than ten days after it was collected, $250 per form submitted after the voter registration deadline, and $500 per lost form, but retains higher fine amounts ($250, $500, and $1,000 respectively) where the organization or those acting on its behalf could be said to have acted willfully.

[2] The amended law also eliminated the law's exemption for political parties that conduct voter registration drives.

this Court.  On January 22, 2008, the Justice Department precleared the amended law.  On February 19, 2008, the Eleventh Circuit Court of Appeals dismissed plaintiffs' appeal as moot. The standstill agreement remained in force, preventing the law from being enforced, until defendants elected to terminate the agreement on March 31, 2008.  Defendants filed the instant motion to dismiss a few days later.  Under the terms of the standstill agreement, defendants can begin enforcing the amended law against voter registration groups on April 30, 2008.

**Mootness**

Plaintiffs do not dispute that the claims in the First Amended Complaint, challenging the previous versions of Fla. Stat. §§ 97.021(36) and 97.0575, are, without further amendment of the complaint, now moot.  The amended versions of Fla. Stat. §§ 97.021(36) and 97.0575, however, continue to violate plaintiffs' rights under the First and Fourteenth Amendments by imposing escalating fines for failing to meet arbitrary deadlines, nearly strict liability (with extremely limited exceptions) for those fines, and the risk of significant fines for individual volunteers and employees of plaintiffs' voter registration drives.

While plaintiffs are entitled to "amend their complaint so as to . . . attack the newly enacted legislation," *Diffenderfer v. Central Baptist Church of Miami*, 404 U.S. 412, 414-15 (1972) (remanding to district court for leave to amend rather than outright dismissal where effects of new legislation enacted during pending appeal were unclear), thereby avoiding mootness, plaintiffs are similarly entitled to assert their claims in a new proceeding.  *See Lamar Adver., Inc. v. City of Lakeland*, 189 F.R.D. 480, 493 (M.D. Fla. 1999) (it would be proper to assert claims against newly amended law in new complaint); *see also Curtis v. Citibank*, 226 F.3d 133, 139 (2d Cir. 2000) ("The plaintiff has no continuing obligation to file amendments to the complaint to stay abreast of subsequent events; plaintiff may simply bring a later suit on

those later-arising claims."); *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1464 (2d Cir. 1996)

("If a defendant engages in actionable conduct after a lawsuit is commenced, the plaintiff may

seek leave to file a supplemental pleading . . . .  But he is not required to do so. . . .").  Rather

than petitioning this Court for leave to amend the First Amended Complaint in the instant action,

plaintiffs will challenge the amended law in a new complaint, to be filed shortly.

     Accordingly, plaintiffs do not object to this Court's dismissal of their First Amended

Complaint in the instant action as moot.[3]

Respectfully submitted,

Dated: April 21, 2008


/s/ Gary C. Rosen                     Wendy R. Weiser
Gary C. Rosen, Florida Bar No. 310107    Renée Paradis
BECKER &  POLIAKOFF, P.A.          BRENNAN CENTER FOR JUSTICE AT
3111 Stirling Road                      NYU SCHOOL OF LAW
Ft. Lauderdale, Florida 33312         161 Avenue of the Americas, 12th Floor
Tel: (954) 985-4133                 New York, N.Y. 10013
                            Tel: (212) 998-6730

Elizabeth S. Westfall
ADVANCEMENT PROJECT
1730 M. Street, N.W., Suite 910
Washington, D.C. 20036
Tel: (202) 728-9557

*Attorneys for Plaintiffs*

---

[3] Of course, a dismissal of an action as moot is not a decision on the merits, *see Fla. Pub. Interest Research Group Citizen Lobby, Inc. v. EPA*, 386 F.3d 1070, 1086 (11th Cir. 2004), and thus can have no preclusive effect in a future action, *see I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986).