UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-21265-CIV-SEITZ-MCALILEY

LEAGUE OF WOMEN VOTERS OF FLORIDA;
PEOPLE ACTING FOR COMMUNITY TOGETHER
(PACT); FLORIDA ALF–CIO; AMERICAN
FEDERATION OF STATE, COUNTY AND LOCAL
EMPLOYEES, COUNCIL 79 (AFSCME); SEIU
FLORIDA HEALTHCARE UNION, as organizations
and as representatives of their members; MARILYN
WILLS; and JOHN and JANE DOES 1–100,

       Plaintiffs,

v.

KURT S. BROWNING, in his official capacity as
Secretary of State for the State of Florida; and DONALD L.
PALMER, in his official capacity as Director of the
Division of Elections within the Department
of State for the State of Florida,

       Defendants.
_____

**DEFENDANTS' MOTION FOR REASSIGNMENT
FOR DETERMINATION OF PLAINTIFFS' MOTION FOR FEES
AND COSTS AND INCORPORATED MEMORANDUM OF LAW**

    Defendants Kurt S. Browning, in his official capacity as Secretary of State for the State of Florida, and Donald L. Palmer, in his official capacity as Director of the Division of Elections, submit this Motion for reassignment for resolution of Plaintiffs' Motion for Fees and Costs.

    1.    On August 28, 2006, this Court granted a preliminary injunction in favor of all Plaintiffs, including lead Plaintiff League of Women Voters of Florida. (Doc. 57.) Defendants timely appealed, and this Court stayed further proceedings pending resolution

of the appeal. (Doc. 77.) The Eleventh Circuit subsequently dismissed the appeal as moot. (Doc. 79.) This Court then dismissed the underlying case as well. (Doc. 83.)

2. On June 20, 2008, Plaintiffs filed a Motion for Fees and Costs, asserting an entitlement to nearly $800,000 for their success in obtaining a preliminary injunction (the "Fee Motion"). (Doc. 86.) This Court referred the Fee Motion to the Magistrate Judge for a report and recommendation. (Doc. 89.)

3. On July 3, 2008, this Court entered its "Notice to Parties and Directions to Clerk of Court." (Doc. 91.) The Notice informed the parties that on June 25, 2008—shortly after Plaintiffs filed their Fee Motion—the Court "swore in the Officers of League of Women Voters, Miami-Dade County Chapter, because of her longstanding acquaintance with the President, Anne Betancourt." *Id.* The Court then provided the parties an opportunity to file a notice under seal with the clerk of court if they "perceived they [would] be unfairly prejudiced by this action." *Id.*

4. Defendants promptly filed such a notice under seal. (Doc. 97.) The Clerk of Court did not immediately docket it, but subsequently docketed it as of the date it was first received (July 14, 2008). The Court has taken no additional action with respect to the Notice.

5. The Magistrate Judge has now issued his report and recommendation, and the parties have filed their respective objections and responses. (Docs. 101, 102, 105, 108, 109.) Therefore, the fee issue is ripe for determination. Defendants respectfully renew their objection to this Court's involvement in Plaintiffs' request for nearly $800,000 in fees and costs. Defendants respectfully request reassignment for further proceedings.

6.  By statute, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The appropriate standard is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990)). In addition a judge should recuse herself if she "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b). "The bias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir.), *cert. denied,* 128 S. Ct. 671 (2007) (citation and marks omitted).

7.  There need not be actual bias or impartiality to support reassignment—the potential appearance of such impartiality is sufficient. *See Liteky v. United States,* 510 U.S. 540, 548 (1994) ("[W]hat matters is not the reality of bias or prejudice but its appearance."); *United States v. Torkington*, 874 F.2d 1441, 1447 (11th Cir. 1989) ("We do not question the district judge's actual ability, integrity, and impartiality. Rather, we respond to the appearance of a lack of neutrality and act to preserve in the public mind the image of absolute impartiality and fairness of the judiciary. . . . [W]e must preserve not only the reality but also the appearance of the proper functioning of the judiciary as a neutral, impartial administrator of justice."). Moreover, any doubt about whether recusal is warranted must be resolved in favor of recusal. *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989).

8.     Ms. Betancourt, a former four-term state legislator, is the current president of the local League of Women Voters.  According to Plaintiffs' amended complaint, the local League was substantially affected by the litigation:  "In the past, the League has conducted voter registration drives through the auspices of 27 local Leagues located in cities and counties throughout Florida, including Miami-Dade County."  (Amended Comp. ¶ 13.)  Plaintiff League of Women Voters is comprised of its 27 local Leagues.  (Gilliotti Dec., Doc. 10 at 126) ("The League currently has 27 local Leagues located in the following cities and counties throughout Florida:  Miami-Dade County . . . .").

9.     Although the Court indicated its belief that its extra-judicial involvement with the local League of Women Voters did not require recusal under 28 U.S.C. § 455, it nonetheless invited the parties to provide notice of any objection to the Court's continued involvement.  (Doc. 91.)  Defendants timely filed such a notice, and the Court has taken no further action in the ensuing six months.  Defendants respectfully believe that, given the events described above, including the Court's *sua sponte* invitation to the parties to notice their perception of unfair prejudice, the Court should reassign the case to avoid any question regarding its impartiality.

**WHEREFORE**, the Defendants respectfully request this Court enter an order reassigning this matter for further proceedings.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(A)(3), the undersigned conferred with opposing counsel in a good faith effort to reach agreement on the issues raised in this motion.  No agreement was reached, and Plaintiffs oppose the relief sought.

Submitted this 21st day of January, 2009.

/s/ *Allen Winsor*
PETER ANTONACCI
Florida Bar No. 280690
ALLEN WINSOR
Florida Bar No. 016295
GRAYROBINSON, PA
Post Office Box 11189
Tallahassee, Florida 32302-3189
  Telephone (850) 577-9090
  Facsimile  (850) 577-3311
  Email:  pva@gray-robinson.com
          awinsor@gray-robinson.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been served through the Court's CM/ECF system or by electronic mail this 21st day of January, 2009, to the following:

| | |
|---|---|
| Gary C. Rosen<br>Becker & Poliakoff, P.A.<br>3111 Stirling Road<br>Fort Lauderdale, FL 33312<br>  Phone: (954) 985–4133<br>  grosen@becker-poliakoff.com | Wendy R. Weiser<br>Renee Paradis<br>Brennan Center for Justice<br>at NYU School of Law<br>161 Avenue of the Americas, 12th Floor<br>New York, NY 10013<br>  Phone: (212) 998–6730<br>  wendy.weiser@nyu.edu |
| Elizabeth S. Westfall<br>Jennifer Maranzano<br>Estelle H. Rogers<br>Advancement Project<br>1730 M. Street, NW, Suite 910<br>Washington, DC 20036<br>  Phone: (202) 728-9557<br>  Fax: (202) 728-9558<br>  ewestfall@advancementproject.org | Eric A. Tirschwell<br>Craig L. Siegel<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>  Phone: (212) 715–9100<br>  csiegel@KRAMERLEVIN.com |

/s/ *Allen Winsor*
Allen Winsor