UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21265-CIV-SEITZ/O'SULLIVAN

------------------------------------- x
LEAGUE OF WOMEN VOTERS OF FLORIDA, :
PEOPLE ACTING FOR COMMUNITY TOGETHER, :
FLORIDA AFL-CIO, AMERICAN FEDERATION OF :
STATE AND MUNICIPAL EMPLOYEES, COUNCIL :
79 (AFSCME), SEIU FLORIDA HEALTHCARE :
UNION, as organizations and as representatives of their :
members, and MARILYN WILLS, : **PLAINTIFFS' RESPONSE**
                                                                                             : **TO DEFENDANTS'**
                    Plaintiffs, : **MOTION FOR**
                                                                                                 : **REASSIGNMENT FOR**
                           v. : **DETERMINATION OF**
                                                                                                : **PLAINTIFFS' MOTION**
KURT S. BROWNING, in his official capacity as : **FOR FEES AND COSTS**
Secretary of State for the State of Florida; and :
DONALD PALMER, in his official capacity as :
Director of the Division of Elections within the :
Department of State for the State of Florida, :
                                                                                               :
                    Defendants. :
------------------------------------- x

      Plaintiffs respectfully submit this response to Defendants' Motion for Reassignment for Determination of Plaintiffs' Motion for Fees and Costs ("Defs.' Mot."). (DE-114.)

**PRELIMINARY STATEMENT**

      The Court correctly held that swearing in the officers of the Miami-Dade County Chapter of the League of Women Voters (the "Miami Local League"), including the Court's "longstanding acquaintance" Anne Betancourt, "does not constitute grounds for recusal under 28 U.S.C. § 455." (DE-91.) Defendants' belated attempt to argue that the Court should reconsider its decision based solely on these two previously considered facts, and only *after* Magistrate Judge O'Sullivan issued a Report and Recommendation adverse to them with respect to plaintiffs' attorneys' fees petition, is wholly without merit. Accordingly, the Court should deny defendants' motion for at least the following four independently dispositive reasons.

*First*, the Court correctly held that there is no basis for recusal here, and defendants fail to present any facts—because there are no facts—that could possibly cast doubt on the Court's impartiality under 28 U.S.C. § 455(a), or support a personal bias or prejudice concerning a party under 28 U.S.C. § 455(b)(1). The Eleventh Circuit case law is clear that swearing in an acquaintance as an officer of a non-party organization cannot form a basis for recusal. *Second*, the Eleventh Circuit has also made clear that, in circumstances like those presented here, *the Court has an affirmative duty not to recuse itself*, for to do so would waste judicial resources and encourage judge-shopping, among other things.

*Third*, defendants have waived any right to seek recusal by failing to move "at the first available opportunity" after learning the relevant facts, and waiting until after the Report and Recommendation was entered. *Fourth*, defendants have failed to properly and timely move for reconsideration of the Court's recusal decision and, nevertheless, cannot come even close to meeting the stringent requirements for obtaining reconsideration. For each of these reasons, the Court should deny defendants' motion.

## STATEMENT OF FACTS

On August 28, 2006, after a three-day hearing and multiple submissions by all parties, the Court granted plaintiffs' motion for a preliminary injunction barring defendants from enforcing a punitive election law (the "Enjoined Law"). (DE-57.) The injunction remained in effect for nearly two years and caused the Florida Legislature to significantly amend the Enjoined Law in an attempt to address its constitutional defects. On or about April 24, 2008, the Court entered an order dismissing the case as moot because of the amendments to the Enjoined Law. (DE-83.) On June 20, 2008, plaintiffs filed a Verified Motion for An Award of Attorneys' Fees and Costs (the "Fee Motion"). (DE-86.) Shortly thereafter, the Court referred the Fee Motion to Magistrate Judge O'Sullivan. (DE-89.)

On July 3, 2008, the Court entered an order stating that on June 25, 2008, the Court swore in the officers of the Miami Local League, including the Court's "longstanding acquaintance" Anne Betancourt (the "Order"). (DE-91.) It held *sua sponte* that "such action does not constitute grounds for recusal under 28 U.S.C. § 455." (*Id.*) It stated also that if "any Party perceives that they will be unfairly prejudiced by this action" they shall file an anonymous

2

notice under seal with the Clerk of the Court, and instructed the Clerk to notify the Court of any such filing but not to "advise this Court of the identity of the objecting Party." (*Id.*)

On December 4, 2008, the Magistrate Judge issued a Report and Recommendation concluding that plaintiffs were entitled to an award of attorneys' fees and costs of approximately half the amount they requested (the "R&R"). (DE-101.) On December 18, 2008, the parties filed their respective objections to the R&R (DE-102; DE-105), and on January 15, 2009, they filed their respective responses to each others' Objections. (DE-108; DE-109.) On January 21, 2009, Defendants filed this motion for reassignment. (DE-114.)

