UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-21265-CIV-SEITZ/O'SULLIVAN

LEAGUE OF WOMEN VOTERS OF
FLORIDA, *et al.*,

    Plaintiffs,

v.

KURT S. BROWNING, in his official
capacity as Secretary of State for the State
of Florida, *et al.*,

    Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR REASSIGNMENT FOR DETERMINATION
OF PLAINTIFFS' MOTION FOR FEES AND COSTS**

    Defendants submit this reply to Plaintiffs' Response to Defendants' Motion for Reassignment for Determination of Plaintiffs' Motion for Fees and Costs (Doc. 118).

    In opposing Defendants' Motion for Reassignment, Plaintiffs construct an alternate reality. On July 3, 2008, the Court entered its Notice to Parties and Directions to Clerk of Court, advising the parties of the Court's "longstanding acquaintance" with Anne Betancourt, president of the Miami-Dade County Chapter of the League of Women Voters of Florida. (Doc. 91.) According to Plaintiffs, the Court decided in its Notice that, because there was no ground for automatic recusal under 28 U.S.C. § 455, the Court would *not* reassign this case, but nevertheless *would* needlessly invite the parties to submit sealed objections. Plaintiffs' tale then vaults over a five-month interval and resumes on December 4, 2008, when the Magistrate Judge issued his report and recommendation respecting Plaintiffs' Motion for Fees. Then, Plaintiffs claim, only after issuance of the report did Defendants finally respond to the Court's Notice by filing their Motion for Reassignment and asking the Court to reconsider its decision against recusal.

The story Defendants tell bears little resemblance to facts. In its Notice, the Court found that 28 U.S.C. § 455 did not mandate recusal, but the Court did not issue the Notice and invite sealed objections for sport. Indeed, the direct opposite is true. The Court clearly communicated —albeit by implication—that it *would* reassign the case if either party filed a sealed objection with the Clerk: "If the Court receives no notice from the Clerk or the parties do not elect Magistrate Judge jurisdiction, the Court will continue to preside over the instant matter." (Doc. 91.) And Plaintiffs' account ignores the fact that, on July 11, 2008, Defendants *did* promptly file an objection in accordance with the Court's invitation, and in reliance on the Court's apparent intention to reassign the case if either party so requested. (Doc. 97.) Plaintiffs' suggestion that Defendants sought a reassignment of this case only after issuance of the Magistrate Judge's report and recommendation, is, therefore, wrong. And the suggestion that Defendants' Motion for Reassignment is in reality a disguised motion for reconsideration assumes—incorrectly—that the Court had previously ruled that it would not reassign this case, and that Defendants had not filed a timely objection. Not so. While the Court indicated no basis for mandatory disqualification, it did not foreclose recusal, but in fact expressly conditioned its continued involvement in this case on the non-objection of the parties.

The Court appropriately concluded that it may recuse itself even if the automatic disqualification criteria set forth in 28 U.S.C. § 455 do not apply. *See*, *e.g.*, *Matter of Horton*, 621 F.2d 968, 970 (9th Cir. 1980) ("Whether it is wise for a judge to withdraw from a case when legally sufficient reasons for recusal cannot be presented must be left to the informed discretion of the trial judge.") Plaintiffs argue that a Judge "should not recuse [herself] on unsupported, irrational, or highly tenuous speculation," (Doc. 118 at 6 (quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)), but make no effort to establish the position which their argument implies: that the Court's consideration of recusal in this case was irrational. It was not. Nor was the Court's notice to the parties of its "longstanding acquaintance" with the president of a local chapter of one of the Plaintiff organizations, or its invitation to the parties to file sealed objections to its continued involvement in the case. Given the Court's involvement with Ms. Betancourt and the local chapter while an $800,000 fee petition was pending, the Court's candor and willingness to reassign this case manifests a well-founded concern for appearances of propriety.

**WHEREFORE**, the Defendants respectfully request that this Court enter an order reassigning this matter for further proceedings.

Respectfully submitted this sixteenth day of February, 2009.

/s/ *Allen Winsor*
PETER ANTONACCI
Florida Bar No. 280690
ALLEN C. WINSOR
Florida Bar No. 016295
GRAYROBINSON, P.A.
Post Office Box 11189
Tallahassee, Florida 32302-3189
 Phone:  850-577-9090
 Fax:  850-577-3311
 Email:  pva@gray-robinson.com
   awinsor@gray-robinson.com

*Attorneys for Secretary of State and Director of Division of Elections*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served through the Court's CM/ECF system on all counsel or parties of record on the attached service list this sixteenth day of February, 2009.

/s/ *Allen Winsor*
Allen Winsor

## SERVICE LIST

### CASE NO. 06-21265-CIV-SEITZ/O'SULLIVAN

Gary C. Rosen
Becker & Poliakoff, P.A.
3111 Stirling Road
Fort Lauderdale, FL 33312
  Phone:  (954) 985–4133

Elizabeth S. Westfall
Jennifer Maranzano
Estelle H. Rogers
Advancement Project
1730 M. Street, NW, Suite 910
Washington, DC  20036
  Phone:  (202) 728-9557

Wendy R. Weiser and Renee Paradis
Brennan Center for Justice at
NYU School of Law
161 Avenue of the Americas, 12th Floor
New York, NY 10013
  Phone:  (212) 998–6730

Eric A. Tirschwell
Craig L. Siegel
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
  Phone:  (212) 715–9100