UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21265-CIV-SEITZ/O'SULLIVAN

------------------------------------- x

LEAGUE OF WOMEN VOTERS OF FLORIDA,
PEOPLE ACTING FOR COMMUNITY TOGETHER,
FLORIDA AFL-CIO, AMERICAN FEDERATION OF
STATE AND MUNICIPAL EMPLOYEES, COUNCIL
79 (AFSCME), SEIU FLORIDA HEALTHCARE
UNION, as organizations and as representatives of their
members, and MARILYN WILLS,

                Plaintiffs,

                v.

KURT S. BROWNING, in his official capacity as
Secretary of State for the State of Florida; and
DONALD PALMER, in his official capacity as
Director of the Division of Elections within the
Department of State for the State of Florida,

                Defendants.

------------------------------------- x

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPPOSITION TO DEFENDANTS' MOTION TO STRIKE SUPPLEMENTAL AFFIDAVITS**

      Plaintiffs respectfully submit this memorandum of law in opposition to defendants' Motion to Strike Supplemental Affidavits (DE-119), namely, the Third Supplemental Declaration of Craig L. Siegel (DE-115), and the Supplemental Declaration of Erin A. Walter (DE-116) (together, the "Supplemental Declarations"), both filed on February 2, 2009.

### Preliminary Statement

      This motion to strike is yet another of defendants' wasteful post-judgment submissions that are needlessly driving up the costs of this case and violating the Supreme Court's command that a "request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). Defendants complain that the Supplemental Declarations—which mainly show time spent responding to defendants' submissions—somehow do not comply with Local Rule 7.3. Yet they fail to disclose that the Eleventh Circuit has held such supplemental filings are proper under Local Rule 7.3 and must be considered by the Court. *Villano v. City of Boynton Beach,* 254 F.3d 1302 (11th Cir. 2001).

*Villano* precludes defendants' motion, which is equally as meritless as their recusal motion and refusal to withdraw their objection, after *Common Cause/Georgia v. Billups*, 2009 WL 81326 (11th Cir. Jan. 14, 2009), to the Magistrate Judge's finding that plaintiffs are prevailing parties.[1] Accordingly, the Court should deny defendants' motion to strike and end this litigation by granting plaintiffs' motion for fees and costs, including the reasonable fees detailed in the Supplemental Declarations.

## Statement of Facts

Plaintiffs filed their motion for attorneys' fees and costs on June 20, 2008. (DE-86.) It included attorney declarations detailing time and costs incurred litigating this case through and including May 31, and an expert affidavit. (DE-86-2 to DE-86-9.) The motion requested an evidentiary hearing and "reserve[d] [plaintiffs'] right to supplement their application to seek reimbursement for their time and costs incurred after May 31, 2008." (DE-86 at 20 n.21.) Plaintiffs submitted time records only through the end of May because, at that time, Kramer Levin's billing records for June were not yet complete. (Supplemental Declaration of Craig L. Siegel ¶ 8, dated Feb. 26, 2009.) Plaintiffs intended to submit Kramer Levin's records concerning time spent and costs incurred after May 31 at the requested hearing in order to be efficient and avoid burdening the Court with piecemeal submissions. (DE-103 ¶ 10.) Defendants filed a 23-page memorandum in opposition and several exhibits, and plaintiffs filed a 12-page reply. (DE-92 to DE-92-10; DE-93.)

The Magistrate Judge issued the Report and Recommendation on December 4, 2008 (the "R&R"), without holding an evidentiary hearing. (DE-101.) The R&R concluded, *inter alia*, that plaintiffs should be awarded all of the fees they incurred preparing their fee motion through May 31, but recommended no further fees be awarded for post-judgment litigation since plaintiffs had not supplemented their fee request. (*Id.* at 25.) On December 18, defendants filed 18 pages of objections to the R&R, objecting to every finding and recommendation in plaintiffs' favor and complaining that the recommended reductions to plaintiffs' request did not go far enough. (DE-105.) On the same date, plaintiffs filed a limited

---

[1] In light of *Common Cause/Georgia*, plaintiffs have withdrawn their objection to the Magistrate Judge's finding that appellate fees be denied. (DE-108 at 3 n.2.)

2

seven-page objection, along with two declarations supplementing their fee request and detailing time and costs incurred on post-judgment litigation since June 1. (DE-102 to DE-104.) Plaintiffs and defendants filed responses to each other's objections on January 15, 2009. (DE-108 to DE-109.)

On January 21, 2009, defendants filed a motion to recuse Your Honor, to which plaintiffs filed a response and defendants a reply. (DE-114; DE-118; DE-120.) In addition, on February 2, plaintiffs filed the Supplemental Declarations detailing, *inter alia*, time spent responding to defendants' objections to the R&R. (DE-115 to DE-116.) On February 6, defendants filed this motion to strike the Supplemental Declarations. (DE-119.)

