UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-21265-CIV-SEITZ/O'SULLIVAN

LEAGUE OF WOMEN VOTERS OF
FLORIDA, *et al.*,

    Plaintiffs,

v.

KURT S. BROWNING, in his official
capacity as Secretary of State for the State
of Florida, and DONALD L. PALMER,
in his official capacity as Director of the
Division of Elections within the Florida
Department of State,

    Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STRIKE SUPPLEMENTAL AFFIDAVITS**

    Defendants Kurt S. Browning, in his official capacity as Secretary of State for the State of Florida, and Donald Palmer, in his official capacity as Director of the Division of Elections, submit this reply to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Strike Supplemental Affidavits (the "Response") (Doc. 123).

    Plaintiffs' Response ignores the nub of the problem. As Defendants' Motion pointed out, Local Rule 7.3(A) requires a motion for attorney's fees to "state the amount or provide a fair estimate of the amount sought." (Doc. 119 at 2.) Federal Rule of Civil Procedure 54(d)(2)(B) likewise requires a motion for fees to "state the amount sought or provide a fair estimate of it." Thus, to the extent the amount of fees sought is not exactly known—as, for example, when a party intends to recover fees incurred in the pursuit of fees—the Federal and Local Rules require the initial fee petition to contain a fair estimate. Plaintiffs' supplemental affidavits do not relate to any prior estimate, and therefore subvert the policy of the Federal and Local Rules.

# 161216 v1

An estimate of the amount sought serves several important purposes. It allows an expert to opine on the reasonableness of the request, as required by Local Rule. It affords notice and an opportunity to respond—a dictate of fundamental fairness, if not due process—to adverse parties to oppose the request in the regular course. And it enables the Magistrate Judge to evaluate the estimate, pending future supplementation. The advisory committee notes to Rule 54 state that:

> The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case. <u>What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)</u>.

(emphasis added.) Plaintiffs' fee petition did not contain an estimate of the fees expected to be incurred in the prosecution of their fee request. (Doc. 86.) As a consequence, the supplemental affidavits submitted by Plaintiffs evaded scrutiny by an expert witness, by Defendants in their response to Plaintiffs' motion for fees (Doc. 92), and by the Magistrate Judge (Doc. 101).

To date, Plaintiffs have sought $82,370 in supplemental amounts for which their initial motion offered *no* estimate:

| DOCKET NUMBER | HOURS | AMOUNT |
|---|---|---|
| 103 | 80.8 | $32,320 |
| 104 | 23.1 | $6,930 |
| 115 | 27.7 | $11,080 |
| 116 | 27.6 | $11,040 |
| 124 | 25.3 | $10,120 |
| 125 | 27.2 | $10,880 |
| **TOTAL** | **211.7** | **$82,370** |

The purpose and proper use of supplemental affidavits is to crystallize prior estimates, not to establish an entitlement to immense and never-before estimated amounts. Because such periodic submissions subvert the policy of the Federal and Local Rules, the Court should strike them.

Plaintiffs cite *Villano v. City of Boynton Beach*, 254 F.3d 1302 (11th Cir. 2001), for the uncontroversial position that prevailing parties are entitled to recover fees incurred in seeking fees, and that the amount of such additional fees may be established by supplemental affidavits.

True enough. But *Villano* does not hold, or even suggest, that parties may submit supplemental affidavits in disregard of the requirement of a prior estimate. On the contrary, the Eleventh Circuit has held that courts may require a "reasonable estimate of the time and effort expected." *Grayden v. City of Orlando*, 171 Fed. Appx. 284, 286 (11th Cir. 2006); *cf. Kendrick v. Broad. Media Group LLC*, No. 2:02CV1034-N, 2006 WL 2709846, at *2 n.2 (M.D. Ala. Sept. 20, 2006) (refusing to strike supplemental affidavits submitted ten days after motion for fees was filed, because the motion for fees contained an estimate of the amount sought).

Finally, Plaintiffs argue that because Defendants did not itemize all of their objections to the reasonableness of the hours claimed, the Court must recognize their reasonableness. (Doc. 123 at 6.) This position is inaccurate. "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id*. Plaintiffs' position would immunize from judicial scrutiny any across-the-board inflation of hours that does not lend itself to line-by-line analysis. Precedent does not support, and the Court should reject, this position.[1]

**WHEREFORE**, Defendants respectfully request that the Court strike the supplemental affidavits submitted by Plaintiffs' counsel in support of their Motion for an Award of Attorneys' Fees and Costs (Doc. 86).

Respectfully submitted this ninth day of March, 2009.

/s/ *Allen Winsor*
PETER ANTONACCI
Florida Bar No. 280690
ALLEN C. WINSOR

---

[1] Plaintiffs also critique Defendants' characterization of certain time entries. Plaintiffs argue that, because Ms. Walter spent only part—and not all—of a seven-hour block of time researching and withdrawing counsel's request for appellate fees, Defendants' representation that Ms. Walter spent a "portion" of that time performing that task is "disingenuous." (Doc. 123 at 7.) Obviously, Defendants' characterization was clear and accurate and not at all disingenuous. Similarly, Plaintiffs label as an "apparent attempt to mischaracterize" Defendants' representation that Ms. Walter spent 0.5 hours researching filing deadlines, because, although she did exactly that, her time entry for that day itemizes other tasks as well. (*Id*. at 7 n.6.) If this was an attempt to mischaracterize, it was far less "apparent" than Plaintiffs claim.

              Florida Bar No. 016295
              GRAYROBINSON, P.A.
              Post Office Box 11189
              Tallahassee, Florida  32302-3189
               Phone:  (850) 577-9090
               Fax:  (850) 577-3311
               Email:  pva@gray-robinson.com
                   awinsor@gray-robinson.com

*Attorneys for Secretary of State and Director of Division of Elections*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served through the Court's CM/ECF system on all counsel or parties of record on the attached service list this ninth day of March, 2009.

/s/ *Allen Winsor*
Allen Winsor

## SERVICE LIST

### CASE NO. 06-21265-CIV-SEITZ/O'SULLIVAN

Gary C. Rosen
Becker & Poliakoff, P.A.
3111 Stirling Road
Fort Lauderdale, FL 33312
 Phone:  (954) 985–4133

Elizabeth S. Westfall
Jennifer Maranzano
Estelle H. Rogers
Advancement Project
1730 M. Street, NW, Suite 910
Washington, DC  20036
 Phone:  (202) 728-9557

Wendy R. Weiser and Renee Paradis
Brennan Center for Justice at
NYU School of Law
161 Avenue of the Americas, 12th Floor
New York, NY 10013
 Phone:  (212) 998–6730

Eric A. Tirschwell
Craig L. Siegel
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
 Phone:  (212) 715–9100