UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21265-HUCK/O'SULLIVAN

LEAGUE OF WOMEN VOTERS OF
FLORIDA, PEOPLE ACTING FOR
COMMUNITY TOGETHER, FLORIDA AFL-
CIO, AMERICAN FEDERATION OF STATE
AND MUNICIPAL EMPLOYEES, COUNCIL
79 (AFSCME), SEIU FLORIDA
HEALTHCARE UNION, as organization and
representatives of their members, and
MARILYN WILLS
    Plaintiffs,

vs.

KURT S. BROWNING, in his official capacity
as Secretary of State for the State of Florida;
and DONALD PALMER, in his official
capacity as Director of the Division of
Elections within the Department of State for
the State of Florida
    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' VERIFIED MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

This matter is before the Court upon Plaintiff's Verified Motion for an Award of Attorneys' Fees and Costs filed on June 20, 2008 [D.E. #86] (the "Motion"). This matter was referred to Magistrate Judge John O'Sullivan by the Honorable Patricia A. Seitz[1] for his report and recommendation pursuant to 28 U.S.C. § 636(b). On December 4, 2008, Magistrate Judge O'Sullivan issued his Report and Recommendation ("Report") in which he recommended that the Motion be granted in part and denied in part. Both Plaintiffs and Defendants have filed written objections to the Report and responses to the other sides' objection. The Court has reviewed the Motion and related documents, the Report, the parties' objections to the Report, their responses to the objections and the pertinent portion of the record. After doing so, the Court rules as follows.

---

[1] The Motion was just recently transferred to the undersigned because Judge Seitz recused herself on March 6, 2009.

The Court finds that Magistrate Judge O'Sullivan has thoroughly, carefully and appropriately reviewed the facts and legal issues related to the Motion in arriving at his recommendations contained in the Report. After its review of the record, the Court adopts the findings of fact and conclusions of law set forth in the Report with the following exceptions:

### I. Reasonable Hourly Rate

The Report finds that the Plaintiffs' requested hourly rates are unreasonably high and recommends that they be reduced by twenty percent as reflected at pages 17-18 of the Report. While the Court agrees that the requested hourly rates are excessive and require reduction, the Court finds that the rates should be reduced individually as to each attorney as follows:

| Attorney | Requested Hourly Rate | Recommended Rate | Approved Rate |
| --- | --- | --- | --- |
| Eric Tirschwell | $550 | $440 | $400 |
| Craig Siegel | $400 | $320 | $300 |
| Erin Walter | $400 | $320 | $300 |
| Wendy Weiser | $400 | $320 | $300 |
| Elizabeth Westfall | $400 | $320 | $300 |
| Renee Paradis | $300 | $240 | $200 |
| Amy Weiner | $300 | $240 | $200 |

### II. Post-May 31, 2008 Work

The Report recommends that Plaintiffs' attorneys' work post-May 31, 2008 should be excluded because Plaintiffs failed to supplement their fee request to include the additional work. The Court finds that the Plaintiffs should be permitted to seek additional fees and costs for the post-May 31, 2008 work by filing a <u>new</u> motion. That motion, if filed, will then be resolved on its merits, including a determination of whether it is time-barred.

### III. Travel Time

The Court finds that the travel time of attorneys Siegel (14.5 hours), Westfall (8.8 hours), and Weiser (15.8 hours) incurred in travelling to Miami for court hearings should be subtracted from the reasonable hours expended. While Plaintiffs are entitled to choose their attorneys, including out-of-state attorneys, Defendants should not bear the additional expense of their travelling to Miami for hearings. Therefore, the total attorneys' fee award is reduced by $11,730.00 (39.1 hours multiplied by the approved hourly rate of $300 for each of those attorneys).

IV.  **Travel Expenses**

Similarly, the Court finds that the travel expenses incurred by Plaintiffs' attorneys as a result of their travelling to Miami should be eliminated, rather than reduced as recommended by the Report. Thus, an additional $9,776.51 should be deducted from the recommended costs.  Therefore, the total costs awarded will be $26,339.99 ($36,116.50 minus $9,776.51).

In arriving at its finding of facts and conclusions of law, the Court agrees with the Report in that there appears to have been an over-staffing by Plaintiffs and excessive duplication of effort.  This is reflected in the examples of: (1) the recording of 1,130.4 adjusted hours of attorney time related to the preliminary injunction, which equals almost twenty-eight weeks of full time work at forty hours per week and (2) 133.2 adjusted hours, or three and a half weeks of full time work, related to preparation of the complaint.  While somewhat extensive and complicated, the complaint doesn't seem to justify that amount of time, particularly for attorneys with their expressed expertise.  Thus, the Court agrees that the recommended thirty-percent reduction in hours is appropriate.

Accordingly, the Court ADOPTS the Report's finding of facts and conclusions of law, except for the few exceptions noted above.  Therefore, the Motion is GRANTED IN PART and DENIED IN PART.  The Plaintiffs are awarded **$315,219.00** in attorney's fees and **$26,339.99** in costs, for a total award of **$341,558.99**.

DONE AND ORDERED in Chambers, Miami, Florida, this March 16, 2009.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record