UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21265-CIV-HUCK/O'SULLIVAN

------------------------------------- x

LEAGUE OF WOMEN VOTERS OF FLORIDA,
PEOPLE ACTING FOR COMMUNITY TOGETHER,
FLORIDA AFL-CIO, AMERICAN FEDERATION OF
STATE AND MUNICIPAL EMPLOYEES, COUNCIL
79 (AFSCME), SEIU FLORIDA HEALTHCARE
UNION, as organizations and as representatives of their
members, and MARILYN WILLS,

      Plaintiffs,

    v.

KURT S. BROWNING, in his official capacity as
Secretary of State for the State of Florida; and
DONALD PALMER, in his official capacity as
Director of the Division of Elections within the
Department of State for the State of Florida,

      Defendants.

------------------------------------- x

**PLAINTIFFS' SUPPLEMENTAL VERIFIED MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS INCURRED AFTER MAY 31, 2008, AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiffs respectfully move the Court pursuant to 42 U.S.C. § 1988 for an award of attorneys' fees and costs incurred in litigating their Verified Motion for An Award of Attorneys' Fees and Costs and Incorporated Memorandum of Law and Request for Hearing, filed June 20, 2008 (the "Initial Fee Motion"), and state:

    After commencing this action almost three years ago, plaintiffs achieved a significant victory when the Court held in a groundbreaking decision that plaintiffs' collection and submission of voter registration forms constitutes speech and association protected by the First Amendment and preliminarily enjoined Florida's third-party voter registration law. *League of Women Voters of Florida v. Cobb*, 447 F. Supp. 2d 1314, 1341 (S.D. Fla. 2006). As prevailing parties entitled to an award of their reasonable attorneys' fees and costs, plaintiffs timely submitted the Initial Fee Motion on June 20, 2008. (DE-86.) The Initial Fee Motion

requested reimbursement for fees and costs incurred in litigating this case, a portion of which this Court awarded to plaintiffs by Order dated March 16, 2009. (DE-129 (the "Fee Award").)

As the Court noted in its Fee Award, plaintiffs are entitled to reimbursement for the remaining portion of their fees and costs reasonably incurred in post-judgment litigation of the Initial Fee Motion ("fees for fees"). (*Id.* at 2.) In the Initial Fee Motion, plaintiffs requested reimbursement of fees for fees incurred through May 31, 2008 because as of June 20, counsel's time records were finalized only through May 31. On advice of plaintiffs' expert witness as to common practice in the Southern District of Florida for litigating fee motions, plaintiffs reserved their right to supplement their fee request with additional submissions in support of the time and costs spent litigating the Initial Fee Motion after May 31, 2008, and intended to submit evidence of that time and costs at a requested hearing on the Initial Fee Motion. Plaintiffs intended also to submit additional evidence of any reasonable time spent in post-judgment litigation after the requested hearing, including for objecting to the Magistrate Judge's Report and Recommendation (the "R&R") if necessary and responding to any objections by defendants.

Since May 31, 2008, plaintiffs have incurred necessary and reasonable fees and costs for, among other things:

- completing the Initial Fee Motion, including the 20-page memorandum of law in support and the 11-page reply memorandum of law in support and 9 supporting declarations with exhibits;

- preparing a 7-page limited objection to the R&R;

- preparing a 17-page response to defendants' significant objections to the R&R, including defendants' baseless objection regarding plaintiffs' prevailing party status;

- preparing the instant motion; and

- preparing declarations in support of the request for fees for fees.[1]

On June 20, 2008, plaintiffs could not have reasonably estimated the time it would take to respond to defendants' memorandum opposing the Initial Fee Motion, object to the

---

[1] In addition, plaintiffs' counsel have incurred time and costs responding to defendants' motions to recuse Judge Seitz and strike plaintiffs' supplemental declarations. (DE-118; DE-123.) Plaintiffs' counsel does not seek reimbursement for these expenses.