## ARGUMENT

### I. Defendants' Motion Should Be Denied Because The Court Has Already Correctly Held That There Are No Grounds For Recusal Under 28 U.S.C. § 455.

The Court has already correctly held *sua sponte* that there are no grounds for recusal in this case under 28 U.S.C. § 455. (Order.) *See also Christo v. Padgett*, 223 F.3d 1324, 1333 n.9 (11th Cir. 2000) (noting trial judge may consider *sua sponte* whether recusal is appropriate under § 455). Under § 455(a), the question is "whether an objective, fully informed lay observer would entertain *significant doubt* about the judge's impartiality." *In re Walker*, 532 F.3d 1304, 1310 (11th Cir. 2008) (emphasis added). Under § 455(b)(1), the question is whether the judge has actual, personal and extrajudicial bias or prejudice concerning a party. 28 U.S.C. § 455(b)(1); *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007). Defendants fall woefully short of providing any factual basis for significantly doubting the Court's impartiality or concluding the Court harbors any bias or prejudice toward a party, and for this reason alone defendants' motion should be denied.

Defendants argue that the Court should recuse itself and refer the case for reassignment because "[d]efendants respectfully believe" this will "avoid any question regarding impartiality." (Defs.' Mot. ¶ 9.) Defendants entirely base this argument on the facts, previously considered by the Court, that the Court is an acquaintance of Ms. Betancourt's and swore in the officers of an entity that is affiliated with the LWVF, and was allegedly "substantially affected by the litigation." (*Id.* ¶ 8.) Defendants' argument is incorrect.

3

First, even a judge's friendship with a party or participant in a lawsuit is insufficient to show impartiality or bias, or the appearance of such, where nothing personal is at stake for the party or participant. *See Cheney v. United States District Court for the District of Columbia*, 541 U.S. 913, 916 (2004) (holding long-standing friendship between Vice President Cheney and Supreme Court Associate Justice Scalia was not grounds for recusal where litigation involved Vice President's official actions); *Parrish v. Board of Commissioners*, 524 F.2d 98, 101-02 (5th Cir. 1975) (holding judge's "friendship" or "acquaintanceship" with defendants and defense counsel not grounds for recusal).[1] Consequently, the Court's acquaintance with Ms. Betancourt and the Miami Local League, who are not parties to or participants in this case, and who have nothing personal at stake in the case, cannot support recusal.[2]

Although defendants argue that the Miami Local League was "substantially affected by the litigation" (Defs.' Mot. ¶ 8), presumably because the Court's preliminary injunction allowed it to run voter registration drives without the threat of fines under the Enjoined Law, this benefit was enjoyed by every Florida citizen and voter registration group, and is far too remote and speculative to warrant recusal. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313, 1314, 1317 (2d Cir. 1988) ("[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality."); *United States v. State of Alabama*, 828 F.2d 1532, 1541-42 (11th Cir. 1987) (holding where judge's children were part of class who stood to benefit from case, disqualification was inappropriate because any benefit to judge was remote, contingent and speculative). Equally important, all that is remaining for the Court to decide in this case is the Fee Motion, so any past benefit obtained by the Miami Local League from the preliminary injunction is entirely irrelevant.

Second, a judge's association with an organization that is in some way linked to a litigant cannot alone support a finding of impartiality or an appearance of impartiality. Thus, the

---

[1] Decisions by the United States Court of Appeals for the Fifth Circuit through September 30, 1981, constitute precedent for the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[2] Moreover, defendants' subjective belief that there is a question about the Court's impartiality, is plainly insufficient to meet to the objective standard of § 455. (Defs. Mot. ¶ 9) ("*Defendants* respectfully *believe* that . . . the Court should reassign the case to avoid any question regarding impartiality.") (emphases added).