## Argument

### I. DEFENDANTS' MOTION TO STRIKE SHOULD BE DENIED BECAUSE PLAINTIFFS PROPERLY SUBMITTED THE SUPPLEMENTAL DECLARATIONS.

Defendants cite no case law in support of their argument that the Supplemental Declarations should be struck because they were purportedly not filed in accordance with Local Rule 7.3. (DE-119 at 2-3.) This is unsurprising because, as defendants fail to disclose to the Court, the Eleventh Circuit held in *Villano* that under Local Rule 7.3 plaintiffs are allowed to supplement their fee petition to seek reasonable compensation for litigating their right to attorneys' fees—which is precisely what plaintiffs have done here. 254 F.3d at 1309-10.

*Villano* controls this case. The plaintiff in *Villano* submitted several supplements to his fee petition, like the plaintiffs did in this case, which showed additional hours spent litigating his motion for fees and costs. *Id.* at 1309. The Magistrate Judge refused to consider the supplements, interpreting Local Rule 7.3 to bar them as untimely because they were not filed within 30 days of entry of final judgment. *Id.* The Court adopted the Magistrate Judge's report. *Id.* at 1304. The Eleventh Circuit reversed, concluding that the "magistrate judge erred by refusing to consider the supplements", and "direct[ed] the district court to correct that mistake on remand." *Id.* at 1310. It reasoned that the Magistrate Judge's interpretation of the local rule would impermissibly "eviscerate a portion of the statutory entitlement created by [42 U.S.C.] § 1988, namely, the entitlement to compensation for necessary post-judgment advocacy." *Id.* Consequently, it held that a plaintiff may supplement his fee motion up to thirty days after a

3

district court enters an order ruling on fee motion, including an order ruling on a Magistrate Judge's report. *Id.*

*Villano* compels the conclusion that the Supplemental Declarations, which were filed prior to the Court's ruling on the R&R, are proper and timely and should be considered by the Court.[2] It refutes outright defendants' argument that the Supplemental Declarations should be struck because they request fees not stated or estimated in plaintiffs' June 20, 2008 motion (DE-119 at 3), which, of course, is an absurd argument. It was impossible for plaintiffs to predict last June how much time would be required to respond to the R&R and defendants' objections to the R&R, or that they would have to spend additional time, for example, responding to a recusal motion and a motion to strike.[3]

Consistent with *Villano*, district courts in Florida have considered supplemental attorney declarations and affidavits seeking compensation for additional time spent litigating a motion for attorneys' fees. *See, e.g., United Student Aid Funds, Inc. v. Gary's Grading & Landscaping*, 2008 WL 5539825, at *6, 8 (M.D. Fla. Sept. 22, 2008); *Small v. Absolute Collection Serv., Inc.*, 2006 WL 6183287, at *1-3 (S.D. Fla. Mar. 23, 2006); *Gonzalez v. J.C. Penny Corp., Inc.*, 2006 WL 4390889, at *2 n.2, 4-5 (S.D. Fla. Apr. 10, 2006), *aff'd*, 209 Fed. Appx. 867 (11th Cir. 2006); *Florida Gas Transmission Co. v. 9.854 Acre Natural Gas Transmission Pipeline Easement*, 2000 WL 33712491, at *3 (S.D. Fla. Aug. 25, 2000). The Supplemental Declarations are substantially similar to those filed in the cases cited above, and similarly should be taken into consideration by the Court. *Compare* Third Supplemental Declaration of Craig L. Siegel (DE-115), *with* Supplemental Declaration of Donald A.

---

[2] *Cf. Grayden v. City of Orlando*, 171 Fed. Appx. 284, 285-86 (11th Cir. 2006) (affirming denial of attorneys' fees where plaintiff failed to supplement original motion for fees and instead filed second motion seeking fees for litigating original motion) (unpublished per curiam decision); *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1244-45 (11th Cir. 2003) (holding "district court abused its discretion—as a matter of law—when it deducted *all* the time" counsel spent litigating the fee motion, including time submitted in "three supplemental filings") (per curiam).

[3] In addition, it was reasonable and consistent with the law in this Circuit for plaintiffs to have intended to submit records showing additional time spent litigating the fee motion after May 31 at the requested evidentiary hearing. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 433, 435 (11th Cir. 1999) (stating plaintiffs seeking attorneys' fees award should have "supplement[ed] the record—either through additional affidavits or by requesting an evidentiary hearing" to respond to defendants' objection). Accordingly, defendants' criticism of plaintiffs' original intention to do this should be rejected as unwarranted. (DE-119 at 2.)