2

R&R (if necessary), and respond to defendants' objections to the R&R (if any) before seeing those documents. Accordingly, plaintiffs acted reasonably and in conformity with local practice and Eleventh Circuit precedent by timely presenting for the Court's review, before the Court ruled on the R&R, their supplemental requests for reimbursement of the fees for fees. As directed by the Court, plaintiffs now resubmit their supplemental fee requests in this Verified Supplemental Motion for Fees and Costs Incurred after May 31, 2008 and Incorporated Memorandum of Law (the "Supplemental Fee Motion"), and respectfully request that the Court grant the motion and award to plaintiffs their reasonable fees and costs incurred in the amount of $62,260 in fees and $1,117.03 in costs.

## Statement of Facts

Plaintiffs timely filed their Initial Fee Motion on June 20, 2008. (DE-86.) In conformity with Local Rule 7.3(A), the motion included the amount sought, attorney declarations detailing time and costs incurred in litigating this case and litigating the Initial Fee Motion through May 31, and an expert affidavit. (DE-86-2 to DE-86-9.) The motion requested an evidentiary hearing and "reserve[d] [plaintiffs'] right to supplement their application to seek reimbursement for their time and costs incurred after May 31, 2008." (DE-86 at 20 n.21.) Plaintiffs submitted time records only through the end of May because, at that time, Kramer Levin's billing records for June were not yet complete. (Supplemental Declaration of Craig L. Siegel, dated Apr. 15, 2009 ("Siegel Decl.") ¶ 8.) Plaintiffs intended to submit Kramer Levin's records concerning time spent and costs incurred after May 31, and up until the requested hearing, at the hearing in order to be efficient and avoid burdening the Court with piecemeal submissions. (*Id.*) Plaintiffs' expert on local practice in the Southern District of Florida with regard to fee motions advised plaintiffs to wait until a hearing on fees to introduce records for time incurred after May 31. (*Id.*; Declaration of James K. Green, dated Apr. 15, 2009 ("Green Decl.") ¶ 10; Supplemental Declaration of Craig L. Siegel, dated Dec. 18, 2008 (DE-103) ¶ 10.) Defendants filed a 23-page memorandum opposing plaintiffs' fee request, along with several exhibits, and plaintiffs filed a 12-page reply. (DE-92 to DE-92-10; DE-93.)

The Magistrate Judge issued the R&R on December 4, 2008, without holding an evidentiary hearing. (DE-101.) The R&R concluded, *inter alia*, that plaintiffs should be awarded all of the fees they incurred preparing their fee motion through May 31, but

3

KL3 2709649.7

recommended no further fees be awarded for post-judgment litigation because plaintiffs had not yet supplemented their fee request. (*Id.* at 25.) On December 18, plaintiffs filed a limited seven-page objection, including an objection to the Magistrate Judge's recommendation that no further fees for fees be awarded based on plaintiffs' failure to supplement their fee request, and two declarations supplementing their fee request and detailing time and costs incurred on post-judgment litigation since May 31. (DE-102 to DE-104.) On the same date, defendants filed 18 pages of objections to the R&R, objecting to every finding and recommendation in plaintiffs' favor and complaining that the recommended reductions did not go far enough. (DE-105.) Plaintiffs and defendants filed responses to each other's objections on January 15, 2009. (DE-108 to DE-109.)

On January 21, 2009, defendants filed a motion to recuse Judge Seitz, to which plaintiffs filed a response and defendants a reply. (DE-114; DE-118; DE-120.) Judge Seitz entered an order recusing herself on March 6, 2009. (DE-128.) On February 2, plaintiffs filed supplemental declarations detailing, *inter alia*, time spent responding to defendants' objections to the R&R. (DE-115 to DE-116.) On February 6, defendants filed a motion to strike plaintiffs' supplemental declarations. (DE-119.) Plaintiffs responded to that motion on February 26, 2009, and included further supplemental declarations. (DE-123 to DE-126.) Defendants replied on March 9, 2009. (DE-127.)