4

Court's acquaintance with non-parties Ms. Betancourt and the Miami Local League, neither of which have any stake in, or would be substantially affected by, the Court's decision on plaintiffs' motion for an award of attorneys' fees, does not provide any basis for recusal. *See Carter v. West Publishing Co.*, 1999 WL 994997, at *5 (11th Cir. Nov. 1, 1999) (Tjoflat, J.) (addendum to single-judge pro forma order denying recusal motion) (finding no recusal warranted where judge's participation in committee sponsored by defendant had "nothing to do with the issues involved in the instant case"); *Wu v. Thomas*, 996 F.2d 271, 274-75 (11th Cir. 1993) (upholding denial of recusal where judge was unpaid adjunct professor at defendant university, planned to create scholarship at university, and donated money to university, because "[a]t most, plaintiffs' claims of personal bias rest on 'unsupported, irrational, or tenuous allegations' about [the judge's] views of plaintiffs"). As Judge Tjoflat has stated:

> [I]t would be an unfortunate circumstance, indeed, if becoming a federal judge meant that one must give up all ties of a social nature. In addition to having me establish a rule that would preclude judges from participating in civic organizations that are in any way linked to potential litigants, plaintiffs would also have judges renounce all friends and acquaintances if their impartiality is to remain unquestioned.

*Carter*, 1999 WL 994997, at *6. For each of the reasons stated above, defendants' motion should be denied.[3]

---

[3] In their submission, defendants cite cases setting out the standards for recusal, but make no argument as to why the Court's acquaintance with Ms. Betancourt or the swearing in of the officers of the Miami Local League meets any of those standards. That is because they have no argument. The cases cited by defendants are either *totally off-point, see Liteky v. United States*, 510 U.S. 540, 541 (1994) (holding recusal not warranted based on judicial rulings and ordinary admonishments that did not display deep-seated, unequivocal antagonism that would render fair judgment impossible); *United States v. Torkington*, 874 F.2d 1441, 1447 (11th Cir. 1989) (addressing pervasive bias in the proceeding); *U.S. v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989) (finding recusal should have been granted where judge "expressed profound doubts about the propriety of continuing to sit on the case; indeed he expressed near certainty that he should disqualify himself"), or *support* this Court's ruling that there is no basis for recusal here, *see Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (finding long-term working relationship with defendants insufficient for recusal); *Amedeo*, 487 F.3d at 828-29 (finding recusal appropriately denied where motion based on conclusory allegations of actual bias and unfavorable rulings); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (finding friendship and business relations with Birmingham mayor, who "was neither a party nor a witness in th[e] case," provided no basis for recusal where City of Birmingham was party).

## II. Defendants' Motion Should Be Denied Because The Court Has An Affirmative Duty Not To Recuse Itself In This Case.

Where, as here, no appearance of impartiality or bias exists, the Court has a duty not to recuse itself because recusal would waste judicial resources and encourage judge-shopping. The Eleventh Circuit has held that "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation" lest he risk giving litigants the power to "exercise a veto over the assignment of judges." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986). Furthermore, "the disqualification of a judge implicates several factors informing the judge's discretion, like judicial time spent, the court's docket, and the potential for manipulation [as] . . . . [j]udicial resources in this country are limited." *Robinson v. Boeing Co.*, 79 F.3d 1053, 1055-56 (11th Cir. 1996). *See also New York City Housing Dev. Corp. v. Hart*, 796 F.2d 976, 981 (7th Cir. 1986) (allowing a party to manipulate the identity of the decision-maker injures the judge who must take over the case and the litigant aggrieved by the substitution); *U.S. v. Talley*, 2007 WL 2208811, at *1 (N.D. Fla. July 27, 2007) (addressing recusal motion and stating the "law . . . does not permit such 'judge-shopping,' and [it] will not be tolerated"); *Glassroth v. Moore*, 229 F. Supp. 2d 1283, 1286 (M.D. Ala. 2002) (addressing recusal motion and stating "judge shopping should not be encouraged") (internal quotations omitted).

Accordingly, courts have repeatedly held that there is as much of an obligation for a judge not to recuse herself when there is no basis for recusal, as there is for a judge to recuse herself when there is. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). *See also Matter of National Union Fire Ins. Co. of Pittsburgh*, 839 F.2d 1226, 1229 (7th Cir. 1988) ("Judges have an obligation to litigants and their colleagues not to remove themselves needlessly"); *Smartt v. U.S.*, 267 F. Supp. 2d 1173, 1177 (M.D. Fla. 2003) ("[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."); *Thomas v. Trustees for Columbia Univ.*, 30 F. Supp. 2d 430, 431 (S.D.N.Y. 1998) ("A judge has an affirmative duty not to disqualify himself unnecessarily. Otherwise, litigants would be encouraged to advance speculative and ethereal arguments for recusal and thus arrogate to themselves a veto power over the assignment of judges.") (citation omitted). In this case, the Court has correctly decided that there is no basis for recusal and, thus, has an affirmative duty not to refer the case for reassignment, and should deny defendants' motion.