Yarbrough (filed in *Small*, 2006 WL 6183287) (attached as Exs. A & B to the affidavit of Amelia Martella, dated February 26, 2009 ("Martella Aff.")).[4]

For these reasons, plaintiffs have properly submitted the Supplemental Declarations and defendants' motion to strike should be denied.

## II. PLAINTIFFS ARE ENTITLED TO THE REASONABLE FEES WHICH ARE DETAILED IN THE SUPPLEMENTAL DECLARATIONS.

Defendants' accusation that plaintiffs "continue to heap tens of thousands of dollars upon their original [fee] request" is a classic case of the pot calling the kettle black. (DE-119 at 1.) It ignores that approximately 80% of the time (44.2 of the 55.3 hours) for which plaintiffs seek reimbursement in the Supplemental Declarations is time plaintiffs were forced to spend responding to defendants' objections to the R&R and recusal motion. (DE-115 at 5; DE-116 at 5.)[5] The remaining time (11.1 hours) was spent drafting objections to the R&R. (*Id.*) These hours are reasonable and should be reimbursed. *See City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986) (plurality opinion) (affirming attorneys' fee award and stating "[t]he government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response") (citation omitted).

As a threshold matter, defendants do not dispute, because they cannot, that plaintiffs are entitled to recover reasonable fees and costs for litigating their entitlement to a fee award. *See Villano*, 254 F.3d at 1309. Nor do they dispute that the Supplemental Declarations describe in detail the number of hours plaintiffs' counsel expended, the bases for those hours, and the hourly rate charged. The Supplemental Declarations specifically show approximately 11 additional hours spent researching and writing a seven-page objection to the R&R and declarations; approximately 43 hours spent researching and writing a 17-page response to

---

[4] Plaintiffs filed an expert affidavit in support of their motion and defendants cannot be heard to complain that the Supplemental Declarations are not supported by an additional expert affidavit. Defendants cite no case law requiring an additional expert affidavit, and neither *Villano* nor any of the district court cases cited above requires such an affidavit. Moreover, the Court may decide the reasonableness of plaintiffs' supplemental requests without the aid of expert testimony. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). Nevertheless, plaintiffs will submit an additional expert affidavit if instructed to do so by the Court.

[5] Later in their motion, defendants concede that the 55.3 hours were "primarily to respond to Defendants' objections to the recommendation of the Magistrate Judge." (DE-119 at 4.)

5

defendants' 18-page objection to the R&R; and an initial approximately one hour spent deciding a response to defendants' recusal motion. (DE-115 at 5; DE-116 at 5.) These hours, which plaintiffs' counsel reduced as appropriate in the exercise of ordinary billing judgment (DE-115 ¶¶ 2, 4; DE-116 ¶¶ 2-3), are not "extravagant" and are adequately supported by detailed time records and proportionate to the work described above and in the Supplemental Declarations. (DE-119 at 3.)

Defendants broadly attack the reasonableness of the fees requested in the Supplemental Declarations without contesting specific hours, but for two *de minimis* exceptions addressed below. The Court should reject defendants' general objections as insufficient and award plaintiffs fees for all of the hours to which defendants have not made a specific objection. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996) ("[T]he law in this circuit commands that both the proof of the hours spent in litigation and any corresponding objections posed be voiced with a similar exactitude."); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1320-21 (M.D. Fla. 2001) ("[A] fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal.").

In addition, defendants generally argue that plaintiffs' requested fees are unreasonable compared to the fees awarded in *CBS Broadcasting, Inc. v. Browning*, 2007 WL 2850527, at *11 (S.D. Fla. Sept. 21, 2007) (awarding all of the fees plaintiffs requested for preparing their fee motion). (DE-119 at 4.) Although *CBS Broadcasting* is relevant with respect to the reasonable billing rates that should be awarded in this case (as plaintiffs have shown (DE-86 at 13-14; DE-102 at 3-4; DE-108 at 15)), it is irrelevant to the reasonableness of the hours spent litigating this fee motion. The time that has been necessarily incurred to litigate this fee motion is not comparable to the time incurred for the same purpose in *CBS Broadcasting* because different litigations necessitate different work. For example, the Florida Secretary of State, who was a defendant in *CBS Broadcasting* too, did not file an objection to the R&R and plaintiffs did not have to respond to a motion by the Secretary to recuse the judge, among other things. 2007 WL 2850527, at *1; (Martella Aff., Ex. C) (Civil Docket, *CBS Broadcasting*, No. 06-22463-CIV). As the Court stated in *CBS Broadcasting*, "motions for attorney's fees are fact intensive" and involve "tailoring the motion for each specific case to the facts of that case." 2007 WL 2850527, at *11. This statement applies with equal force here and defendants' argument should be rejected.