On March 16, 2009, the Court adopted the Magistrate Judge's R&R and granted plaintiffs' verified motion for attorneys' fees and costs, with certain exceptions. (DE-129.) Notably, the Court found that "[p]laintiffs should be permitted to seek additional fees and costs for post-May 31, 2008 work by filing a new motion." (*Id.* at 2.) Thereafter, on March 25, 2009, the Court issued an order granting defendants' motion to strike plaintiffs' supplemental affidavits, repeating that supplemental requests for fees for fees should be addressed by filing a new motion regarding post-May 31, 2008 fees and costs. (DE-130.)

## Argument

### I. PLAINTIFFS ARE ENTITLED TO REIMBURSEMENT FOR FEES AND COSTS REASONABLY INCURRED LITIGATING THE INITIAL FEE MOTION.

This Court correctly held that plaintiffs are prevailing parties in this litigation entitled to an award of fees and costs, including fees and costs incurred in litigating the Initial

Fee Motion. (DE-129 at 2.) Time reasonably spent preparing a motion for fees and costs, as well as engaging in other post-judgment advocacy, may be included in any fee award under § 1988. *Thompson v. Pharm. Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003); *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1309 (11th Cir. 2001).

Plaintiffs seek a total of $62,260 in fees and $1,117.03 in costs incurred after May 31, 2008, for a total of $63,377.03. This figure was determined in accordance with the lodestar by multiplying the number of hours reasonably expended by the reasonable hourly rate already awarded by this Court. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "There is a strong presumption that the lodestar figure is a 'reasonable fee.'" *Silva v. Miller*, 547 F. Supp. 2d 1299, 1305 & n.10 (S.D. Fla. 2008).

### A. The Hourly Rate Sought For Each Attorney Is Reasonable.

The rates sought are those determined to be reasonable by the Court in its order granting plaintiffs' Initial Fee Motion:[2]

| Attorney | Requested Rate |
| --- | --- |
| Craig Siegel, Tenth-year Associate | $300 |
| Erin Walter, Tenth-year Associate | $300 |
| Amy Weiner, Associate | $200 |
| Amelia Martella, Associate | $200 |

### B. Plaintiffs' Counsel Requests Reimbursement For A Reasonable Number of Hours Spent Since May 31, 2008.

Plaintiffs seek compensation for 227 attorney hours reasonably spent litigating this case since May 31, 2008.[3] The attorney hours may be generally and approximately broken

---

[2] Amelia Martella's time was not part of the Court's Fee Award; however, Ms. Martella is the same class year as Amy Weiner and her time should be compensable at the same $200/hour rate the Court determined to be reasonable for second-year associates. (DE-129 at 2).

[3] In the exercise of billing judgment, plaintiffs have substantially reduced the number of hours actually spent litigating the fees issues by a total of 545.9 hours.

5

down according to the following stages of post-judgment litigation: 44.5 hours spent between June 1, 2008, and June 20, 2008, completing the original motion for fees and accompanying declarations; 55.6 hours researching and writing plaintiffs' reply brief and accompanying declaration; 14.2 hours researching and writing objections to the R&R and two supplemental declarations; 43.1 hours researching and writing a response to defendants' objections to the R&R; and 69.6 hours preparing the instant motion and accompanying declarations.[4]

In considering whether the amount of time spent by plaintiffs' attorneys was reasonable, counsel's sworn testimony that they actually expended the time for which compensation is sought is given considerable weight. *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). Here, plaintiffs have submitted attorney declarations attesting to the number of hours actually spent, as reduced in the exercise of billing-judgment.

The standard for determining whether time was "reasonably" spent is not a rule of perfect hindsight; rather, it asks "whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990). All of the hours claimed were reasonably spent on work that was necessarily expended in pursuit of success on the Initial Fee Motion and this Supplemental Fee Motion and should be fully compensable. The time records and the attorney declarations describing the work performed show that the time spent preparing the Initial Fee Motion between June 1 and June 20, 2008, when the motion was filed; replying to defendants' opposition to the Initial Fee Motion; preparing objections to the R&R and responding to defendants' objections; and preparing the Supplemental Fee Motion, was reasonable. There was no unreasonable duplication or unnecessary work performed.[5]

---

[4] Although plaintiffs believe that an estimate of future hours is not required by Rule 7.3(A), plaintiffs have nevertheless attempted to estimate the time it will take to reply to defendants' opposition to this motion. Depending upon various factors – including whether defendants oppose this motion, defendants again raise the now-foreclosed argument that plaintiffs are not prevailing parties entitled to fees for fees, and other as yet unknown scenarios – plaintiffs estimate that the time required to respond to defendants' opposition could be between 10 and 50 hours. Plaintiffs are not requesting a hearing on this motion and therefore do not attempt to estimate the time they believe would be spent preparing for and conducting a hearing.