### III. Defendants Have Waived Any Right To Seek Recusal Because Their Motion Is Untimely.

Defendants' motion should also be denied because it is untimely. The Eleventh Circuit has held that a party waives the recusal issue if they do not move for recusal "at the first available opportunity" after learning the relevant facts. *Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Florida, Inc.*, 140 F.3d 898, 913 (11th Cir. 1998). *See also Streater v. Woodward*, 7 F. Supp. 2d 1215, 1218 (N.D. Ala. 1998) (denying motion to reconsider recusal decision and holding "where a party elects to file a 455(a) motion, he must do so within a reasonable time after learning the facts which require disqualification."). *Bivens* affirmed a district court's denial of a recusal motion because the movant waited three months until moving to recuse the judge, and then moved only *after* the judge issued an unfavorable ruling. 140 F.3d at 913. The Eleventh Circuit explained: "The recusal provision was intended to be a shield, not a sword. An issue involving recusal cannot be used as an insurance policy to be cashed in if a party's assessment of his litigation risks turns out to be off and a loss occurs." *Id.*

In this case, defendants knew of the relevant facts on or about July 3, 2008, when the Order was entered. Yet defendants did not file their motion for recusal until *more than six months later,* on January 21, 2009, and not until *after* the Magistrate Judge recommended that plaintiffs be awarded approximately half of their requested attorneys' fees and costs, a recommendation to which defendants strenuously object. Accordingly, under *Bivens*, defendants did not file their motion at the first available opportunity to do so and their motion is untimely. Defendants cannot evade the Eleventh Circuit's timeliness rule by stating that they filed an anonymous notice under seal which relates back to July 14, 2008, or suggesting—without any case law support—that the recusal issue became "ripe" only after the R&R was entered. (Defs.' Mot. ¶¶ 4-5.) *Bivens* makes clear that the issue was ripe in July 2008 when defendants first learned the relevant facts, and at that time defendants had an obligation to move within a reasonable time thereafter and not wait for six months to see first how the Magistrate Judge would rule. For these reasons, defendants have waived their right to seek recusal and their motion should be denied.

7

### IV. Defendants' Motion Should Be Denied Because They Failed To Properly Move For Reconsideration And Cannot Meet The Stringent Requirements For Reconsideration.

Since the Order previously held that there are no grounds for recusal under § 455, defendants should have moved for reconsideration. Not only have defendants failed to properly and timely move for reconsideration, they absolutely cannot meet any of the stringent requirements for reconsideration. The Court has held that reconsideration of a previous order "is an extraordinary remedy to be employed sparingly." *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007) (Seitz, J.) (internal quotation marks and citation omitted). Reconsideration "will not be granted absent an intervening change in the law, availability of newly discovered evidence, or to correct clear error or prevent manifest injustice." *Id.*

Defendants do not argue that they meet any of these requirements because they cannot: There has been no intervening change in the law, there is no newly discovered evidence, and, as shown above in Point I, the Court's previous Order was entirely correct. Defendants merely argue that, given facts that were already before the Court at the time of the Order, "[d]efendants respectfully believe . . . the Court should reassign the case to avoid any question regarding its impartiality." (Defs.' Mot. ¶ 9.) This is plainly insufficient under the standard stated above for reconsideration. *See Colomar*, 242 F.R.D. at 684 (stating "mere disagreement with the Court's conclusions is not enough" to warrant reconsideration). For this reason alone, defendants' motion should be denied.

8

## CONCLUSION

For each of the independently dispositive reasons stated above, the Court should deny defendants' request that it recuse itself and refer the case to the Clerk of the Court for reassignment to another Judge.

Dated: February 6, 2009

Respectfully submitted,

BECKER & POLIAKOFF, P.A.

By: /s Gary C. Rosen
    Gary C. Rosen, Esq.
    Florida Bar No. 310107
    3111 Stirling Road
    Ft. Lauderdale, Florida 33312
    (954) 985-4133

Elizabeth S. Westfall
Advancement Project
1730 M Street, NW, Suite 910
Washington, DC 20036
(202) 728-9557

Eric A. Tirschwell
Erin A. Walter
Craig L. Siegel
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Wendy R. Weiser
Renée Paradis
The Brennan Center for Justice
161 Avenue of the Americas, 12th Fl.
New York, New York 10013
(212) 998-6730

*Attorneys for Plaintiffs*