6

Next, defendants launch two specific attacks on a small number of hours detailed in the Supplemental Declarations. First, they object to "a portion of a seven hour block" of time attorney Erin Walter spent on January 15, 2009 "Researching Common Cause v. Billups case (decided 1/14/09) to add to Response [to defendants' objections to the R&R]. Drafting and Editing entire Response to objections. File Response." (DE-119 at 4 n.1 (quoting DE-116 at 5)). They argue this time was spent "researching and withdrawing a baseless fee request" (DE-119 at 4 n.1), presumably referring to plaintiffs' decision to withdraw their objection to the Magistrate Judge's finding that appellate fees be denied, in light of *Common Cause/Georgia*. (DE-108 at 3 n.2.) Defendants' argument is disingenuous because the time entry states it encompasses drafting and editing plaintiffs' "entire Response", and plaintiffs' withdrawal of their appellate fee request took up but a tiny footnote in their response. (*Id.*) By comparison, their reliance on *Common Cause/Georgia* for its support of the R&R's conclusion that plaintiffs are prevailing parties for winning a preliminary injunction is central to plaintiffs' 17-page response and thoroughly discussed and frequently cited therein. (*Id.* at 2-3, 6-8, 11-12.)

Second, defendants describe as unreasonable "an unspecified amount of time in a 5.4 hour block" Ms. Walter spent calculating the deadline for responding to defendants' objections to the R&R,[6] and then .5 hours she spent "researching SDFla legal holidays", recalculating the deadline, and communicating with co-counsel and opposing counsel. (DE-116 at 5.) Plaintiffs respectfully submit that it is not unreasonable to take time to properly calculate such deadlines in order to comply with the Court's rules, and the time Ms. Walter took for these tasks was minimal and not unreasonable.

Finally, the Court should reject defendants' general complaints about plaintiffs' fee requests detailed in their December 18, 2008 declarations. (DE-103; DE-104.) The December 18 declarations are not at issue on this motion and, as we show above, general objections to hours spent in litigation are an insufficient basis for denying a fee award. *See Duckworth*, 97 F.3d at 1397. Furthermore, defendants specifically object only to 1.4 hours

---

[6] Despite defendants' apparent attempt to mischaracterize the time Ms. Walter spent calculating the deadline for responding to defendants' objections by quoting only a portion of her time entry, that 5.4 hour block of time was reasonably spent as follows: "Drafting and editing objections to R&R. Editing Siegel and Weiner declarations. Comm w/ team re: comments and edits. Distribute filed Objections to cocounsel. Calculating time to respond to defendants objections. Distribute Defendant's Objections." (DE-116 at 5.)

7

attorney Craig Siegel spent "review[ing] and analyz[ing] . . . time records" and "correspondence" and "exercsiz[ing] [sic] billing judgment". (DE-103 at 8.) Defendants' objection should be rejected because it fails to recognize that it is incumbent upon a party seeking attorneys' fees to exercise billing judgment, *see Dillard v. City of Greensboro*, 213 F.3d 1347, 1353-54 (11th Cir. 2000), and reasonable time spent "preparing the affidavits" and "assembling the supporting documentation" for a fee motion is properly reimbursable. *CBS Broadcasting*, 2007 WL 2850527, at *11.

For these reasons, plaintiffs are entitled to the reasonable fees and costs which are detailed in the Supplemental Declarations and plaintiffs' other supplemental declarations.[7]

## Conclusion

For each of the reasons stated above, the Court should deny defendants' motion to strike plaintiffs' supplemental declarations, and grant plaintiffs' motion for fees and costs, including the reasonable fees detailed in the Supplemental Declarations.

Dated: February 26, 2009

---

[7] Plaintiffs file with this memorandum supplemental declarations from attorneys Craig Siegel and Erin Walter, which request reimbursement of an additional 52.5 hours reasonably spent responding to defendants' recusal motion and this motion to strike. Defendants cannot reasonably respond that the time detailed therein does not reflect "necessary post-judgment advocacy" that is properly reimbursable. *Villano*, 254 F.3d at 1310. *See also City of Riverside*, 477 U.S. at 580 n.11.

Respectfully submitted,

BECKER & POLIAKOFF, P.A.

By: /s Gary C. Rosen
    Gary C. Rosen, Esq.
    Florida Bar No. 310107
    3111 Stirling Road
    Ft. Lauderdale, Florida 33312
    (954) 985-4133

Elizabeth S. Westfall
Advancement Project
1730 M Street, NW, Suite 910
Washington, DC 20036
(202) 728-9557

Eric A. Tirschwell
Erin A. Walter
Craig L. Siegel
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Wendy R. Weiser
Renée Paradis
The Brennan Center for Justice
161 Avenue of the Americas, 12th Fl.
New York, New York 10013
(212) 998-6730

*Attorneys for Plaintiffs*