[5] Notably, plaintiffs' spent only 14 hours preparing their very limited objections to the R&R, accepting many of Magistrate Judge O'Sullivan's recommendations, even where the Judge recommended significant reductions in the hours sought. In stark contrast, defendants objected

(Green Decl. ¶ 5; Siegel Decl.; Supplemental Declaration of Erin Walter, dated Apr. 15, 2009 ("Walter Decl."); Supplemental Declaration of Amy Weiner, dated Apr. 15, 2009 ("Weiner Decl."); Supplemental Declaration of Amelia Martella, dated Apr. 15, 2009 ("Martella Decl.")).

### C. Plaintiffs Are Entitled to Their Reasonable Costs.

The Court should award a prevailing party complete recovery of their reasonable costs, applying a liberal standard of reasonableness. *Dowdell v. Apopka*, 698 F.2d 1181, 1991 (11th Cir. 1983). Plaintiffs respectfully request reimbursement of $1,117.03 in costs for necessary Westlaw legal research conducted in preparing the Initial Fee Motion, which research is fully described in the time records and attorney declarations. (Siegel Decl. ¶ 7 and Ex. B; Weiner Decl. ¶ 6.) Plaintiffs' request for costs is reasonable and should be granted because it is a relatively minimal cost for all of the Westlaw legal research conducted after May 31, 2008, and does not reflect all of Kramer Levin's out-of-pocket disbursements to Westlaw for these research costs. (Siegel Decl. ¶ 7.)

## II. Plaintiffs' Supplemental Fee Motion Is Timely.

Plaintiffs' Supplemental Fee Motion is timely under Federal Rule of Civil Procedure 54(d), Southern District of Florida Local Rule 7.3(A), and controlling Eleventh Circuit precedent. Local Rule 7.3(A) provides that a party has thirty days from final judgment or other appealable order to file a motion for attorneys' fees.

In *Villano*, the Eleventh Circuit held that under Southern District of Florida Local Rule 7.3(A), prevailing plaintiffs have 30 days from the date that the district court rules on an initial fee motion to submit supplements to the original petition to request fees and costs incurred in post-judgment litigation of the initial fee motion. *Villano*, 254 F.3d at 1309-10 ("[W]e interpret the rule to allow supplements to be filed within 30 days after the entry of a post-

---

to every single legal and factual conclusion of Magistrate Judge O'Sullivan, including those that were favorable to defendants. Moreover, defendants continued to challenge plaintiffs' prevailing party status based on specious arguments and despite the Eleventh Circuit's ruling in *Common Cause/Georgia v. Billups*, 554 F.3d 1340 (11th Cir. 2009), and otherwise unreasonably protracted this litigation over fees. As a result, plaintiffs' counsel was forced to research and write comprehensive responses to each of defendants' many objections.

judgment order ruling on a post-judgment motion."); *see also Miller v. Relationserve, Inc.*, 2006 U.S. Dist. LEXIS 87139, at *8 (S.D. Fla. Dec. 1, 2006) (30-day clock for attorneys' fees motion under Local Rule 7.3(A) begins running from the date the court adopts the magistrate judge's report and recommendation); *Fla. Mun. Liab. Self Insurer's Program v. Mead Reinsurance Corp.*, 1993 U.S. Dist. LEXIS 7501, at *5 (S.D. Fla. May 24, 1993) ("The language 'other final dispositive order' is best viewed as referring to trial court orders that give rise to fee liability.").

The prevailing plaintiff in *Villano*, as here, filed his initial fee motion under Local Rule 7.3(A), *Villano*, 254 F.3d at 1309, and did not include an estimate of any amount he expected to incur in litigating that motion or any other post-trial motions. (Martella Decl. Exs. B (attaching copy of initial fee motion filed in *Villano*), C (attaching copy of amended fee motion filed in *Villano*)). "Based on the hours spent working on post trial motions and the litigation of fees and costs issues, [plaintiff] submitted several supplements to his original petition." 254 F.3d at 1309. The supplements consisted of a list of additional hours spent, but did not include any explanation of the work done or why the time was reasonably spent. (*See, e.g.*, Martella Decl. Exs. D-E (attaching copies of supplemental fee and costs requests filed in *Villano*.)) The magistrate judge refused to consider the supplemental fee requests, concluding that they were untimely because they were filed more than 30 days after final judgment in the case. The district court adopted the report and recommendation. 254 F.3d at 1309-10. The Eleventh Circuit reversed and remanded, holding:

> [T]he magistrate judge erred by refusing to consider the supplements to the § 1988 award. We direct the district court to correct that mistake on remand. Post-judgment litigation continued until the district court entered the order adopting the magistrate judge's Report and Recommendation on February 12, 1999. To the extent that the motions to supplement relate to work performed during this stage of the litigation, they are timely as late as thirty days after the February 12 order . . . . [T]he supplements to the original fee petition must be considered for the first time.

*Id.*

As in *Villano*, plaintiffs in this case timely filed their Initial Fee Motion and included an amount sought. In addition, plaintiffs in this case expressly notified the Court and defendants that they would supplement their fee request with additional time incurred after May 31, 2008, as they are entitled to do under Local Rule 7.3(A) and *Villano*. Plaintiffs then submitted supplemental requests for fees for post-judgment litigation along with attorney

8

declarations providing detailed support for those requests, all before the district court considered and ruled on the R&R and the parties' objections to the R&R, and therefore well before the 30-day time period announced in *Villano*. This Court noted in its order on defendants' motion to strike that plaintiffs here filed the supplemental declarations after the R&R was issued, whereas the *Villano* plaintiff filed some supplemental hours before the magistrate judge issued a report and recommendation. (DE 130 at 1.) The fact that the plaintiff in *Villano* submitted supplemental requests for fees and costs to the magistrate judge, however, had no bearing on the *Villano* court's determination. The court held that the supplements were timely because they were filed within 30 days of the *district court's adoption* of the report and recommendation and, thus, the *district court* was obligated to consider the supplements in the first instance on remand. 254 F.3d at 1310. Accordingly, a district court has authority to grant a request for fees for fees, regardless of whether such request is initially submitted to a magistrate judge. This Court had jurisdiction to consider the requested fees in this case when plaintiffs first filed their supplemental requests, and the Court maintains jurisdiction to and should now consider the supplemental requests.

In distinguishing this case from *Villano*, this Court also noted that plaintiffs did not provide a "prior estimate" of the future fees and costs they might incur at the time they filed the Initial Fee Motion on June 20, 2008, "as required by Local Rule 7.3(A)." As shown above, *Villano* did not hold that Local Rule 7.3(A) requires an estimate of projected costs; indeed, it held that the district court was required to consider supplemental fee requests in a case where the plaintiff never estimated his projected costs. *Id*; (Martella Decl. Exs. B-C). Moreover, an estimate of *future* fees is clearly not required by Local Rule 7.3(A). Rather, the rule requires only an estimate of *past* fees *if* a movant does not state the exact amount of fees sought. This conclusion is supported both by *Villano* and Local Rule 7.3, which requires, among other things, that a fee motion "must state the amount *or* provide a fair estimate of the amount sought," must "describe in detail the number of hours reasonably *expended*, the bases for those hours, the hourly rate(s) *charged*, and the identity of the timekeeper(s)," and "shall be accompanied by certification that counsel has fully reviewed the time records and supporting data and that the motion is well grounded in fact and justified." L.R. 7.3(A) (emphasis added). Counsel cannot state with particularity the amount of fees sought, describe hours expended and rates charged, or certify that they have fully reviewed their records *before* they incur any time. *See, e.g., In re*

9

*Brickell Inv. Corp.*, 1997 U.S. Dist. LEXIS 23028 (S.D. Fla. June 11, 1997) (Rep. & Rec. of Johnson, Mag. J.) (finding that application for supplemental fees and costs incurred in post-judgment litigation was timely under Local Rule 7.3, even though filed two years after judgment, because Rule 7.3 does not apply to *supplemental* applications for attorneys' fees and costs).

It was impossible for plaintiffs to predict last June how much time would be required to respond to defendants' brief, the R&R, and defendants' exhaustive objections to the R&R, or to predict that they would have to spend additional time responding to a recusal motion and a motion to strike. More importantly, it was reasonable and consistent with the law of this Circuit and district for plaintiffs to have intended to submit records showing additional time spent litigating the fee motion after May 31 at the requested evidentiary hearing, without having made a prior guess as to what that additional time might be. *See Villano*, 254 F.3d at 1304; Martella Decl. Exs. B-E (no prior estimate of fees for fees and supplemental requests for fees submitted after submission of briefs in preparation for evidentiary hearing); *see also ACLU of Ga. v. Barnes*, 168 F.3d 423, 433, 435 (11th Cir. 1999) (plaintiffs seeking attorneys' fees award should have "supplement[ed] the record—either through additional affidavits or by requesting an evidentiary hearing" to respond to defendants' objection).

*Brickell* is instructive here. In *Brickell*, debtors prevailed in a suit involving property seized by the Internal Revenue Service and were granted an award of attorneys' fees and costs. Two years later, the debtors filed a supplemental application to recover the fees and costs incurred since filing their original motion for fees and costs. *Id.* at *6. The I.R.S. argued that the application was untimely under Local Rule 7.3(A). The magistrate judge found the I.R.S.'s argument to be "logically untenable," reasoning:

> Simply put, this argument is completely devoid of merit as it demands a patently absurd interpretation of Local Rule 7.3 . . . . To say that this rule applies to supplemental applications for attorneys fees and costs, as opposed to applying solely to initial applications, would be to say that supplemental applications for any fees or costs incurred after thirty days of the entry of final judgment are disallowed. Under such an interpretation of Local Rule 7.3, a prevailing party would have to be able to prognosticate fees for time and costs not yet incurred and for unidentified matters which have not yet revealed a prevailing party.

*Id.* at *6-7; *accord Bernback v. Greco*, 2005 U.S. Dist. LEXIS 42327, at *3 (M.D. Pa. June 30, 2005) (rejecting defendant's argument that plaintiffs' motion for fees incurred in post-judgment

10

advocacy, including three motions initiated by defendants, was untimely under Rule 54(d)(2)(B) because "[p]laintiff is not required to give a fair estimate of unforeseen future involvement"); *Gonzalez v. Bratton*, 247 F. Supp. 2d 432 (S.D.N.Y. 2003) (plaintiff's application for supplemental attorneys' fees was timely under Rule 54(d) even though filed over a year late because "the original application, which covered almost 95 percent of [plaintiff's] claimed legal fees and costs, was timely made and ruled upon . . . [and] what [plaintiff] seeks is a *supplemental* award of legal fees and costs for services performed after the original application was already under consideration by the Court").

*Grayden v. City of Orlando*, 171 Fed. Appx. 284 (11th Cir. 2006) (per curiam; not for publication), does not hold otherwise, and *Grayden* is readily distinguishable from this case. In *Grayden*, the court relied on a different local rule and practice from a different district to hold that it was not an abuse of discretion to deny supplemental fees where (1) plaintiffs did not follow the local practice of "supplement[ing the initial motion] with the hours spent working on the litigation of the fees" or estimating the time and effort expected; (2) the magistrate judge "reminded" plaintiffs in the report and recommendation that they did not specify the amount of fees for fees sought (and therefore they would not be awarded those fees); and (3) plaintiffs neither objected to the magistrate judge's denial of fees for fees, nor attempted to supplement the original motion before the district court ruled on the report and recommendation. *Id.* at 285-86. Indeed, the magistrate judge in *Grayden* denied the supplemental fee motion as untimely not because plaintiffs failed to estimate projected costs, but because the plaintiffs failed to take *any* opportunity to supplement their fee petition "prior to the final adjudication of the attorneys' fees issues." (Martella Decl. Ex. F (copy of Rep. & Rec. of Baker, Mag. J., in *Grayden*, dated July 11, 2005) at 2-3.) They did not do so at the "lengthy evidentiary hearing," following the evidentiary hearing, in their objections to the report and recommendation, or by a motion to amend the district court's order adopting the report. (*Id.* at 2.) Unlike in *Grayden*, plaintiffs here (1) followed local practice; (2) objected when the magistrate judge recommended denying fees for fees because plaintiffs had not yet specified the fees for fees sought; and (3) supplemented the original motion with their requests and detailed support *before* the district court ruled on the R&R. Nevertheless, *Villano* controls here and not *Grayden* because *Grayden* is not binding precedent, 11th Cir. R. 36-2; *see also* 11th Cir. R. 36-3 ("The court generally does not cite to its 'unpublished' opinions because they are not binding precedent."), and it cannot overrule the

11

prior panel's ruling in *Villano*. *United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir.1998) (en banc).

This Court ruled on plaintiffs' Initial Fee Motion on March 16, 2009, adopting the R&R with some exceptions. (DE-129.) Although plaintiffs already had timely submitted their supplemental requests for fees for fees, the Court indicated that plaintiffs should resubmit such requests as part of a motion for supplemental fees. (*Id.* at 2.) The Supplemental Fee Motion, which relates to work performed during the post-judgment litigation of the Initial Fee Motion, has been filed within 30 days of that order and therefore is timely.

In any event, the court has discretion to award a fee request regardless of timeliness or content and "may consider the unique facts of the case when deciding whether to do so." *Morris v. Ariz. Beverage Co., L.L.C.*, 2005 U.S. Dist. LEXIS 45292, at *28 (S.D. Fla. Feb. 9, 2005) (citing *Quick v. Peoples Bank of Cullman County*, 993 F.2d 793, 798-99 (11th Cir. 1993)); *DeShiro v. Branch*, 183 F.R.D. 281, 284-85 (M.D. Fla. 1998) (overlooking defendant's "flagrant omission" of "any amount or any estimate thereof" in its *initial* motion for attorneys' fees because of the Eleventh Circuit's "strong policy of resolving issues on the merits, rather than on procedural technicalities") (citation omitted). In this case, plaintiffs acted in good faith and followed local rules and practice in providing the Court and defendants with ample, detailed support for their timely fee applications, and plaintiffs' Initial Fee Motion fully complied with the requirements of Local Rule 7.3. Advised by local Florida counsel, plaintiffs followed a reasonable and common course of action in supplementing their fee request with supporting affidavits and time records in plenty of time to give defendants notice and to allow the Court to consider them. Plaintiffs' actions are materially indistinguishable from those approved by the Eleventh Circuit in *Villano* and are distinguishable from those in *Grayden*. Accordingly, the Court should consider plaintiffs' supplemental fee request and award plaintiffs their reasonable fees and costs incurred in litigating the Initial Fee Motion and the Supplemental Fee Motion.

## Conclusion

For each of the reasons stated above, the Court should grant plaintiffs' supplemental verified motion for reasonable fees and costs in the amount of $63,377.03.

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: April 15, 2009

Respectfully submitted,

BECKER & POLIAKOFF, P.A.

By: /s Gary C. Rosen
Gary C. Rosen, Esq.
Florida Bar No. 310107
3111 Stirling Road
Ft. Lauderdale, Florida 33312
(954) 985-4133

Elizabeth S. Westfall
Advancement Project
1730 M Street, NW, Suite 910
Washington, DC 20036
(202) 728-9557

Eric A. Tirschwell
Erin A. Walter
Craig L. Siegel
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Wendy R. Weiser
Renée Paradis
The Brennan Center for Justice
161 Avenue of the Americas, 12th Fl.
New York, New York 10013
(212) 998-6730

*Attorneys for Plaintiffs*

KL3 2709649.7